UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X

WILHELMSEN PREMIER MARINE FUELS AS

               Plaintiff,

      against

UBS PROVEDORES PTY LTD. AND
RAECORP INTERNATIONAL PTY LTD.,

             Defendants
―――――――――――――――――――――――――――X

07 Civ. 5798 (CM)

**DECLARATION OF
WILLIAM RAE**

William Rae, hereby declares, under penalty of perjury, that:

1.      I am the managing director of UBS Provedores Pty Ltd. ("UBS") and Raecorp. International Pty Ltd. ("Raecorp") and am fully familiar with the facts and circumstances surrounding the dispute presently before this Court.  I submit this declaration in support of UBS' and Raecorp's motion to vacate the Rule B attachment against UBS and Raecorp property in this district.

2.      UBS is a company organized under the laws of Australia, with a place of business in Morningside, QLD, Australia.  UBS is in the business of provisioning military entities with various supplies.

3.      On September 21, 2006, UBS entered into a marine fuel oil requirements contract with the U.S.  Defense Energy Support Center ("US Navy") to provide marine fuel oil, also known in the trade as "bunkers," to various U.S. military and federal civilian vessels at various ports throughout Asia ("DESC Contract").

4.      Because UBS did not have any contacts with physical suppliers of marine fuel oil in the

ports where the military vessels were expected to call, UBS contracted with Wilhelmsen, a well known bunker broker, to assist it meet its marine fuel oil requirements under the DESC Contract. UBS communicated with Wilhelmsen through Wilhelmsen's offices in Norway and Singapore.

5.      UBS relied on Wilhelmsen for introductions to physical suppliers in the ports in which UBS was obligated to provide marine fuel oil to the Navy.  Also, since UBS was a stranger to these physical suppliers and, therefore, unable to purchase the marine fuel oil directly from them on credit, UBS relied on Wilhelmsen to extend credit terms to it.

6.      Wilhelmsen's extension of credit to UBS was accomplished by means of a simultaneous purchase and sale from the physical supplier to Wilhelmsen and from Wilhelmsen to UBS. Wilhelmsen never obtained physical possession of the product.  Instead, delivery of the product was performed by the physical supplier directly to the vessels of UBS' customer.  Wilhelmsen extended credit terms to UBS under the terms of the UBS/Wilhelmsen contract and the physical supplier extended Wilhelmsen credit under the terms of Wilhelmsen's contract with the physical supplier.

7.      UBS and Wilhelmsen operated pursuant to this arrangement from roughly October, 2006 through April, 2007.  A dispute arose between UBS and Wilhelmsen over invoices Wilhelmsen submitted to UBS for the sale of marine fuel oil delivered to US navy vessels in the port of Sasebo, Japan ("Disputed Invoices").   Sumitomo Corp. was the physical supplier of the marine fuel out of which the dispute arose.  Sumitomo delivered the marine fuel oil to the US Navy vessels in Sasebo.  The dispute arises out of  Wilhelmsen's failure to adequately document its invoices submitted to UBS.  Because of the inadequate documentation, the US Navy has refused to pay UBS.  UBS, in turn, cannot pay Wilhelmsen.

8.      Neither UBS nor Raecorp. maintain bank accounts in New York.  The wire transfers that were attached by Wilhelmsen were not sent to New York bank accounts.

Pursuant to 28 United States Code §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Morningside, QLD, Australia, on September 13, 2007

_____
William Rae