William J. Honan
Michael J. Frevola
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILHELMSEN PREMIER MARINE FUELS AS,<br><br>Plaintiff,<br><br>-against-<br><br>UBS PROVEDORES PTY LTD. a/k/a<br>USS-UBS INTERNATIONAL and<br>RAECORP INTERNATIONAL PTY LTD.,<br><br>Defendants. | 07 Civ. 5798 (CM)<br><br>AFFIDAVIT OF<br>MICHAEL J. FREVOLA IN<br>SUPPORT OF PLAINTIFF'S<br>OPPOSITION TO DEFENDANTS'<br>MOTION TO VACATE<br><u>MARITIME ATTACHMENT</u> |

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

1.  I am a member of the law firm Holland & Knight LLP, attorneys for Plaintiff Wilhelmsen Premier Marine Fuels AS ("Wilhelmsen"), and I am fully familiar with the facts in this case.

2.  This Affidavit is made in support of Wilhelmsen's opposition to the Defendants' application to vacate this Court's Order of Attachment issued in this proceeding. The statements made in this affidavit are based upon my personal knowledge.

3. In Defendants' memorandum in support of its motion to vacate the order of attachment, and in the supporting affirmation of UBS's Mr. Bill Rae, UBS has claimed that it has not been fully paid by the U.S. government for the bunkering services that were provided to U.S. vessels by Wilhelmsen. UBS contends that it has not been fully paid because Wilhelmsen has not provided UBS supporting documentation so that it can substantiate its claims to the U.S. government.

4. UBS has been reciting this same position for a number of months. I was advised in July 2007 by Wilhelmsen and my instructing lawyers in Norway that UBS was claiming that it had not been paid by the U.S. government on the Wilhelmsen bunkerings. I asked a colleague in my firm's Northern Virginia office to contact the Defense Energy Support Center ("DESC") because he previously had been employed by DESC. On July 31, my colleague reported that DESC advised him that UBS had been paid for each of the vessels bunkered by Wilhelmsen. On August 1, my colleague provided me with his point of contact at DESC, Ms. Jessica Madon at the DESC Legal Office, so that I could pursue follow up questions directly.

5. On August 2, I called Jessica Madon to confirm that the U.S. government had paid UBS in full on all of the outstanding Wilhelmsen bunkering claims. Ms. Madon had not realized that the Wilhelmsen claims were related to 10 separate bunkering operations, so I forwarded her a list so that she could check on each individual bunkering to determine whether UBS had been paid. A true copy of my e-mail to Ms. Madon dated August 2 is annexed as Exhibit 1.

6. On August 3, Ms. Madon called me and confirmed that the U.S. government had paid UBS for all ten of the vessel bunkerings performed by Wilhelmsen on which UBS had not paid Wilhelmsen.

7.   After UBS once again told Wilhelmsen that it was not being paid by the government for Wilhelmsen bunkerings, I once again contacted Ms. Madon to confirm that UBS had been paid for the 10 outstanding Wilhelmsen bunkerings. She responded by voice-mail, stating that (a) the contracting officer had confirmed that none of the payments to UBS on Wilhelmsen-supplied bunkers were delayed by UBS/government disputes; and (b) that UBS was paid within 30 days of having submitted its invoices to the government for payment.

8.   On Monday, September 17, I called DESC to determine whether I could get a copy of the UBS/DESC contract. Ms. Madon and a colleague advised that they could only possibly produce a redacted version (redacting proprietary information) and they would look into it. They further directed me to the DESC website, desc.dla.mil, where a copy of the U.S. government's bid solicitation for bunkers suppliers was located. Once on that page, clicking on "Vendor Resources" gives a menu where the top item on the list is entitled "Solicitations." Opening "Solicitations" gives another list of topics, on which list the "Ship Propulsion Fuels" link should be opened. Once in "Ship Propulsion Fuels," the next item to be found is near the bottom of the page underneath "AIRCARD/SEACARD Solicitation" – it is a line entitled "Solicitations." Opening that link presents a page where the Overseas Bunkers ("O'seas Bunkers") solicitation is listed at the top of the items available.

9.   The Overseas Bunkers Solicitation Number given on the DESC website is SP0600-06-R-0218. Opening that link provides the actual solicitation used by the government to obtain UBS's bid to provide bunker services. A copy of the U.S. government Overseas Bunker Solicitation downloaded from the DESC website (including pertinent amendments and attachments) is annexed as Exhibit 2.

10. The actual UBS/DESC contract has a solicitation number of SP0600-06-R-0218. I have annexed as Exhibit 3 a true copy of the cover page of the UBS/DESC contract (the only page that Wilhelmsen possesses), which shows the solicitation number in Block 5 at the top right of the page. Thus, the Overseas Bunker Solicitation is the contract on which UBS bid to obtain its government contract.

11. Reviewing the solicitation reveals that the bidder is notified multiple times that its bid must incorporate all expenses into its bid in order to provide the government with a flat FOB bid rate for the bunkering services:

> **SHIPS' BUNKERS.** Unless otherwise stated, the supplies shall be furnished *f.o.b. destination* as ships' bunkers into various types and sizes of U.S. military and federal civilian vessels for immediate consumption by the vessel. ***Unit prices are for product delivered inclusive of all delivery charges.***

Exhibit 2, Page 2 of 76 (emphasis supplied).

> **NOTE:** ***Offer prices must be "as delivered." Prices should include all delivery costs***, applicable taxes (except those to be listed separately on invoices), and any other charges, ***given in US dollars per Metric Ton***.

Exhibit 2, Page 8 of 76 (emphasis supplied).

> **F.O.B. DESTINATION (NOV 1991)**
> (a) The term "*f.o.b. destination*," as used in this clause, means –
>     (1) ***Free of expense to the Government, on board the carrier's conveyance, at a specified delivery point [here, the nominated vessels]*** . . . .
>                     \*   \*   \*
> (b) ***The Contractor shall –***
>                     \*   \*   \*
>     (6) ***Pay and bear all charges to the specified point of delivery.***

Exhibit 2, Page 58 of 76 (emphasis supplied).

12. UBS has contended that its property was not attached in New York and that this Court should not assert jurisdiction over UBS. I have annexed as Exhibit 4 a true copy of the transcript of the scheduling conference held before the Court on September 7, 2007 for purposes of referring to it in responding to UBS's contentions.

WHEREFORE, it is respectfully requested that this Court deny the Defendants' motion to vacate the Order of Attachment issued in this proceeding, and grant such other and further relief to the Plaintiff as may be appropriate.

                                                                          _____
                                                                          Michael J. Frevola

Sworn to before me this
20th day of September, 2007

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 4807446_v1

5