BETANCOURT, VAN HEMMEN, GRECO & KENYON
Counsel for Defendants UBS Provedores and
Raecorp International
46 Trinity Place,
New York, NY 10006
(212) 297-0050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––––––––––X

WILHELMSEN PREMIER MARINE FUELS AS

        07 Civ. 5798 (CM)

    Plaintiff,

  against

UBS PROVEDORES PTY LTD. AND
RAECORP INTERNATIONAL PTY LTD.,

    Defendants
––––––––––––––––––––––––––––––––––––––––X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THIS COURT'S SEPTEMBER 28, 2007 DECISION AND ORDER , PURSUANT TO FED. R. CIV. P. 52(b)**

**Preliminary Statement**

Defendants seek an amendment to the Court's September 28, 2007 Decision and Order Denying Defendants' Motion to Vacate the Attachments ("Decision") to address an ambiguity that arises out of certain statements set forth in the Decision's "Background" section. While the statements do not appear relevant to the Court's analysis, the fact of their inclusion in the Background Section creates the basis for an argument that they are findings of fact binding on the parties going forward. Given that the statements are irrelevant to the Court's Decision, but go directly to the merits of the underlying dispute, Defendants respectfully request that they be stricken from the Decision. In the alternative, Defendants request the addition of a statement in the Decision

specifically stating that the paragraph is not a binding finding of fact.

## ARGUMENT

Rule 52 of the Federal Rules of Civil Procedure provides in pertinent part:

> "(b) Amendment. On Party's motion filed no later than 10 days after entry of judgment, the Court may amend its findings - or make additional findings - and may amend the judgment accordingly."

Defendants move herein pursuant to Rule 52(b) for an amendment to address an ambiguity that arguably arises out of one of the Court's statements on page 3 of its Decision, wherein the Court wrote:

> "There is nothing in the record to support UBS' assertion that it had not been paid. To the contrary, documentation from both DESC and Military Sealift Command indicate that UBS has been paid in full for the Wilhelmsen bunkerings. See id., ¶ 5 - 7; Borge Aff., ¶ 13 & Ex. 7." Decision, page 3.

This statement goes directly to the heart of the underlying dispute. The merits of the underlying dispute, however, were not relevant to the legal issues pending before the Court as a result of Defendants' motion to vacate the attachment. At oral argument, the Court stated,"I don't care about that dispute, I'm really not interested in it, it has nothing to do with me. I'm trying to tell you I'm not paying any attention to that." September 24, 2007 Hearing Transcript, p. 17, l. 15 - 17, attached as Exhibit 3 to the Van Hemmen Certification in Support (hereinafter "Van Hemmen Cert.). Nevertheless, that statement in the "Background" section of the Decision arguably creates the impression that the Court found, as a matter of fact, that UBS had received full payment from the U.S. Navy of its invoices related to the Wilhelmsen bunkerings in Sasebo, Japan.

Moreover, the Decision's description of the state of the record on this issue is inaccurate. There was evidence in the record indicating UBS had not been paid by the Navy. William Rae, the director of UBS, a party to this action, affirmed under oath that "[b]ecause of the inadequate documentation [of Wilhemsen's invoices submitted to UBS], the U.S. Navy has refused to pay UBS." See the Rae Certification in Support of Defendants' Motion to Vacate ¶ 7, attached as Exhibit 1 to the Van Hemmen Cert. The documentation from DESC and Military Sealift Command was unsworn hearsay from third parties not before this Court. See the Borge affidavit and exhibits thereto, attached as Exhibit 2 to the Van Hemmen Cert. It was not properly considered for the truth of the matter asserted. The weight of the evidence properly before the Court, therefore, indicated UBS was not paid by the U.S. Navy.

Accordingly, Defendants respectfully request that the second full paragraph on Page 3 of the Decision be stricken. In the alternative, Defendants request the addition of a statement in the Decision specifying that the paragraph is not a binding finding of fact.

## CONCLUSION

For the foregoing reasons, UBS and Raecorp respectfully request this Court to grant its motion, pursuant to Fed. R. Civ. Pro. 52(b) to 1) strike the second full paragraph on page 3 of the Court's September 28, 2007 Decision and Order denying Defendants' motion to vacate the attachments; or, in the alternative, to 2) add a sentence to the Decision and Order stating that the statements contained the second full paragraph on page 3 of the Court's September 27, 2007 Decision and Order were not findings of fact with binding effect on the parties going forward.

Dated: Red Bank, NJ
      October 8, 2007

Betancourt, Van Hemmen, Greco & Kenyon
Attorneys for UBS Provedores Pty Ltd and
Raecorp International Pty Ltd

By_____/s/_____
Jeanne-Marie Van Hemmen(JV 6414)
46 Trinity Place
New York, NY 10006
(212) 297-0050