UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILHELMSEN PREMIER MARINE FUELS AS

                                            07 Civ. 5798 (CM)

        Plaintiff,

   against

UBS PROVEDORES PTY LTD. AND        **ATTORNEY CERTIFICATION**
RAECORP INTERNATIONAL PTY LTD.,     **OF JEANNE-MARIE**
                                   **VAN HEMMEN IN OPPOSITION**
                                   **TO PLAINTIFF'S MOTION**
        Defendants          **TO VACATE THE DISMISSAL ORDER**
_____X

Jeanne-Marie Van Hemmen, hereby certifies, under penalty of perjury, that:

1.      I am a partner at the law firm Betancourt, Van Hemmen, Greco & Kenyon, which represents

Defendants UBS Provedores Pty. Ltd. and Raecorp. International Pty. Ltd. ( collectively, "UBS")

in the captioned matter.  I am responsible for the handling of this file and am, therefore, fully familiar

with the facts and circumstances before this Court.  I submit this certification in support of UBS'

opposition to Plaintiff's Motion to Vacate this Court's January 14, 2008 Dismissal Order.

2.      Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement and Release

entered into between the parties on or about October 22, 2007.

3.      It is UBS' position that the terms of the Settlement Agreement and Release govern the issue

currently before the Court and that what was said during negotiations of the Settlement Agreement

are irrelevant.  However, due to the detailed affidavit of Mr. Frevola attesting to facts surrounding

those negotiations, I am compelled to respond to the extent my recollection of those facts differ:

        •     Negotiations of the Settlement Agreement occurred between Tuesday, October 16,

               2007 and Monday, October 22, 2007.

• I disagree with Mr. Frevola's characterization of UBS' reason for striking the proposed provision that the Settlement Agreement would be rendered null and void if Wilhelmsen did not receive the Initial Payment by a specified time. My concern was that UBS had no control over the Initial Payment and should not be penalized by the banks' failure to make it. I have no recollection of my raising the possibility that the funds could be attached by another creditor. I do recollect that was a concern of Mr. Frevola who raised the possibility on numerous occasions and indicated it was one of Wilhelmsen's motivating factors in reaching a settlement with UBS. At the time of these negotiations, I was unaware of the Australian Bunkering attachment.

• Citibank did not release the $44,000 attachment to Betancourt, Van Hemmen, Greco & Kenyon's attorney trust account.

4.    A review of the Settlement Agreement establishes that the provision of correspondence related to UBS' U.S. Government Claims is not a condition precedent of WIlhelmsen's dismissal of the case with prejudice, which they are required to do three days after receipt of the Second Payment. Notwithstanding that, today I forwarded to counsel for Wilhelmsen correspondence between UBS and the U.S. Government concerning the UBS' U.S. Government Claim.

5.    I was wholly unaware of Wilhelmsen's objections to entry of the Order of Dismissal when I submitted it to the Court.

Pursuant to 28 United States Code §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Red Bank, NJ on February 1, 2008.

_____/s/_____
Jeanne-Marie Van Hemmen (JV 6414)