## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement & General Release (hereinafter the "Agreement") is entered into on this ___ day of October, 2007, by the following parties:

Wilhelmsen Premier Marine Fuels AS ("Wilhemsen"), a business entity organized and existing under the laws of the Kingdom of Norway with a principal place of business at Strandveien 20, Lysaker, Norway;

UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS"), a business entity organized and existing under the laws of Australia, with a principal place of business at Unit 2, 50 Borthwick Avenue, Murarrie, QLD 4172, Australia; and

Raecorp International Pty Ltd. ("Raecorp"), a business entity organized and existing under the laws of Australia, with a principal place of business at Unit 2, 50 Borthwick Avenue, Murarrie, QLD 4172, Australia.

Wilhelmsen, UBS and Raecorp may hereinafter be collectively referred to as the Parties or individually as the Party.

## W I T N E S S E T H

WHEREAS, Wilhelmsen and UBS entered into bunker nomination agreements for Willhelmsen to bunker (or make arrangements to bunker) vessels at UBS's request as listed in the annexed Exhibit 1 (the "2007 Bunkering Agreements");

WHEREAS, UBS has submitted a claim to the U.S. government under its contract with the Defense Energy Support Center in the amount of THREE MILLION ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTY THREE DOLLARS AND FIFTY-EIGHT CENTS ($3,180,853.58), relating to amounts invoiced pursuant to invoice number 10039 and concerning the bunkerings reflected in Exhibit 1, which claim presently is under review by the U.S. government (the "Government Claims");

WHEREAS, certain disputes arose between Wilhelmsen and UBS with respect to the 2007 Bunkering Agreements which the Parties desire to settle;

WHEREAS, on or about June 19, 2007, Wilhelmsen commenced an action in the Southern District of New York, *Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd. a/k/a UBS-USS International*, 07 Civ. 5798 (CM) (the "SDNY Action"), and amended the complaint to include claims against Raecorp as the alleged alter ego of UBS, and pursuant to a writ of attachment and garnishment various funds were seized pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules"), in the amount of ONE MILLION ONE HUNDRED EIGHT

THOUSAND FIVE HUNDRED FORTY-FOUR DOLLARS AND FIFTY CENTS ($1,108,544.50) attached in the following amounts (the "Attached Funds"):

(1) TWO HUNDRED TEN THOUSAND SEVEN HUNDRED NINETY-FIVE DOLLARS AND NINETY-FOUR CENTS ($210,795.94);

(2) TWO HUNDRED EIGHTY-NINE THOUSAND THREE HUNDRED SEVENTY-EIGHT DOLLARS AND THIRTY CENTS ($289,378.30);

(3) TWO HUNDRED SEVENTY-FIVE THOUSAND THREE HUNDRED NINETY-NINE DOLLARS AND EIGHTY-SIX CENTS ($275,399.86);

(4) SIXTY-EIGHT THOUSAND EIGHT HUNDRED SIXTY-FIVE DOLLARS AND TWELVE CENTS ($68,865.12);

(5) SIXTY-EIGHT THOUSAND EIGHT HUNDRED SIXTY-FIVE DOLLARS AND TWELVE CENTS ($68,865.12);

(6) TWENTY-NINE THOUSAND SIX HUNDRED TEN DOLLARS AND THIRTY-SEVEN CENTS ($29,610.37);

(7) SIXTY-EIGHT THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS AND TWELVE CENTS ($68,885.12);

(8) THREE HUNDRED DOLLARS AND ZERO CENTS ($300.00);

(9) TWO THOUSAND SIX HUNDRED NINETEEN DOLLARS AND SIXTY-SEVEN CENTS ($2,619.67);

(10) TWO HUNDRED DOLLARS AND ZERO CENTS ($200.00); and

(11) NINETY-THREE THOUSAND SIX HUNDRED TWENTY-FIVE DOLLARS AND ZERO CENTS ($93,625.00).

WHEREAS, on or about August 21, 2007, Wilhelmsen issued a Creditor's Statutory Demand for Payment of Debt under the Australian Corporations Act 2001 regarding Wilhelmsen's claims under the 2007 Bunkering Agreements listed in Exhibit 1 (the "Australian Demand");

WHEREAS, on or about October 4, 2007, Wilhelmsen served a demand for arbitration of its claims under the 2007 Bunkering Agreements listed in Exhibit 1 before the London Court of International Arbitration (the "London Arbitration"); and

Collectively, the SDNY Action, the Australian Demand, and the London Arbitration will be referred to hereinafter as the "Litigation."

NOW, THEREFORE, for good and valuable consideration set forth in this Agreement, the sufficiency of which is hereby mutually acknowledged, consisting of the Parties' respective covenants and promises, as set forth herein, the Parties hereby agree as follows:

1.      No later than October 19, 2007, Wilhelmsen and UBS will submit in the SDNY Action an agreed consent order in the form annexed as Exhibit 2 (the "Consent Order"), which Consent Order will direct the payment of the Attached Funds to Wilhelmsen in accordance with the provisions therein. The payment of the Attached Funds to Wilhelmsen will be referred to herein as the "Initial Payment."

2.      Within one (1) business day of Wilhelmsen having received the Initial Payment, Wilhelmsen will serve upon all banks and/or other entities having been served with Process of Maritime Attachment and Garnishment in the SDNY Action the "Cease and Desist" letter annexed as Exhibit 3. After serving this "Cease and Desist" letter, Wilhelmsen will not re-commence service of Process of Maritime Attachment and Garnishment in this proceeding, within 60 days from service of the Cease and Desist letter on all banks or other entities. If at any time prior to the passage of 60 days, Wilhelmsen receives notice or becomes aware of any other funds or property that have been attached or otherwise seized in connection with the Litigation, within one (1) business day of such notice Wilhelmsen shall cause to be filed an application for the release of such funds or property.

3.      In addition, Wilhelmsen agrees to promptly notify all courts and the London Court of International Arbitration of the pending settlement of the Litigation (with a copy to all counsel). Between now and the deadline for the Second Payment decribed in paragraph 4 below, the Parties agree to take no further action in the Litigation except as required to implement the terms of this Agreement, give notice of the pending settlement or comply with the rules of each court or arbitrable body.

4.      No later than sixty (60) days from Wilhemsen's service of the Cease and Desist Letters on all the banks, UBS will pay to Wilhelmsen, by wire transfer, the amount of FOUR HUNDRED NINETEEN THOUSAND FOUR HUNDRED TWENTY DOLLARS AND FORTY-NINE CENTS ($419,420.49) (the "Second Payment"). The Second Payment shall be made by wire transfer to:

| | |
|---|---|
| Bank Name: | Nordea Bank, London |
| Swift: | NDEAGB2L |
| IBAN Number: | GB10NDEA40487859955102 |
| Account Number: | 59955102 |
| Beneficiary Name: | Wilhelmsen Premier Marine Fuels AS |

If the sixtieth day should fall on a day on which banks/businesses are not open, the Second Payment deadline shall be extended to the next banking/business day. Should the wire transfer not be made timely due to banking error or other circumstances beyond the control of UBS, UBS shall be given a grace period of three (3) banking days within which to cure the resulting default.

5. Within three (3) business days of Wilhelmsen's receipt of the Second Payment, Wilhelmsen will submit an order in the SDNY Action to withdraw and dismiss, with prejudice, the SDNY Action (and to vacate the orders of attachment and writs of attachment issued in the SDNY Action) as well as its London Arbitration demand and will not rely on or act upon the Australian Demand. Each Party agrees to bear their own costs and attorneys' fees related to the Litigation and not to pursue any claim arising therefrom including, but not limited to, any action for costs, expenses, attorneys' fees or wrongful attachment or arrest. The Parties hereby agree to cooperate in the execution of any documentation necessary for withdrawal and dismissal of the Litigation.

6. In addition to the Initial Payment and the Second Payment, UBS will pay to Wilhelmsen TWO MILLION EIGHTY-SEVEN THOUSAND EIGHT HUNDRED NINETY-ONE DOLLARS AND SEVENTY-FIVE CENTS ($2,087,891.75), which payment will become due when the U.S. Government pays the Government Claims to UBS. UBS warrants that it will use its best endeavors to recover from the U.S. government on the Government Claims and will provide to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the U.S. government concerning the Government Claims. The Parties agree that this amount will be paid in full from the Government Claims payment before UBS is entitled to keep any of the Government Claims payment for itself. UBS agrees to provide to Wilhelmsen an accounting of the results of the Government Claims within sixty days of a demand for such accounting from Wilhelmsen. With regard to UBS' liability to Wilhelmsen arising under this provision, it is expressly agreed that:

    (a) Wilhelmsen conditionally waives this liability to the extent it exceeds the amount UBS in fact receives from the U.S. government in payment of the Government Claims, provided that UBS does not file for bankruptcy protection within 6 months and 1 day after UBS's payment to Wilhelmsen of the amounts received by UBS for the Government Claims;

    (b) Wilhelmsen conditionally waives this liability in its entirety if the pending Government Claims fail, provided that UBS does not file for bankruptcy protection within 6 months and 1 day after UBS's payment to Wilhelmsen of the Second Payment.

7. In the event that other disputes or litigation arise regarding this Agreement and matters connected with its performance, the Parties hereby nominate as agents for service of process:

    As agent for UBS:

    Jeanne-Marie van Hemmen, Esq.
    Betancourt, van Hemmen, Greco & Kenyon
    46 Trinity Place
    New York, New York 10006

>As agent for Raecorp:
>
>Jeanne-Marie van Hemmen, Esq.
>Betancourt, van Hemmen, Greco & Kenyon
>46 Trinity Place
>New York, New York 10006
>
>As agent for Wilhelmsen:
>
>Michael J. Frevola, Esq.
>Holland & Knight LLP
>195 Broadway
>New York, New York 10007

Service given under this paragraph shall be effective when made by courier service to the address above written.

**9. UNCONDITIONAL GENERAL MUTUAL RELEASES.** Upon receipt of both the Initial Payment and the Second Payment by Wilhelmsen, for valuable consideration, the receipt and adequacy of which are hereby acknowledged, Wilhelmsen, on behalf of itself and each of its (as applicable) past and present subsidiaries, parents, affiliates, divisions, successors, assignees, agents, members, representatives, officers, directors, employees, consultants, licensees, sublicensees, shareholders, insurers, assigns, past and present, and their attorneys, and all persons acting by, through, under or in concert with them or any of them (all collectively referred to as the "Wilhelmsen Releasors") and UBS and Raecorp on behalf of each of them and each of their (as applicable) past and present subsidiaries, parents, affiliates, divisions, successors, assignees, agents, members, representatives, officers, directors, partners, employees, consultants, licensees, sublicensees, shareholders, insurers, assigns, past and present, and their attorneys, and all persons acting by, through, under or in concert with them or any of them (all collectively referred to as the "UBS and Raecorp Releasors"), do hereby release and forever discharge the other releasor (*i.e.*, Wilhelmsen Releasors and UBS and Raecorp Releasors) and each of their (as applicable) past and present subsidiaries, parents, affiliates, divisions, successors, assignees, agents, representatives, members, officers, directors, partners, employees, consultants, licensees, sublicensees, shareholders, insurers, assigns, past and present, and their attorneys, and all persons acting by, through, under or in concert with them or any of them of and from any and all claims, causes of action, suits, debts, liens, contracts, judgments, agreements, promises, infringements, liabilities, claims, demands, damages, losses, costs, or expenses of any nature whatsoever, known or unknown, fixed or contingent, which the releasors or any of them now has or may hereafter have against the other releasor(s), or any of them, by reason of any matter, event, act, omission, cause or thing whatsoever from the beginning of time to the date of Wilhelmsen's receipt of the Second Payment including, but not limited to, any matter, event, act, omission, cause or thing whatsoever arising out of or relating in any way to the Litigation, the 2007

Bunkering Agreements and/or otherwise relating in any way, directly or indirectly, to the Litigation and/or the 2007 Bunkering Agreements as well as any and all other claims that the releasors have had in the past or now have against the other releasors, whether related or unrelated to the disputes which are the subject matter of the Litigation. **Provided, however,** that the foregoing release does not apply to any breach of, or claim arising out of, this Agreement.

7. This Agreement sets forth the entire understanding of the Parties on the matters addressed herein or that are in any way related thereto, and supersedes any and all prior agreements, understandings and negotiations, both written and oral, between the Parties or their affiliates and their counsel. The Parties acknowledge that no statements, whether oral or written, not expressly set forth in this Agreement, have been relied upon or are intended to be made part of this Agreement. This Agreement may not be amended or modified except by a subsequent written agreement executed by all of the Parties hereto.

8. This Agreement shall be binding upon the Parties and their respective representatives, officers, partners, directors, shareholders, agents, parents, subsidiaries and affiliated corporations, successors, attorneys and assigns, which each Party has, ever has had, or hereafter shall have.

9. The undersigned represent that they have been duly and expressly authorized to execute this Agreement on behalf of the Party for which they sign.

10. This Agreement shall be governed by and construed in accordance with the laws of the State of New York exclusive of the conflicts of law provisions therein, expressly including general maritime law whenever applicable.

11. All disputes and litigation arising out of this Agreement and matters connected with its performance shall be subject to the jurisdiction of the courts of the State of New York or of the federal courts sitting therein. Wilhelmsen, UBS and Raecorp hereby consent to the jurisdiction of the courts of the State of New York or of the federal courts sitting therein for resolution of any dispute arising from this Agreement.

12. The Parties agree that they have each engaged the services of legal counsel for the purpose of negotiating this Agreement. Each Party has had an opportunity to review, and has reviewed, this Agreement in full, individually and with the assistance of counsel. This Agreement shall not be construed more strictly against one Party than the other, by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties. The Parties affirmatively represent that the Agreement is fair and executed freely.

13. No Party shall be bound by this Agreement unless and until all the Parties hereto have executed and delivered this Agreement.

14.     The waiver by any Party of a breach of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party hereto, unless such waiver is expressed in a subsequent written agreement executed by all of the Parties.

15.     The terms of this Agreement shall be and remain confidential and shall not be disclosed to any third party unless authority for such disclosure is provided by all Parties hereto in writing with the exception of disclosures on a need-to-know basis to any Parties' tax preparers, accountants, financial advisors, attorneys, or as required by law.

16.     This Agreement may be executed by exchange of facsimile or PDF signature pages and/or in any number of counterparts, each of which shall be an original as against any Party whose signature appears thereon and all of which together shall constitute one and the same instrument. Facsimile or PDF signatures shall be considered original and binding on the Party that transmitted the same.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

WILHELMSEN PREMIER MARINE FUELS AS

By:_____
Name: Knut Bjørnebye, President


USS PROVEDORES PTY LTD.

By:_____
Name: William Rae, Managing Director


RAECORP INTERNATIONAL PTY LTD.

By:_____
Name: William Rae, Managing Director

14. The waiver by any Party of a breach of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party hereto, unless such waiver is expressed in a subsequent written agreement executed by all of the Parties.

15. The terms of this Agreement shall be and remain confidential and shall not be disclosed to any third party unless authority for such disclosure is provided by all Parties hereto in writing with the exception of disclosures on a need-to-know basis to any Parties' tax preparers, accountants, financial advisors, attorneys, or as required by law.

16. This Agreement may be executed by exchange of facsimile or PDF signature pages and/or in any number of counterparts, each of which shall be an original as against any Party whose signature appears thereon and all of which together shall constitute one and the same instrument. Facsimile or PDF signatures shall be considered original and binding on the Party that transmitted the same.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

WILHELMSEN PREMIER MARINE FUELS AS

By:_____
Name: Knut Bjørnebye, President

USS PROVEDORES PTY LTD.

By:_____
Name: William Rae, Managing Director

RAECORP INTERNATIONAL PTY LTD.

By:_____
Name: William Rae, Managing Director

7

14. The waiver by any Party of a breach of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party hereto, unless such waiver is expressed in a subsequent written agreement executed by all of the Parties.

15. The terms of this Agreement shall be and remain confidential and shall not be disclosed to any third party unless authority for such disclosure is provided by all Parties hereto in writing with the exception of disclosures on a need-to-know basis to any Parties' tax preparers, accountants, financial advisors, attorneys, or as required by law.

16. This Agreement may be executed by exchange of facsimile or PDF signature pages and/or in any number of counterparts, each of which shall be an original as against any Party whose signature appears thereon and all of which together shall constitute one and the same instrument. Facsimile or PDF signatures shall be considered original and binding on the Party that transmitted the same.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

WILHELMSEN PREMIER MARINE FUELS AS

By: _____ (as attorney)
Name: Knut Bjørnebye, President


USS PROVEDORES PTY LTD.


By: _____
Name: William Rae, Managing Director


RAECORP INTERNATIONAL PTY LTD.


By: _____
Name: William Rae, Managing Director

# EXHIBIT 1

# **WILHELMSEN/UBS SETTLEMENT AGREEEMENT – EXHIBIT 1**

1. SS MAJOR STEPHEN PLESS, bunkered at Sasebo on January 19, 2007

2. USNS SUMNER, bunkered at Naha on January 31, 2007

3. USNS MARY SEARS, bunkered at Sasebo on March 3, 2007

4. HSV WESTPAC EXPRESS, bunkered at Naha on March 20, 2007

5. USNS BOWDITCH, bunkered at Sasebo on March 21, 2007

6. SS MAJOR STEPHEN PLESS, bunkered at Sasebo on March 26, 2007

7. USNS MARY SEARS, bunkered at Naha on April 9, 2007

8. HSV WESTPAC EXPRESS, bunkered at Naha on April 20, 2007

9. USNS BOWDITCH, bunkered at Naha on April 23, 2007

10. SS CAPE JACOB, bunkered at Sasebo on May 1, 2007

# EXHIBIT 2

William J. Honan (WJH 1922)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILHELMSEN PREMIER MARINE FUELS AS,<br><br>Plaintiff,<br><br>-against-<br><br>UBS PROVEDORES PTY LTD. a/k/a<br>USS-UBS INTERNATIONAL and<br>RAECORP INTERNATIONAL PTY LTD.,<br><br>Defendants. | 07 Civ. 5798 (CM)<br><br>**CONSENT<br><u>ORDER</u>** |

**WHEREAS**, on or about June 19, 2007, Wilhelmsen Premier Marine Fuels AS ("Plaintiff") filed this action against UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS"), and obtained the issuance of a Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and Garnishment dated on or about June 28, 2007; and

**WHEREAS**, on or about August 23, 2007, Plaintiff subsequently filed its amended complaint to add Raecorp International Pty Ltd. ("Raecorp") as an additional defendant (UBS and Raecorp collectively will hereinafter be referred to "Defendants"), and obtained the issuance

of an Amended Writ of Attachment and Garnishment and an Order for Issuance of an Amended Writ of Attachment and Garnishment dated on or about August 29, 2007; and

**WHEREAS**, the Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and Garnishment dated on or about June 28, 2007 and the Amended Writ of Attachment and Garnishment and an Order for Issuance of a Amended Writ of Attachment and Garnishment dated on or about August 29, 2007 (collectively referred to as the "Process of Maritime Attachment and Garnishment") were subsequently served on various garnishee banks in this district; and

**WHEREAS**, Plaintiff has attached funds that were being routed from or to accounts held by UBS in the collective sum of $1,108,544.50 (the "Security"), which Security presently is in the possession of the following garnishees: (1) the amounts of $210,795.94, $289,378.30, $2,619.67 and $93,625.00 with Citibank, N.A.; (2) the amounts of $275,399.86, $68,865.12, $68,865.12 and $29,610.37 with JPMorgan Chase; (3) the amount of $68,885.12 with HSBC Bank USA, N.A., and (4) the amounts of $300.00 and $200.00 at Wachovia Bank, N.A.; and

**WHEREAS**, the Plaintiff and the Defendants have agreed to settle Plaintiff's claims;

**NOW**, pursuant to the subjoined consent of the attorneys for Plaintiff and Defendants, it is:

**ORDERED** that the entirety of the Security is to released and wired to the following account of Plaintiff's:

| | |
|---|---|
| Bank Name: | Nordea Bank, London |
| Swift: | NDEAGB2L |
| IBAN Number: | GB10NDEA40487859955102 |
| Account Number: | 59955102 |
| Beneficiary Name: | Wilhelmsen Premier Marine Fuels AS |

and it is further

**ORDERED** that this Consent Order likewise shall apply to all further funds frozen by garnishees pursuant to the Process of Maritime Attachment and Garnishment and release of such funds is directed without Plaintiff having to apply for a supplemental consent order. **All such frozen amounts shall be transferred in accordance with the original wire instructions.**

Dated:       October 19, 2007

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
195 Broadway
New York, New York 10007
(212) 513-3516
(212) 385-9010 fax
michael.frevola@hklaw.com
*Attorneys for Plaintiff Wilhelmsen Premier Marine Fuels AS*

BETANCOURT, VAN HEMMEN, GRECO & KENYON

By: _____ (for)
Jeanne-Marie van Hemmen
46 Trinity Place
New York, New York 10006
(212) 297-0050
jvanhemmen@bvgklaw.com
*Attorneys for Defendants UBS Provedores Pty Ltd. a/k/a USS-UBS International and Raecorp International Pty Ltd.*

**SO ORDERED:**

_____    _____
United States District Judge                                              Date

# EXHIBIT 3

# Holland + Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

Michael J. Frevola
212 513 3516
michael.frevola@hklaw.com

October 22, 2007

**BY TELEFAX/E-MAIL**

| | |
|---|---|
| Bank of America, N.A. | The Bank of New York |
| Citibank, N.A. | Deutsche Bank Trust Company Americas |
| HSBC Bank USA, N.A. | JPMorgan Chase Bank, N.A. |
| UBS AG | Wachovia Bank, N.A. |
| Société Générale | Standard Chartered Bank |
| BNP Paribas | Calyon Investment Bank |
| American Express Bank | Commerzbank |
| ABN Amro Bank | Bank Leumi USA |
| Fortis Financial Groups | Banco Popular |

## CEASE AND DESIST NOTIFICATION

Re: Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd. *et al.*
07 Civ. 5798 (CM)
Our File No.: 500177-03213

Dear Sirs:

We represent Plaintiff in the referenced matter. Please take notice that **THE PARTIES HAVE REACHED A SETTLEMENT OF THIS DISPUTE RESULTING IN CESSATION OF PLAINTIFF SERVING PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT.**

Accordingly, we thank you for your attention to this matter and request that you immediately **REMOVE** both "UBS Provedores Pty Ltd. a/k/a USS-UBS International" and "Raecorp International Pty Ltd. from your OFAC filter.

Please contact the undersigned at his direct line or e-mail (listed above) should you have any questions.

Very truly yours,

HOLLAND & KNIGHT LLP

Michael J. Frevola

MJF/mf