BETANCOURT, VAN HEMMEN, GRECO & KENYON
Counsel for Defendants UBS Provedores and
Raecorp International
46 Trinity Place,
New York, NY 10006
(212) 297-0050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILHELMSEN PREMIER MARINE FUELS AS

        07 Civ. 5798 (CM)

    Plaintiff,

  against

UBS PROVEDORES PTY LTD. AND
RAECORP INTERNATIONAL PTY LTD.,

    Defendants
_____X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO VACATE THIS COURT'S ORDER OF DISMISSAL**

**Preliminary Statement**

Defendants, UBS Provedores Pty. Ltd. and Raecorp International Pty. Ltd. (Collectively "UBS"), by and through their undersigned counsel, Betancourt, Van Hemmen, Greco & Kenyon, submit this Memorandum of Law in Opposition to Plaintiff Wilhelmsen Premier Marine Fuels AS' ("Wilhelmsen") motion to vacate this Court's January 14, 2008 Order of Dismissal with Prejudice. As set forth more fully below, the Settlement Agreement and Release entered into by the parties to this litigation entitled UBS to entry of the Order of Dismissal. Vacation of the Order is not warranted.

Wilhelmsen's primary position is that HSBC released $68,865.12 to a creditor of UBS in violation of a Writ of Maritime Attachment and Court Order, rather than to Wilhelmsen, and UBS should, therefore, be compelled to replace those funds before Wilhelmsen's action is dismissed. The factual premise of Wilhelmsen's position, however, is wholly unsupported by the record. Wilhelmsen neither submits its own affidavit attesting to the fact that it did not receive the HSBC funds, nor does it submit an affidavit from HSBC attesting to the fact that it released the funds to a UBS creditor. Wilhelmsen's motion should be denied on this basis alone.

Wilhelmsen's motion should be denied for other reasons as well. UBS complied with all of the conditions precedent to its entitlement to a Dismissal with Prejudice of this litigation. It is undisputed that Wilhelmsen has a remedy against HSBC, if their unsupported allegations in this motion are true. Finally, UBS did not receive any benefit from the alleged release of the HSBC funds to UBS' creditor. Accordingly, there is no equitable basis for requiring UBS to pay additional funds beyond those required by the terms of the Settlement Agreement.

**The Relevant Facts**

1. <u>Wilhelmsen's Lawsuit against UBS</u>:

Wilhelmsen initiated this lawsuit on or about June 29, 2007 with the filing of a complaint containing a prayer for maritime attachment. Wilhelmsen then served writs of maritime attachment on various New York banks, which resulted in wire transfers to and from UBS being frozen. On July 25, 2007, Counsel for Wilhelmsen informed UBS' Australian counsel that it had attached certain funds of UBS including a $68,000.00 wire transfer frozen by HSBC, six days prior. See Frevola aff.¶5 and exhibit 2 thereto. Thereafter, a number of other wire transfers to and from UBS were attached totaling $1,108,544.50.

On or about October 21, 2007, Wilhelmsen and UBS entered into a settlement agreement in connection with this litigation ("Settlement Agreement"). See the Attorney Certification of Jeanne-Marie Van Hemmen in Opposition to Plaintiff's Motion to Vacate the Dismissal Order, hereinafter "Van Hemmen Cert.") at ¶ 2 and exhibit 1 thereto. The Settlement Agreement set forth in a Whereas Clause all of the attachments that were reported by the banks on which Wilhelmsen served the Processes of Maritime Attachment. See Exhibit 1, p. 2 to the Van Hemmen cert. The Whereas Clause reflected both parties' understanding at that time, that a total of $1,108,544.50 was currently under attachment.

Paragraph 1 of the Settlement Agreement required UBS and WIlhelmsen to submit to this Court an agreed Consent Order directing the banks to pay the attached funds to Wilhelmsen. The Settlement Agreement defined the banks' payment of the attached funds to Wilhelmsen as the "Initial Payment." It is undisputed that UBS cooperated in the submission of the Consent Order and that it was entered on October 22, 2007. See Settlement Agreement ¶ 1.

Paragraph 2 required WIlhelmsen, "[w]ithin one (1) business day of [its] having received the Initial Payment," to serve Cease and Desist notices on all banks that were served with Process of Maritime Attachment. Settlement Agreement, ¶ 2. WIlhelmsen complied with this requirement on or about October 23, 2007. See Affidavit of Michael J. Frevola in Support of Plaintiff's Motion to Vacate Dismissal Order (hereinafter "Frevola Aff."), ¶ 19.

Paragraph 4 required UBS to pay Wilhelmsen $419,420.49 within sixty days from Wilhelmsen's service of the Cease and Desist letters. It is undisputed that UBS payed those funds to Wilhelmsen by wire transfer on or about December 7, 2007. See the Declaration of Rose Hennessy, ¶ 6 and exhibit thereto. The Settlement Agreement defined this payment as the "Second Payment." Settlement Agreement, ¶4.

Paragraph 5 required Wilhelmsen to submit to this Court an Order that dismisses this action with prejudice and vacates the Orders and Writs of Attachment entered herein "[w]ithin three business days of Wilhelmsen's receipt of the Second Payment."    Settlement Agreement, ¶ 5. It is undisputed that WIlhelmsen received the Second Payment on or about December 10, 2007.

Despite Wilhelmsen's receipt of the Second Payment, it failed to submit the Order of Dismissal to the Court within three days as required by the Settlement Agreement. Counsel for UBS submitted the Order of Dismissal on or about January 10, 2008, after attempts to contact opposing counsel by telephone and email failed. Counsel for UBS was not aware of Wilhelmsen's objections to entry of the Order, or even the fact that Wilhelmsen allegedly had not received the HSBC funds, when it submitted the Order of Dismissal to the Court. Van Hemmen Cert.,¶ 5.

The Settlement Agreement also obligates UBS to provide copies of correspondence with the U.S. Government concerning UBS' claims against the U.S. Government to Wilhelmsen. Settlement

4

Agreement, ¶ 6. The Settlement Agreement does not provide a time frame for the provision of this correspondence since it is an ongoing obligation. Provision of this correspondence was not a condition precedent to the dismissal of the case. Correspondence was provided to Wilhelmsen's counsel on February 1, 2008 and will continue to be provided as it develops.

2. <u>Australian Bunkerings Claims against UBS</u>

In the weeks prior to Wilhelmsen informing UBS that it had attached UBS funds, a creditor of UBS, Australian Bunkering ("AB"), informed UBS that wire transfers it expected to receive in the amount of $68,885.12 from UBS had not been received. AB initiated legal proceedings in Australia on September 7, 2007 to recover funds it alleged UBS owed it. Hennessy Decl., ¶ 2.

.   On November 9, 2007, UBS settled its dispute with AB. At the time of that settlement, which required UBS to pay AB, UBS understood that AB had not received the wire transfers for $68,868.12 that UBS initiated in July, 2007. UBS settled the AB lawsuit on the basis that AB did not receive the HSBC funds. Even if the hearsay allegation of HSBC that it sent the money to UBS' creditor is true, UBS did not benefit from that fact. Hennessy Decl., ¶ ¶ 3 - 5.

Accordingly, UBS performed all conditions precedent to dismissal of this action with prejudice. If HSBC's hearsay statement that it released the funds to UBS' creditor are true, Wilhelmsen's recourse is against HSBC, not UBS. Finally, HSBC's alleged release of some of the attached funds did not inure to UBS' benefit. There is no equitable basis for requiring UBS to pay additional funds beyond those contemplated in the Settlement Agreement.

## **ARGUMENT**

### **Point I**

#### **WILHEMSEN'S MOTION IS UNSUPPORTED BY THE RECORD AND, THEREFORE, SHOULD BE DENIED**

Wilhelmsen's position is that HSBC released $68,865.12 to a creditor of UBS in violation of a Writ of Maritime Attachment and Court Order, rather than to Wilhelmsen, and UBS should, therefore, be compelled to replace those funds. The factual premise of Wilhelmsen's position, however, is wholly unsupported by the record. Wilhelmsen neither submits its own affidavit attesting to the fact that it did not receive the HSBC funds, nor does it submit an affidavit from HSBC attesting to the fact that it released the funds to a UBS creditor. Wilhelmsen's motion should be denied on this basis alone.

### **Point II**

#### **UBS PERFORMED ALL CONDITIONS PRECEDENT TO WILHEMSEN'S OBLIGATION TO DISMISS THIS CASE WITH PREJUDICE**

The Settlement Agreement required UBS to submit an order that directed the banks to release the attached funds to Wilhelmsen. It did so. In turn, and as required by the Settlement Agreement, Wilhelmsen served Cease and Desist Letters on the banks. The Settlement Agreement required UBS to make a Second Payment in the amount of $ 419,420.49 within 60 days of the Cease and Desist Letters being issued. It did so, on December 7, 2007.

The Settlement Agreement is perfectly clear that fulfillment of those conditions precedent obligate Wilhelmsen to submit an Order dismissing the action with prejudice and vacating all

associated Orders and Writs of Maritime Attachments within three days. WIlhelmsen was long overdue in fulfilling its obligation to dismiss this action when the Court entered its January 14, 2008 order doing so.

### Point III

### WILHELMSEN'S RECOURSE IS AGAINST HSBC

If the unsupported allegations that HSBC released the wire transfer to AB in violation of the Court's Order and Writs of Attachment are true, Wilhelmsen concedes it has a cause of action against HSBC for that failure. See Wilhelmsen's Memorandum of Law in Support of its Motion, p. 14. That is where Wilhelmsen's remedy lies, since UBS has fully performed under the Settlement Agreement.

### Point IV

### THERE IS NO EQUITABLE BASIS FOR AN ADDITIONAL PAYMENT BY UBS

UBS settled Australian Bunkering's claims against it. At the time of the settlement, UBS understood from advice provided to it by Wilhelmsen that its two payments to AB in July of 2007 had been attached and never received by AB. AB never informed UBS otherwise. The factual predicate for the settlement entered into between UBS and AB was that UBS had not paid those amounts to AB. As a result, even if HSBC's hearsay statement that it released the funds to AB is true, UBS did not benefit from the fact.

UBS has fully performed its obligations under the Settlement Agreement, entitling it to a dismissal with prejudice of Wilhelmsen's claims. Wilhelmsen's recourse in the face of HSBC's alleged failure to retain control over the $68,865.12 wire transfer is against HSBC, not UBS. Finally, UBS did not benefit from HSBC's alleged release of the wire transfer to UBS' creditor, AB.

Accordingly, there is no equitable basis for compelling UBS to cure HSBC's alleged breach.

## **CONCLUSION**

For the foregoing reasons, UBS and Raecorp respectfully request this Court deny Plaintiff's motion to vacate the Court's January 14, 2008 Order of Dismissal.

Dated: Red Bank, NJ
      February 1, 2008

                              Betancourt, Van Hemmen, Greco & Kenyon
                              Attorneys for UBS Provedores Pty Ltd and
                              Raecorp International Pty Ltd

                              By_____/s/_____
                              Jeanne-Marie Van Hemmen(JV 6414)
                              46 Trinity Place
                              New York, NY 10006
                              (212) 297-0050