William J. Honan (WJH 1922)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILHELMSEN PREMIER MARINE FUELS AS, <br><br> Plaintiff, <br><br> -against- <br><br> UBS PROVEDORES PTY LTD. a/k/a USS-UBS INTERNATIONAL and RAECORP INTERNATIONAL PTY LTD., <br><br> Defendants. | 07 Civ. 5798 (CM) <br><br> **AFFIDAVIT OF MICHAEL J. FREVOLA IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO <u>VACATE DISMISSAL ORDER</u>** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Michael J. Frevola, being duly sworn, deposes and says:

1. I am a member of the firm of Holland & Knight LLP, attorneys for plaintiff Wilhelmsen Premier Marine Fuels AS ("Wilhelmsen"), and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I am familiar with the facts and circumstances underlying this dispute and my statements are based upon my own personal knowledge, except those statements stated on information and belief which I believe to be true.

3. I provide this affidavit in support of Wilhelmsen's amended application to vacate the Order of Dismissal with prejudice dated January 14, 2008 granted in favor of Defendants UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS") and RaeCorp International Pty Ltd. I have annexed as Exhibit 16[1] a true copy of my Affidavit, dated January 24, 2008 (hereinafter "Frevola Affidavit I"), filed in support of Wilhelmsen's original motion to vacate the Court's order of dismissal, dated January 14, 2008 ("Wilhelmsen's Initial Motion"), which Affidavit I reaffirm and incorporate herein.

4. As described in detail below, since the filing of Wilhelmsen's Initial Motion, Wilhelmsen has obtained information which suggests that UBS has been paid approximately $3.55 million on its claims pending before the U.S. Government, of which amount UBS was to pay Wilhelmsen over $2 million under the terms of the parties' Settlement Agreement dated October 22, 2007 (the "Settlement Agreement"). Despite being challenged directly on this issue, UBS has declined to provide any substantive rebuttal of Wilhelmsen's contentions and has compelled Wilhelmsen to file this amended application.

5. The parties' Settlement Agreement, annexed as Exhibit #1 to the van Hemmen Certification dated February 1, 2008 filed with this Court (Document #35), provides in relevant part that:

---

[1] In the interests of clarity, the numbering of exhibits annexed to this affidavit follows sequentially from those attached to my earlier affidavit of January 25, 2008 in support of Plaintiff's Motion to Vacate Dismissal Order ("Frevola Aff. I").

2

> WHEREAS, UBS has submitted a claim to the U.S. government under its contract with the Defense Energy Support Center in the amount of THREE MILLION ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTY THREE DOLLARS AND FIFTY-EIGHT CENTS ($3,180,853.58), relating to amounts invoiced pursuant to invoice number 10039 and concerning the bunkerings [claimed in Wilhelmsen's Verified Amended Complaint], which claim presently is under review by the U.S. government (the "Government Claims").
>
> \* \* \*
>
> 6. In addition to the Initial Payment and the Second Payment, UBS will pay to Wilhelmsen TWO MILLION EIGHTY-SEVEN THOUSAND EIGHT HUNDRED NINETY-ONE DOLLARS AND SEVENTY-FIVE CENTS ($2,087,891.75), *which payment will become due when the U.S. Government pays the Government Claims to UBS*. UBS warrants that it will use its best endeavors to recover from the U.S. government on the Government Claims and will provide to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the U.S. government concerning the Government Claims. The Parties agree that this amount *will be paid in full from the Government Claims payment <u>before UBS is entitled to keep any of the Government Claims payment for itself</u>*. . . .

Van Hemmen Certification dated Feb. 1, 2008 (Document #35), Ex. 1, at pp. 1, 4 (emphasis added). UBS' counsel proposed the language inserted into the relevant "Whereas" clause above of the Settlement Agreement which described and defined the Government Claims.

6. After the parties had executed the Settlement Agreement, Wilhelmsen retained counsel with the Washington, D.C. office of the law firm of Peckar & Abramson, P.C. to make inquiries with the U.S. Government, and specifically the Defense Energy Supply Center ("DESC"), as to the status of UBS' claims pending before the DESC for UBS' fueling services provided to U.S. Government vessels in Sasebo and Nara, Japan.

7. As recounted in detail in the accompanying Affirmation of Ronald Uscher, Esq. dated May 20, 2008 ("Uscher Affirmation"), Peckar & Abramson approached DESC and

requested documents from DESC pursuant to the Freedom of Information Act ("FOIA") relating to the contract between DESC and UBS (the "DESC/UBS Contract").

8. During the same time period that the FOIA inquiries were being made to DESC, UBS produced to me some documents purportedly related to its Government Claims (as that term is defined in the parties' Settlement Agreement). On February 1, 2008, UBS' counsel e-mailed to me eight pages of documents. On February 8, 2008, UBS's counsel e-mailed to me another 72 pages of documents regarding the Government Claims. Those documents were heavily redacted, despite the parties' Settlement Agreement having no provision in it that would allow for such redactions and, despite the Settlement Agreement, specifically providing that UBS would provide to Wilhelmsen a ***full record*** of its correspondence with the DESC (see Settlement Agreement paragraph 6, quoted above, in which UBS agreed to "provide to Wilhelmsen copies of its application for the Government Claims as well as a ***full record*** of its correspondence with the U.S. government concerning the Government Claims.").

9. On April 2, 2008, I wrote to UBS' counsel, Jeanne-Marie van Hemmen, Esq., to question the completeness of UBS' document production. The basis for that inquiry was that the documents produced by UBS did not – according to Wilhelmsen's government claims counsel – contain essential elements of a traditional government claim submission. (*See* Uscher Affirmation, ¶ 7). In that letter, I requested that UBS confirm either (a) that it had provided the entirety of UBS' claims submissions, or (b) that UBS had not produced the entirety of its documents. A true copy of my April 2, 2008 letter to UBS' counsel is annexed as Exhibit 17.

10. UBS' counsel response in its entirety was as follows:

> My client confirms that UBS has produced all claims related documents. UBS states that there were no applicable protocol [*sic*] for submission of its claim which was submitted in the emails provided to Wilhelmsen.

4

A true copy of UBS' counsel's e-mail to me dated April 4, 2008 is annexed as Exhibit 18.

11. As Ronald Uscher, Esq., explains in his affirmation, DESC provided documents responsive to Wilhelmsen's FOIA request in March 2008. Those documents indicate that UBS has received $3,550,783.66 from DESC in payment of its claims made to DESC, and that such payment occurred in or after December 2007. (Uscher Affirmation, ¶¶9-11). After receiving UBS' counsel's April 2, 2008 letter confirming that UBS had provided the entirety of its claims documents, based on the documents provided by UBS and DESC, Wilhelmsen's government claims counsel concluded that this payment was made by DESC in satisfaction of UBS' Government Claims (the basis for these conclusions is discussed in the accompanying Uscher Affirmation paragraphs 15 to 19).

12. I again wrote to UBS' counsel on April 10, 2008 and set forth Wilhelmsen's basis for believing that UBS had been paid for its Government Claims and that UBS had failed to pay Wilhelmsen. In that letter, Wilhelmsen demanded payment, by April 14, 2008, of the $2,087,891.75 due under paragraph 6 of the Settlement Agreement. A true copy of my letter to UBS' counsel dated April 10, 2008 is annexed as Exhibit 19.

13. In response to this letter, UBS' counsel replied on April 17, 2008, tacitly confirming that UBS had received the $3,550,783.66 payment from DESC and relaying "instructions" from her client as to the nature of that payment. The entirety of her message follows:

> I am ***instructed by my client*** that the payment of $3,550,783.66 relates to services rendered by UBS to DESC which are in no way referable to the claim referenced in the Settlement Agreement.

5

A true copy of UBS' counsel's e-mail to me dated April 17, 2008 is annexed as Exhibit 20 (emphasis added).

14. On April 28, 2008, I wrote to UBS' counsel again. Based on the available information, I outlined Wilhelmsen's position that the Government Claims had been paid. On behalf of Wilhelmsen, I demanded an unredacted set of the previously produced Government Claims documents and "the claim documentation for the purported other claim that DESC paid to UBS." A true copy of my April 28, 2008 letter is annexed as Exhibit 21.

15. In addition, we advised UBS that if it refused to comply with the requests, Wilhelmsen reserved the right to approach the Court to order the document production. (Exhibit 21).

16. On April 29, 2008, UBS' counsel sent documents by email which consisted of Tax Invoice 10454 in the amount of $3,550,783.66 and amendment to the Contract P0004. A true copy of the covering email, Tax Invoice 10454 and amendment P0004 are annexed as Exhibit 22. These documents are analyzed by Mr. Uscher in paragraphs 17 to 19 of his affirmation.

17. According to UBS' counsel's covering email annexed as part of Exhibit 22, "these documents establish that the $3,550,783.66 payment by the government to UBS did not relate to the Government Claims but to a separate and distinct claim." However, that fact is not evident at all. P0004 states on page 2 of 2:

> On March 8, 2007, USS-UBS submitted a claim under Item 765-61 (Sasebo, Japan) in accordance with FAR 33.206 for $3,550,783.66 for costs incurred in response to the Government's request for surge capabilities to meet requirements that did not materialize.

6

*See* Ex. 22. Tax Invoice 10454 is dated September 24, 2007 and not March 8, 2007. P0004 indicates payment of a claim submitted March 8, 2007. UBS has not provided any claim dated March 8, 2007. It has redacted claimed amounts and other information from Tax Invoice 10039, dated March 7, 2007, which may have been submitted to DESC the following day; in other words, on March 8, 2007. Presently Wilhelmsen has no means to confirm whether the $3,550,783.66 paid to UBS was for the Government Claims under Tax Invoice 10039 of for another claim submitted by UBS but for which UBS has produced no documentation.

18. UBS entered into a Settlement Agreement in which it specified and identified certain Government Claims and undertook to provide documentation of those claims. UBS' evasive responses to requests for information and demands for documents are inexplicable and can only raise suspicion that UBS does not want Wilhelmsen to have the information that UBS is obliged by written agreement to provide.

19. At this point, the dismissal should be vacated even if the DESC payment in December, 2007 was not for the Government Claims. Wilhelmsen cannot identify the claim that was made in Tax Invoice 10039. Therefore, Wilhelmsen will never be able to identify payment of that claim by DESC. UBS has breached the provisions and the spirit of the Settlement Agreement.

20. Clearly, UBS intended to settle the case, but to wriggle out of every possible payment required under the Settlement Agreement. Such gamesmanship does not further the interests of justice or encourage settlement of claims.

21. Following receipt of UBS' counsel's April 28, 2008 email (Exhibit 22), counsel had further correspondence on May 5, 2008. A true copy of the May 5, 2008 email chain is annexed as Exhibit 23. The text of my email was as follows:

Our April 28 letter requested that:

(1) UBS produce unredacted copies of the documents it previously provided; and

(2) UBS produce the entirety of its claim documents for the "other claim" on which it purportedly was paid.

Please advise whether UBS will comply with these requests.

(Exhibit 23). To date, no reply to my May 5 request has been received.

22. At this juncture, from the best information Wilhelmsen has been able to assemble, UBS has committed the following breaches of the Settlement Agreement in sequence:

- It has failed to pay the entirety of the Initial Payment amount promised to be paid under the Settlement Agreement, in that Wilhelmsen has yet to receive the final $68,885.12 promised by UBS;

- It has breached its obligation (a) to provide a "full record" of the Government Claims or (b) to use its "best endeavors" to prosecute the Government Claims; and

- It has breached its obligation to pay to Wilhelmsen the first $2,087,891.75 of the $3,550,783.66 it tacitly acknowledges having received from DESC.

23. For the foregoing reasons, Wilhelmsen respectfully requests that this Court grant Wilhelmsen's amended motion to vacate this Court's order of dismissal dated January 14, 2008 and permit Wilhelmsen to seek affirmative relief against UBS.

_____
Michael J. Frevola

Sworn to before me this
20th day of May, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

8