# EXHIBIT 16

William J. Honan (WJH 1922)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILHELMSEN PREMIER MARINE FUELS AS,<br><br>Plaintiff,<br><br>-against-<br><br>UBS PROVEDORES PTY LTD. a/k/a<br>USS-UBS INTERNATIONAL and<br>RAECORP INTERNATIONAL PTY LTD.,<br><br>Defendants. | 07 Civ. 5798 (CM)<br><br>**AFFIDAVIT OF MICHAEL J.<br>FREVOLA IN SUPPORT OF<br>PLAINTIFF'S MOTION TO<br>VACATE DISMISSAL ORDER** |

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Michael J. Frevola, being duly sworn, deposes and says:

1.    I am a member of the firm of Holland & Knight LLP, attorneys for plaintiff

Wilhelmsen Premier Marine Fuels AS ("Wilhelmsen"), and I am duly admitted to practice before

the United States District Court for the Southern District of New York.

2.    I am familiar with the facts and circumstances underlying this dispute and my statements are based upon my own personal knowledge.

3.    I provide this affidavit in support of the application of Plaintiff Wilhelmsen Premier Marine Fuels AS to vacate the Order of Dismissal with prejudice dated January 14, 2008 granted in favor of Defendants UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS") and RaeCorp International Pty Ltd.

4.    On July 19, 2007, our office was contacted by Mr. John Cyna of HSBC USA Bank, N.A. to advise that HSBC had frozen the amount of $68,885.12 in accordance with the Order of Attachment and Writ of Attachment issued by this Court.   HSBC's correspondence memorializing this attachment also advised that UBS was the originator on the wire transfer.  I have annexed as Exhibit 1 a true copy of HSBC's July 19, 2007 fax confirming the attachment.

5.    On July 25, 2007, Holland & Knight notified UBS's Australian counsel that Wilhelmsen had attached an amount of about $68,000 in the custody of HSBC.  I have annexed as Exhibit 2 a true copy of my letter to UBS's Australian counsel.

6.    Over the course of the next three months, various garnishee banks reported to Wilhelmsen that they had attached a total of $1,108,544.50 in funds being transferred to or from UBS.

7.    On September 10, 2007, Ms. Jeanne-Marie Van Hemmen, counsel for UBS, e-mailed me to request details of the various attachments made by garnishee banks in connection with the Order of Attachment and Writ of Attachment issued in this proceeding.  I have annexed as Exhibit 3 a true copy of Ms. Van Hemmen's e-mail dated September 10, 2007.

2

8.     In connection with providing this information to counsel for UBS, I called Mr. Cyna at HSBC and obtained the identity of the beneficiary of the wire transfer reported frozen by Mr. Cyna on July 19, 2007. Mr. Cyna told me that the originator on the wire transfer was UBS and the beneficiary on that frozen wire transfer was Australia Bunkering. I also confirmed that the exact amount of the attachment was $68,885.12. I provided that information to Ms. Van Hemmen by e-mail that day. I have annexed as Exhibits 4 and 5 true copies of my e-mail to UBS's counsel on September 10, 2007 that related these facts to her.

9.     In addition to providing counsel for UBS with this information, on September 14, 2007 I also provided counsel for UBS with Mr. Cyna's contact details so that she could contact HSBC to confirm the amount under attachment. I provided this information in response to UBS's counsel's request. I have annexed as Exhibit 6 and Exhibit 7, respectively, true copies of UBS's counsel's request for bank contact details and my responses to this request.

10.     UBS's counsel contacted several of the garnishee banks by the e-mail addresses provided by Wilhelmsen. In the case of HSBC, Wilhelmsen's counsel only had Mr. Cyna's telephone number, which it provided to UBS's counsel. I have annexed as Exhibit 8 a true copy of an e-mail sent by UBS's counsel to a garnishee bank requesting information regarding UBS's funds under attachment.

11.     Turning to the negotiation of the Settlement Agreement, counsel for UBS has suggested in recent communications that the negotiation of numbered Paragraph 1 of the Settlement Agreement included the parties' contemplation that Wilhelmsen would bear the risk of loss in the event that funds comprising the Initial Payment were not received by Wilhelmsen. This suggestion is overbroad and incorrect as applied to the relevant circumstances.

3

12.    The terms of the Settlement Agreement largely were negotiated between the dates of Tuesday, October 16, 2007 and Friday, October 19, 2007. I e-mailed the first draft of the Settlement Agreement to counsel for UBS at 9:40 a.m. on Tuesday, October 16, 2007. The first version of numbered Paragraph 1 contained an additional sentence at the end, which provided that "Wilhelmsen's not receiving the Initial Payment by 5 p.m. Eastern Standard Time on November 1, 2007 will render this Agreement null and void."

13.    At 3:15 p.m. on Wednesday, October 17, 2007, counsel for UBS responded to me by e-mail with a revised Paragraph 1 that deleted the final sentence of Paragraph 1. After I received this revised Paragraph 1, I spoke with counsel with UBS (I believe later that same day) about this revision. During that discussion, counsel for UBS explained that she could not guarantee that the Attached Funds would not be frozen *en route* to Wilhelmsen's bank account by other creditors of UBS. As shown by the document annexed as Exhibit 9, this concern was a valid concern. The document annexed as Exhibit 9 is a Rule B attachment order obtained by another creditor of UBS, Australia Bunkering, on October 24, 2007 (or two days after UBS and Wilhelmsen executed the Settlement Agreement).

14.    After I discussed with Wilhelmsen the risk of having a portion of the Attached Funds frozen, and the possibility that Wilhelmsen might have to fight other creditors for those funds, Wilhelmsen decided to accept that risk. Specifically, Wilhelmsen accepted the risk that that some portion of the Attached Funds might be attached by another creditor before those funds reached Wilhelmsen's bank account.

15.    In contrast, no discussion ever occurred between me and counsel for UBS on the issue of which party would bear the risk of loss in the event that UBS essentially never sent the

4

Attached Funds to Wilhelmsen in the first place. If counsel for UBS had said, for example, that it could not guarantee that it would originate the Initial Payment of $1,108,544.50, but that it might only originate $500,000, that would have been a term to which Wilhelmsen would have rejected.

16.    Similarly, could have proposed other language which would not have obligated UBS to pay the sum certain of $1,108544.50, but UBS did not. For example, UBS simply could have proposed that it would release all funds attachment, rather than give a defined amount. But UBS did not do this.

17.    For these reasons, a suggestion made by UBS that it and Wilhelmsen discussed risk of loss in this context simply is not correct.

18.    On October 22, 2007, the parties executed their Settlement Agreement which had the following exhibits: (1) Wilhelmsen's claims under the 2007 Bunkering Agreement that comprised Wilhelmsen's claims in this proceeding; (2) the Consent Order that the parties would submit to this Court to direct the release of the agreed sum of $1,108,544.50; and (3) a "Cease and Desist" letter to be served by Wilhelmsen on the Garnishee Banks to stop any further attachment of funds in this proceeding.

19.    The Consent Order was submitted by the parties to the Court and endorsed by the Court the same day that the Settlement Agreement was signed. To facilitate the settlement, that same day Wilhelmsen circulated the Consent Order and the "Cease and Desist" letter to the garnishee banks in order to release the funds that were to constitute Defendants' Initial Payment obligation under the Settlement Agreement.    Over the course of the next several days,

5

Wilhelmsen received all of the funds due under the Initial Payment provided under the Settlement Agreement with the exception of the amount of $68,885.12 which HSBC had reported as frozen on July 19, 2007. With regard to HSBC, I annex as Exhibit 10 a true copy of my telefax to Mr. Cyna dated October 24, 2007 advising of the settlement.

20.     In addition to the amount of $1,108,544.50, which was defined as the "Attached Funds" and which comprised the Initial Payment under the Settlement Agreement, Wilhelmsen also had attached the approximate amount of $44,000 at Citibank, N.A. ("Citibank") on or about October 22, 2007. As I understood this to be an amount that would exceed the $1,108,544.50 to which Wilhelmsen was entitled, I notified counsel for UBS of this latest attachment. Ultimately, Wilhelmsen released the $44,000 to the trust account of counsel for UBS.

21.     During the discussion between counsel regarding the release of the $44,000 at Citibank, counsel for UBS asked the following question:

> Can you provide me with confirmation that Wilhelmsen has received all of the "Initial Payment" and that Citibank still has the $44,000?

A true copy of UBS's counsel's e-mail dated October 29, 2007 is annexed as Exhibit 11.

22.     In response to that inquiry, I replied:

> On the Initial Payment side, I have to confirm exact numbers with Wilhelmsen through Nordea London but I am pretty sure that we have gotten everything but the $68K from HSBC (the numbers match up that way). I spoke to HSBC a little earlier and I just re-sent my fax of last Wednesday attaching the Consent Order. HSBC confirmed that they still have the $68K, so that also leads me to believe that this is a still remaining amount outstanding.

A true copy of my e-mail dated October 29, 2007 to UBS's counsel is annexed as Exhibit 12.

23.     After the Settlement Agreement was executed, I continued to speak with HSBC about the outstanding $68,885.12. On October 29, 2007, I spoke again with Mr. Cyna and re-sent my fax dated October 24, 2007. On October 30, 2007, I spoke again with Mr. Cyna, at which point he advised that he had been told by his wire department that the HSBC funds had been released that day to Wilhelmsen. After receiving this word, I asked Wilhelmsen to check their accounts to confirm that no payments had been received from HSBC. Wilhelmsen advised that they had not received the HSBC payment.

24.     On November 2, 2007, I spoke with HSBC once again, Mr. Cyna advised that HSBC was trying to send the funds to Wilhelmsen and they were "bouncing back" (his words).

25.     On November 6, 2007, I spoke once again with HSBC for an update on the status of payment of the remaining $68,885.12. Mr. Cyna spoke with his wire department and they told him that the indications were that the funds did go out to Nordea (Wilhelmsen's bank), but that they have not yet received a confirmation receipt from Nordea. The HSBC representative asked that Wilhelmsen check again with Nordea to see if the funds now have arrived.

26.     On December 4, I once again contacted HSBC to determine the status of its payment of the outstanding $68,885.12. Once again, I was told that the wire department had sent the funds to Wilhelmsen's London account and that hopefully it would not result in a "bounce back."

27.     On December 18, 2007, I repeated my inquiry with Mr. Cyna and was advised that Wilhelmsen should check recent activity to see if the funds finally had cleared at Wilhelmsen's London account.

7

28.     On or about December 28, 2007, I spoke once again with Mr. Cyna. In that conversation, he advised me for the first time that HSBC did not have the $68,885.12 in funds that it previously had reported as under attachment. According to Mr. Cyna, the funds attached on July 19, 2007 were released on or about July 20, 2007 through a computer error that occurred during an upgrade or other type of computer maintenance session. I have not spoken with Mr. Cyna since that telephone conversation.

29.     Approximately ten days later, counsel for UBS e-mailed me to confirm that UBS had satisfied its requirements under the Settlement Agreement, thereby warranting this Court to enter an order of dismissal. A true copy of UBS's counsel's e-mail is annexed as Exhibit 13.

30.     Later that week, I replied that HSBC had not released to Wilhelmsen the funds that it had held and UBS continued to owe $68,885.12 under the Settlement Agreement. In that response, I also reminded UBS's counsel that UBS had failed to fulfill its obligations under the Settlement Agreement with regard to "provid[ing] to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the U.S. government concerning the Government Claims." This suggested to me that UBS likewise was failing to fulfill its obligation under the Settlement Agreement to use its "best endeavors to recover from the U.S. government on the Government Claims." Although I gave UBS two weeks (that is, until today, January 25) to meet these outstanding obligations, UBS still remains in default of these obligations under the Settlement Agreement as well. A true copy of my response to UBS's counsel's e-mail is annexed as Exhibit 14.

8

31.     On January 11, 2008, UBS stated that it had fulfilled its payment obligations under the Settlement Agreement, denied any liability for the outstanding amount of $68,885.12 and advised that it had filed a request for the Court to enter an order of dismissal based on the terms of the Settlement Agreement. A true copy of UBS's January 11, 2008 e-mail is annexed as Exhibit 15.

**WHEREFORE**, Plaintiff respectfully requests that the Court vacate its Order of Dismissal.

_____

Michael J. Frevola

Sworn to before me this
25th day of January, 2008

_____

Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# EXHIBIT 1



July 19, 2007


Michael J. Frevola
Holland & Knight LLP
195 Broadway
New York, New 10007


Dear Mr. Frevola:

Re:    Writ of Maritime Attachment and Garnishment
       Against: UBS Provedores Pty Ltd, aka USB-USS International
       Court Index No. 07 cv 5798


This will confirm our recent telephone conversation where we advised you that HSBC Bank USA, N.A. has captured a wire payment originating from UBS Provedores Pty Ltd in response to the captioned Writ of Maritime Attachment and Garnishment. You directed HSBC Bank USA, N.A. to hold this payment. The payment in the amount of $68,885.12 is being held until further notice from you.


If I can be of further assistance, please contact me at (716) 841-2639.


Sincerely,

John Cyna
Legal Assistant
Legal Processing Department


HSBC Bank USA, National Association
O   URDO G      D.CC.L  NV 14203

TOTAL  P. 01

# EXHIBIT 2

# Holland+Knight

Tel  212 513 3200
Fax  212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

Michael J. Frevola
212 513 3516
michael.frevola@hklaw.com

July 25, 2007

**VIA E-mail**

NR BARBI Solicitor
15/900 Brunswick Street
New Farm Qld 4005
Australia
Att: Adrian Dore, Esq.

> Re:  *Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.*
> SDNY Docket #: 07 Civ. 5798 (CM)
> Our File:  500177-03213

Dear Sirs:

We are counsel for plaintiff Wilhelmsen Premier Marine Fuels AS ("Wilhelmsen") in the referenced matter. It is our understanding that you are Australian counsel for UBS Provedores Pty Ltd. ("UBS"), the defendant in the referenced matter. If you are not counsel for UBS, please advise us accordingly and we will send this correspondence directly to UBS.

We write to advise that Wilhelmsen has attached the approximate sum of $68,000 frozen by HSBC on July 19, 2007, the amount of $68,865.12 frozen by JPMorgan Chase on July 20, 2007, and the amounts of $29,610.37 and $275,399.86 frozen by JPMorgan Chase on July 23, 2007. We attach copies of the notices we have received concerning the JPMorgan Chase attachments; we have not yet received correspondence from HSBC regarding the exact amount of that attachment.

The attachment of these funds was effected in connection with the above-referenced matter, which involves a claim by Wilhelmsen for fuel/bunkers purchased by UBS. We enclose a copy of the Summons, Verified Complaint, Order of Attachment and Writ of Attachment for your reference.

Should UBS not appear in the above-referenced proceeding, we will seek a default against UBS and execute on the attached funds.

Very truly yours,

HOLLAND & KNIGHT LLP

By: 

Michael J. Frevola

cc:    **Via E-mail**
Carl Buchholz, Esq.
Rawle & Henderson, LLP
*Counsel for JPMorgan Chase Bank*

# EXHIBIT 3

## Frevola, Michael (NYC - X73516)

**From:** Jeanne-Marie Van Hemmen [jvanhemmen@bvgklaw.com]

**Sent:** Monday, September 10, 2007 1:13 PM

**To:** Frevola, Michael (NYC - X73516)

**Subject:** Re: Wilhelmsen v. UBS

Dear Mike,

Please confirm that the only funds seized as of this date pursuant to the Raecorp. attachment is the $10,000 destined for BVGK.

Also please confirm that the only funds seized as of this date pursuant to the UBS attachment are the following;

1. $210,795.94 received by Citibank for the benefit of USS-UBS International;

2. $289,378.30 received by Citibank for the benefit of USS-UBS International;

3. $275,399.86 received by JP Morgan from USS-UBS International for the benefit of a third party;

4. $68,865.12 received by JP Morgan from USS-UBS International for the benefit of a third party;

5. $29,610.37 received by JP Morgan. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of third party. Please so indicate.

6. $68,000 received by HSBC. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of a third party. Please so indicate.

Thanks for your assistance.

Regards,

Jeanne-Marie Van Hemmen

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Thursday, September 06, 2007 2:04 PM
**Subject:** Wilhelmsen v. UBS

Dear Jeanne-Marie:

As requested, I attach the Amended Complaint, Exhibits, and the Amended Writ.

I look forward to seeing you tomorrow.

Best regards,
Mike Frevola

<<sdny 07cv5798 amended complaint.pdf>> <<sdny 07cv5798 amended complaint - ex 1.pdf>> <<sdny 07cv5798 amended complaint -- ex 2.pdf>>

<<sdny 07cv5798 amended complaint -- ex 3.pdf>> <<sdny 07cv5798 amended complaint -- ex 4.pdf>> <<SDNY 07cv5798 amended writ.pdf>>

## Holland + Knight

**Michael J. Frevola, Esq.**
Partner
Holland & Knight LLP
195 Broadway
New York, New York 10007

Main    212 513 3200
Direct  212 513 3516
Mobile 516 521 6365
Fax     212 385 9010
Email   michael.frevola@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**EXHIBIT 4**

## Frevola, Michael (NYC - X73516)

**From:**    Frevola, Michael (NYC - X73516)
**Sent:**    Monday, September 10, 2007 1:51 PM
**To:**    X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M
**Subject:** RE: Wilhelmsen v. UBS

Dear Jeanne-Marie:

Your recitation of information is correct with the following minor edits/additions:

1.   The precise amount attached for Raecorp $9,980.00 and we confirm that it is the only attachment of Raecorp funds of which we are presently aware (I copied you a few minutes ago on my e-mail to Bank of America requesting the release of those funds -- if you did not receive it, please let me know and I will send you another copy).

2.   With regard to item number 4, it is our understanding that JP Morgan Chase actually restrained two separate wires from UBS for the benefit of a third party, both in the identical amounts of $68,865.12.

3.   With regard to your item number 5, the $29,610.37 transfer was for the benefit of a third party.

4.   With regard to your item number 6, the exact amount was $68,885.12 and it was transferred by UBS for the benefit of a third party.

I trust that the foregoing is responsive to your request.

Best regards,
Mike Frevola

**Michael J. Frevola, Esq.**
Holland & Knight LLP

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, September 10, 2007 1:13 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: Wilhelmsen v. UBS

Dear Mike,

Please confirm that the only funds seized as of this date pursuant to the Raecorp. attachment is the $10,000 destined for BVGK.

Also please confirm that the only funds seized as of this date pursuant to the UBS attachment are the following;

1. $210,795.94 received by Citibank for the benefit of USS-UBS International;

2. $289,378.30 received by Citibank for the benefit of USS-UBS International;

3. $275,399.86 received by JP Morgan from USS-UBS International for the benefit of a third party;

4. $68,865.12 received by JP Morgan from USS-UBS International for the benefit of a third party;

5. $29,610.37 received by JP Morgan. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of third party. Please so indicate.

6. $68,000 received by HSBC. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of a third party. Please so indicate.

Thanks for your assistance.

1/25/2008

Regards,

Jeanne-Marie Van Hemmen

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Thursday, September 06, 2007 2:04 PM
**Subject:** Wilhelmsen v. UBS

Dear Jeanne-Marie:

As requested, I attach the Amended Complaint, Exhibits, and the Amended Writ.

I look forward to seeing you tomorrow.

Best regards,
Mike Frevola

<<sdny 07cv5798 amended complaint.pdf>> <<sdny 07cv5798 amended complaint - ex 1.pdf>> <<sdny 07cv5798 amended complaint -- ex 2.pdf>>

<<sdny 07cv5798 amended complaint -- ex 3.pdf>> <<sdny 07cv5798 amended complaint -- ex 4.pdf>> <<SDNY 07cv5798 amended writ.pdf>>

# Holland + Knight

**Michael J. Frevola, Esq.**
Partner
Holland & Knight LLP
195 Broadway
New York, New York 10007

Main    212 513 3200
Direct   212 513 3516
Mobile 516 521 6365
Fax      212 385 9010
Email   michael.frevola@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT 5

## Frevola, Michael (NYC - X73516)

**From:**    Frevola, Michael (NYC - X73516)
**Sent:**    Monday, September 10, 2007 2:48 PM
**To:**    X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M
**Subject:** RE: Wilhelmsen v. UBS

Dear Jeanne-Marie:

John Cyna at HSBC advised me that the HSBC attachment was originated by UBS for the benefit of Australia Bunkering. He may have mixed up the details, but that is the order of the transaction as explained to me (and read back to him by me).

Best regards,
Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, September 10, 2007 2:47 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: Wilhelmsen v. UBS

Mike,

Please confirm that the HSBC attachment was from a third party for the benefit of UBS.

B/rgards,

Jeanne-Marie

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Monday, September 10, 2007 1:55 PM
**Subject:** RE: Wilhelmsen v. UBS

You're welcome.

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, September 10, 2007 1:55 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: Wilhelmsen v. UBS

Thanks for the clarification.

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Monday, September 10, 2007 1:51 PM
**Subject:** RE: Wilhelmsen v. UBS

Dear Jeanne-Marie:

Your recitation of information is correct with the following minor edits/additions:

1.    The precise amount attached for Raecorp $9,980.00 and we confirm that it is the only attachment of Raecorp funds of which we are presently aware (I copied you a few minutes ago on my e-mail to Bank of America requesting the release of those funds – if you did not receive it, please let me know and I will send you another copy).

2.    With regard to item number 4, it is our understanding that JP Morgan Chase actually restrained two separate wires from UBS for the benefit of a third party, both in the identical amounts of $68,865.12.

3.    With regard to your item number 5, the $29,610.37 transfer was for the benefit of a third party.

4.    With regard to your item number 6, the exact amount was $68,885.12 and it was transferred by UBS for the benefit of a third party.

I trust that the foregoing is responsive to your request.

Best regards,
Mike Frevola

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, September 10, 2007 1:13 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: Wilhelmsen v. UBS

Dear Mike,

Please confirm that the only funds seized as of this date pursuant to the Raecorp. attachment is the $10,000 destined for BVGK.

Also please confirm that the only funds seized as of this date pursuant to the UBS attachment are the following;

1. $210,795.94 received by Citibank for the benefit of USS-UBS International;

2. $289,378.30 received by Citibank for the benefit of USS-UBS International;

3. $275,399.86 received by JP Morgan from USS-UBS International for the benefit of a third party;

4. $68,865.12 received by JP Morgan from USS-UBS International for the benefit of a third party;

5. $29,610.37 received by JP Morgan. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of third party. Please so indicate.

6. $68,000 received by HSBC. Your correspondence does not indicate whether this was for the benefit of USS-UBS International or from USS-UBS for the benefit of a third party. Please so indicate.

Thanks for your assistance.

Regards,

Jeanne-Marie Van Hemmen

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Thursday, September 06, 2007 2:04 PM
**Subject:** Wilhelmsen v. UBS

Dear Jeanne-Marie:

As requested, I attach the Amended Complaint, Exhibits, and the Amended Writ.

I look forward to seeing you tomorrow.

Best regards,
Mike Frevola

<<sdny 07cv5798 amended complaint.pdf>> <<sdny 07cv5798 amended complaint - ex 1.pdf>> <<sdny 07cv5798 amended complaint -- ex 2.pdf>>

<<sdny 07cv5798 amended complaint -- ex 3.pdf>> <<sdny 07cv5798 amended complaint -- ex 4.pdf>> <<SDNY 07cv5798 amended writ.pdf>>

# Holland + Knight

**Michael J. Frevola, Esq.**
Partner
Holland & Knight LLP
195 Broadway
New York, New York 10007

Main    212 513 3200
Direct  212 513 3516
Mobile  516 521 6365
Fax     212 385 9010
Email   michael.frevola@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT 6

## Frevola, Michael (NYC - X73516)

**From:**   Jeanne-Marie Van Hemmen [jvanhemmen@bvgklaw.com]
**Sent:**   Friday, September 14, 2007 2:58 PM
**To:**     Frevola, Michael (NYC - X73516)
**Subject:** Re: Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 07-5798 PMAG -- amended writ

Hi Mike

If you could send those telephone numbers and contact info when you have a moment, I would appreciate it.

Thanks.

Jeanne-Marie

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Sent:** Tuesday, September 11, 2007 5:08 PM
**Subject:** FW: Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 07-5798 PMAG -- amended writ

Dear Jeanne-Marie:

I attach below a notice from Citibank of another small amount attached ($2,619.67) that we received earlier this afternoon.

Best regards,
Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Corner, Rodd [mailto:rodd.corner@citi.com]
**Sent:** Tuesday, September 11, 2007 3:24 PM
**To:** Green, Rudy (NYC - X73591); Frevola, Michael (NYC - X73516); Honan, Bill (NYC - X73300)
**Subject:** RE: Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 07-5798 PMAG -- amended writ
**Importance:** High

Please be advised that Citibank has received a payment for the benefit of **USS-UBS International** in the amount of $2619.67 ($2,644.67 minus $25 fee). We will continue to hold this payment until further notice from you.

NOTE TO FTN UNIT: Please continue to hold this payment....thanks, Rodd


CAR9892

NYFTA

,NYSIDCB 100527

TEST NR

0527 10CITIUS33AXXX39245

0527 10CITIMYKLAXXX00000

103 02

:20:3147253011/0

:23B:CRED

:32A:070910USD2644,67

:33B:USD2654,62

:50K:/0115737015

BARWIL WESTEXT SDN BHD

1 SENTRAL, 18TH FLOOR,

JLN TRAVERS,

KUALA LUMPUR SENTRAL,

:52D:BARWIL WESTEXT SDN BHD

:57A:NATAAU33033

:59:/465073883

USS-UBS INTERNATIONAL

:70:REFUND OF CREDIT BALANCE.

RATE CONFIRMED BY MISS PIK YENG.

:71A:BEN

:71F:USD0,00

-------------------------------

Rodd Corner
Citi
Office of the General Counsel
388 Greenwich St, 17th Floor
New York, NY 10013
Tel: 212-816-3049
Fax: 646-291-1533

-----Original Message-----
**From:** rudy.green@hklaw.com [mailto:rudy.green@hklaw.com]
**Sent:** Monday, September 10, 2007 9:00 AM
**To:** Diana.Serna@us.fortis.com; aebpmag@zeklaw.com; Mihalik, Mary B [CMB-GCO]; jennifer.paley@ubs.com; maritime.attachments@wachovia.com; reisert@navlaw.com; johanna.vargas@us.standardchartered.com; lynne.britt@us.fortis.com; lauren.maier@us.fortis.com; lpiechocki@mw-law.com; john.bardakjy@sgcib.com; jonelli@cbkna.com; acole@cbkna.com.; pmag@zeklaw.com; pmag@americas.bnpparibas.com; nmorton@btmna.com; yroman@us.mufg.jp; yholland@us.mufg.jp; mildred.cuevas@leumiusa.com; carlos.cabrales@leumiusa.com; errickf@bpop.com; tdaniels@cbkna.com.; Corner, Rodd [CMB-GCO]
**Subject:** Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 07-5798 PMAG -- amended writ

<<SDNY 07cv5798 amended writ.pdf>> <<SDNY 07cv5798 -- Order for Issuance of Amended Writ of Attachment.pdf>>

Dear Ladies and Gentlemen:

Attached are copies of the following documents:

1.    Amended Writ of Attachment and Garnishment;

2.    Order for Issuance of an amended Writ of Attachment and Garnishment;

It is our understanding that you will accept service of the above documents by email after the initial service. If you have any questions, please contact me at (212) 513-3591.

Best regards,

- Rudy Green

# Holland + Knight

**Rudy D. Green**
Managing Clerk
Holland & Knight LLP

195 Broadway
New York, N.Y. 10007-3189

Main   212-513-3200
Direct 212-513-3591
Fax    212-513-3591
Email  rudy.green@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT 7

## Frevola, Michael (NYC - X73516)

| | |
|---|---|
| **From:** | Frevola, Michael (NYC - X73516) |
| **Sent:** | Friday, September 14, 2007 4:11 PM |
| **To:** | X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M |
| **Subject:** | FW: Mary B. Mihalik |

**Attachments:**    Mary B  Mihalik.vcf; Barry J Glickman.vcf; Ying Wang.vcf; Patricia McElveen.vcf

Dear Jeanne-Marie:

Sorry for the delay.

You may recall seeing a notice letter from Rawle & Henderson in the notices that I passed to you.  They represent JPMorgan Chase and (if I recall correctly) Bank of New York. .

Barry Glickman (v-card below) represents Bank of America and Amex, and may have a few others.

Mary Mihalik is Citibank.

Ying Wang is Bank of China.

Patricia McElveen is ABNAmro.

More to follow.

Best regards,
Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP



| Mary B  Mihalik.vcf | Barry J | Ying Wang.vcf (657 | Patricia |
|---|---|---|---|
| (4 KB) | Glickman.vcf (657 B) | B) | McElveen.vcf (480 B) |

1

## Frevola, Michael (NYC - X73516)

| | |
|---|---|
| **From:** | Frevola, Michael (NYC - X73516) |
| **Sent:** | Friday, September 14, 2007 5:02 PM |
| **To:** | X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M |
| **Subject:** | Wilhelmsen/UBS -- More Banks |

**Attachments:**      John Cyna.vcf; Johanna Vargas.vcf; Yvonne Falconer.vcf; Nancy Morton.vcf; Paula Pena.vcf

Jeanne-Marie:

John Cyna is HSBC.

Yvonne Falconer is Deutsche Bank.

Nancy Morton is BOT-M UFJ.

Paula Pena and Johanna Vargas are Standard Chartered.

Wachovia is represented by the firm that put in an interrogatory response/answer (on which I previously copied you).

Societe Generale is represented by Rich Reisert (see SocGen's answer on the docket).

This e-mail and the previous one encompasses about 14 of the 20 or so banks that we serve and all of the ones that we usually get hits from.  Please let me know if you have any further questions.

Best regards,
Mike Frevola

**Michael J. Frevola, Esq.**
Holland & Knight LLP

John Cyna.vcf (4    Johanna Vargas.vcf       Yvonne          Nancy Morton.vcf    Paula Pena.vcf
KB)                      (488 B)        Falconer.vcf (311 B)     (252 B)             (297 B)

1

# EXHIBIT 8

## Frevola, Michael (NYC - X73516)

**From:**    Jeanne-Marie Van Hemmen [jvanhemmen@bvgklaw.com]

**Sent:**    Friday, September 14, 2007 3:34 PM

**To:**    Norberto.B.Bonga@jpmchase.com; Johnette.Reid@jpmchase.com; teresa.j.goldberg@chase.com

**Cc:**    cbuckholz@rawle.com; lphiliposian@rawle.com; Frevola, Michael (NYC - X73516)

**Subject:** Wilhelmsen Premier Fuels v. UBS Provedores Pty Ltd, SDNY: 07-5798

Dear Mssrs Bonga, Reid and Goldberg,

We are attorneys representing UBS Provedores Pty Ltd and Raecorp. International in the referenced matter. We understand JP Morgan Chase garnished a number of funds transferred through the bank since July, 2007.

We require a statement of all the funds garnished to date in connection with UBS' and Raecorp's emergent application with the Court that will be filed on Monday, September 17, 2007. We attempted to reach your attorneys at Rawle Henderson in connection with our request but have not had success reaching them. Given the time constraints, we felt compelled to reach out directly to you. Your assistance in this matter is greatly appreciated. My telephone number is (732) 530-4646 should you have any questions.

Very Truly Yours,

Betancourt, Van Hemmen, Greco & Kenyon

By Jeanne-Marie Van Hemmen

# EXHIBIT 9

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AUSTRALIA BUNKERING PTY LTD.,

        Plaintiff,

    -against-

UBS PROVEDORES PTY LTD. a/k/a USS-UBS
INTERNATIONAL and RAECORP. INTERNATIONAL
PTY LTD.,

        Defendants.

------------------------------------------------------------X

**07 CIV 9412**

ORDER FOR ISSUANCE OF
AN AMENDED WRIT OF
**ATTACHMENT**
**AND GARNISHMENT**

    **UPON** reading the Verified Complaint, for issuance of process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B"), and the affidavits and papers submitted in support thereof, and the Court finding that the conditions for an action under Supplemental Rule B appear to exist;

    **NOW,** upon motion of Peckar & Abramson, P.C., attorneys for plaintiff, it is hereby

    **ORDERED** that the Clerk issue process of attachment and garnishment pursuant to Supplemental Rule B as prayed for in the Amended Verified Complaint in the amount of $1,544,460.16 against all goods, chattel, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property belonging to, claimed by, being held for or on behalf of, or being transferred for the benefit of UBS Provedores Pty Ltd. and/or USS-UBS International and/or Raecorp. International Pty Ltd., by any garnishee within this district, including, *inter alia*, funds or account held in the names of UBS Provedores Pty Ltd. and/or USS-UBS International and/or Raecorp. International Pty Ltd. with the following financial institutions:

Bank of America, N.A.

The Bank of New York

Citibank N.A.

Deutsche Bank Trust Company Americas

HSBC Bank USA, N.A.

JPMorgan Chase Bank, N.A.

UBS AG Wachovia Bank, N.A.

Societe Generale

Standard Chartered Bank

BNP Paribas

Calyon Investment Bank

American Express Bank

Commerzbank

ABN Amro Bank

Bank Leumi USA

Fortis Financial Groups

Banco Popular; Travelex, Ltd

and it is further

**ORDERED** that said Order will be equally applicable to any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in an amount up to and including 1,544,406.16, pursuant to Supplemental Rule B; and it is further

**ORDERED** that any persons claiming an interest in the property attached or garnished pursuant to this Order and the process of maritime attachment and garnishment shall, upon application to this Court, be entitled to a prompt hearing at which plaintiff shall be required to

2

show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing this Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service upon any garnishee by the United States Marshal or any other person designated or authorized by Order to make service in this action, subsequent or supplemental service of Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including email, to each garnishee so personally served; and it is further *provided they consent to same*

**ORDERED** that service on any garnishee herein be deemed to be effective and *same* continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of garnishee's business the next business day; and it is further *provided garnishee consent to same.*

**ORDERED** that a copy of this Order be attached to and served with the said process of maritime attachment and garnishment; and it is further

**ORDERED** pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure that the writs of attachment and garnishment may be served by any person, who is not less than 18 years of age, and who is not a party to this action.

Dated: New York, New York
    October __19__, 2007

SO ORDERED.

_____
U.S.D.J.

3

# EXHIBIT 10

# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway
New York, NY 10007-3189
www.hklaw.com

| TO: | | |
|---|---|---|
| John Cyna | HSBC | (716) 841-7651 |
| NAME | COMPANY/FIRM | FAX NUMBER |
| | | (716) 841-2639 |
| CITY | STATE | (TELEPHONE NUMBER) |

| FROM: | | |
|---|---|---|
| Michael J. Frevola | (212) 513-3526 | 5 |
| NAME | TELEPHONE | TOTAL PAGES (Including Cover Sheet) |

FOR THE RECORD:

DATE: October 24, 2007    URGENCY: ☐ SUPER RUSH    ☐ RUSH ☐ REGULAR

FAXED BY:    FILE #:    500177.003213    CLIENT NAME:  Wilhelmsen

CONFIRMED: ☐ YES ☐ NO    NAME:    TIME:

If you did not receive all of the pages or find that they are illegible, please call
212 513 3200

CONFIDENTIALITY NOTICE:    This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

**MESSAGE:**

Re: Writ of Maritime Attachment and Garnishment
Against UBS Provedores Pty Ltd, aka USB-USS International
Court Index No. 07 cv 5798

Dear John,

Further to our telephone conversation of this morning, I attach a copy of the Consent Order issued by Judge McMahon in the referenced matter which disposes of the attached funds and directs payment to Wilhelmsen Premier Marine Fuels AS.

Please let me know if you have any questions, and I would appreciate it if you could advise when the funds have been forwarded to Wilhelmsen.

Best regards,

Mike Frevola

# 4880474_v1

DIST EXEC SDNY        Fax:212-805-0383        Oct 22 2007 04:21pm P001/004

## FAX COVER SHEET

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**500 PEARL STREET**
**NEW YORK, NEW YORK 10007**
**PHONE: 212-805-6325**
**FAX : 212-805-6326**

**JUDGE MCMAHON**
**DISTRICT JUDGE**

TO: _All Counsel in 07CV5798_        FROM: _____

_____        _____

_____        _____

_____        _____

PAGES (INCLUDING THIS COVER SHEET): _4_

THE INFORMATION IN THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU HAVE RECEIVED THIS
FACSIMILE IN ERROR, CONTACT THE NUMBER ABOVE AND EITHER DESTROY THE ORIGINAL OR RETURN IT BY MAIL. ANY USE OF THIS
FACSIMILE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.

DIST EXEC SDNY          Fax:212-805-0383          Oct 22 2007 04:21pm P002/004

William J. Honan (WJH 1922)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  10/22/07
```

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILHELMSEN PREMIER MARINE FUELS AS,

　　　　　　　　Plaintiff,

　　　　　　-against-

UBS PROVEDORES PTY LTD. a/k/a
USS-UBS INTERNATIONAL and
RAECORP INTERNATIONAL PTY LTD.,

　　　　　　　　Defendants.

07 Civ. 5798 (CM)

CONSENT
ORDER

WHEREAS, on or about June 19, 2007, Wilhelmsen Premier Marine Fuels AS ("Plaintiff") filed this action against UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS"), and obtained the issuance of a Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and Garnishment dated on or about June 28, 2007; and

WHEREAS, on or about August 23, 2007, Plaintiff subsequently filed its amended complaint to add Raecorp International Pty Ltd. ("Raecorp") as an additional defendant (UBS and Raecorp collectively will hereinafter be referred to "Defendants"), and obtained the issuance

of an Amended Writ of Attachment and Garnishment and an Order for Issuance of an Amended
Writ of Attachment and Garnishment dated on or about August 29, 2007; and

**WHEREAS,** the Writ of Attachment and Garnishment and an Order for Issuance of a Writ
of Attachment and Garnishment dated on or about June 28, 2007 and the Amended Writ of
Attachment and Garnishment and an Order for Issuance of a Amended Writ of Attachment and
Garnishment dated on or about August 29, 2007 (collectively referred to as the "Process of
Maritime Attachment and Garnishment") were subsequently served on various garnishee banks
in this district; and

**WHEREAS,** Plaintiff has attached funds that were being routed from or to accounts held by
UBS in the collective sum of $1,108,544.50 (the "Security"), which Security presently is in the
possession of the following garnishees: (1) the amounts of $210,795.94, $289,378.30, $2,619.67
and $93,625.00 with Citibank, N.A.; (2) the amounts of $275,399.86, $68,865.12, $68,865.12
and $29,610.37 with JPMorgan Chase; (3) the amount of $68,885.12 with HSBC Bank USA,
N.A., and (4) the amounts of $300.00 and $200.00 at Wachovia Bank, N.A.; and

**WHEREAS,** the Plaintiff and the Defendants have agreed to settle Plaintiff's claims;

**NOW,** pursuant to the subjoined consent of the attorneys for Plaintiff and Defendants, it is:

**ORDERED** that the entirety of the Security is to released and wired to the following account
of Plaintiff's:

| | |
|---|---|
| Bank Name: | Nordea Bank, London |
| Swift: | NDEAGB2L |
| IBAN Number: | GB10NDEA40487859955102 |
| Account Number: | 59955102 |
| Beneficiary Name: | Wilhelmsen Premier Marine Fuels AS |

2

DIST EXEC SDNY        Fax:212-805-0393        Oct 22 2007 04:21pm  P004/004

and it is further

ORDERED that this Consent Order likewise shall apply to all further funds frozen by

garnishees pursuant to the Process of Maritime Attachment and Garnishment and release of such

funds is directed without Plaintiff having to apply for a supplemental consent order.  All such

**frozen amounts shall be transferred in accordance with the original wire instructions.**

Dated:        October 19, 2007

HOLLAND & KNIGHT LLP

By:

Michael J. Frevola
195 Broadway
New York, New York 10007
(212) 513-3516
(212) 385-9010 fax
michael.frevola@hklaw.com
*Attorneys for Plaintiff Wilhelmsen Premier Marine Fuels AS*

BETANCOURT, VAN HEMMEN, GRECO & KENYON

By:                                    (For)

Jeanne-Marie van Hemmen
46 Trinity Place
New York, New York 10006
(212) 297-0050
jvanhemmen@bvgklaw.com
*Attorneys for Defendants UBS Provadores Pty Ltd. a/k/a USS-UBS International
and Raecorp International Pty Ltd.*

SO ORDERED:

_____        11/22/07
United States District Judge                  / Date /

3

JOB STATUS REPORT

```
TIME  : 10/24/2007 12:13
NAME  :
FAX#  :
TEL#  :
SER.# : BRO5J1510513
```

```
DATE,TIME              10/24  12:11
FAX NO./NAME           917168417651
DURATION               00:01:23
PAGE(S)                05
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway
New York, NY 10007-3189
www.hklaw.com

| TO: | | |
|---|---|---|
| John Cyna | HSBC | (716) 841-7651 |
| NAME | COMPANY/FIRM | FAX NUMBER |
| | | (716) 841-2639 |
| CITY | STATE | (TELEPHONE NUMBER) |

| FROM: | | |
|---|---|---|
| Michael J. Frevola | (212) 513-3526 | 5 |
| NAME | TELEPHONE | TOTAL PAGES (Including Cover Sheet) |

| FOR THE RECORD: | | |
|---|---|---|
| DATE: October 24, 2007 | URGENCY: ☐ SUPER RUSH | ☐ RUSH ☐ REGULAR |
| FAXED BY: | FILE #:  500177.003213 | CLIENT NAME: Wilhelmsen |
| CONFIRMED: ☐ YES ☐ NO | NAME: | TIME: |

If you did not receive all of the pages or find that they are illegible, please call
**212 513 3200**

CONFIDENTIALITY NOTICE: This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

**MESSAGE:**

Re:  Writ of Maritime Attachment and Garnishment
Against UBS Provedores Pty Ltd, aka USB-USS International
Court Index No. 07 cv 5798

# EXHIBIT 11

## Frevola, Michael (NYC - X73516)

**From:** Jeanne-Marie Van Hemmen [jvanhemmen@bvgklaw.com]
**Sent:** Monday, October 29, 2007 4:34 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: 20071636 B - Arbitration no 7962

Hi Mike,

No. You can do anything with the correspondence I sent you. I did not think it appropriate for me to correspond with the LCIA directly under the circumstances.

Can you provide me with confirmation that Wilhelmsen has received all of the "Initial Payment" and that Citibank still has the $44,000?

Regards,

Jeanne-Marie3

----- Original Message -----
**From:** michael.frevola@hklaw.com
**To:** jvanhemmen@bvgklaw.com
**Cc:** lbrautaset@nordisk.no
**Sent:** Monday, October 29, 2007 4:18 PM
**Subject:** RE: 20071636 B - Arbitration no 7962

Dear Jeanne-Marie:

Understood. Would you mind if we forwarded your e-mail to the LCIA, so that the LCIA can see that you have received the notice?

Best regards,
Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, October 29, 2007 4:19 PM
**To:** Frevola, Michael (NYC - X73516)
**Cc:** Lasse Brautaset
**Subject:** Fw: 20071636 B - Arbitration no 7962

Dear Michael,

We received the email below from Ms. Ruth Byrne, who is apparently affiliated with the LCIA. As you are aware, it is UBS' position that the LCIA has no jurisdiction over the Wilhelmsen/UBS dispute ("Dispute"). Accordingly, we decline to provide the LCIA confirmation of a settlement or any other information relevant to the Dispute. Please be guided accordingly,

Best Regards,

Jeanne-Marie Van Hemmen
----- Original Message -----
**From:** Counsel
**To:** Lasse Brautaset ; jvanhemmen@bvgklaw.com ; billrae@ussubsint.com ; billrae@raecorpint.com ; michael.frevola@hklaw.com ; Knut.Bjornebye@wilhelmsen.com ; Hans.M.Borge@wilhelmsen.com
**Cc:** Casework
**Sent:** Friday, October 26, 2007 7:20 AM

**Subject:** RE: 20071636 B - Arbitration no 7962

Dear Sirs,

I acknowledge receipt, yesterday, of Nordisk Legal Services' letter confirming that, subject to certain conditions, the above matter has reached a settlement. I should be grateful if, for the sake of good order, the Respondent's counsel would confirm their agreement with this position. We also look forward to hearing further from the parties once the conditions to settlement have been met.

With kind regards

Ruth Byrne

Counsel

LCIA
70 Fleet Street
London EC4Y 1EU
Tel:  +44 (0) 20 7936 7007
Fax: +44 (0) 20 7936 7008
www.lcia.org

---

**From:** Anne Mette Mevlk [mailto:ammevlk@nordisk.no] **On Behalf Of** Lasse Brautaset
**Sent:** 25 October 2007 15:24
**To:** Casework
**Cc:** jvanhemmen@bvgklaw.com; billrae@raecorpint.com; billrae@ussubsint.com; michael.frevola@hklaw.com;
Knut.Bjornebye@wilhelmsen.com; Hans.M.Borge@wilhelmsen.com
**Subject:** 20071636 B - Arbitration no 7962


<<Document.pdf>>


---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

# EXHIBIT 12

## Frevola, Michael (NYC - X73516)

**From:** Frevola, Michael (NYC - X73516)
**Sent:** Monday, October 29, 2007 4:44 PM
**To:** X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M
**Subject:** RE: 20071636 B - Arbitration no 7962

Dear Jeanne-Marie:

OK. Sounds reasonable to me.

On the Initial Payment side, I have to confirm exact numbers with Wilhelmsen through Nordea London but I'm pretty sure that we have gotten everything but the $68K from HSBC (the numbers match up that way). I spoke to HSBC a little earlier and I just re-sent my fax of last Wednesday attaching the Consent Order. HSBC confirmed that they still have the $68K, so that also leads me to believe that this is the sole remaining amount outstanding.

As for the $44K at Citibank, I specifically saw the wiring directions which kept the $44K at Citibank, so -- while I haven't checked today -- I'm pretty certain that it stands ready for our disposal. Any word on what the $44K was paying off?

Best regards,
Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, October 29, 2007 4:34 PM
**To:** Frevola, Michael (NYC - X73516)
**Subject:** Re: 20071636 B - Arbitration no 7962

Hi Mike,

No. You can do anything with the correspondence I sent you. I did not think it appropriate for me to correspond with the LCIA directly under the circumstances.

Can you provide me with confirmation that Wilhelmsen has received all of the "Initial Payment" and that Citibank still has the $44,000?

Regards,

Jeanne-Marie3

> ----- Original Message -----
> **From:** michael.frevola@hklaw.com
> **To:** jvanhemmen@bvgklaw.com
> **Cc:** lbrautaset@nordisk.no
> **Sent:** Monday, October 29, 2007 4:18 PM
> **Subject:** RE: 20071636 B - Arbitration no 7962
>
> Dear Jeanne-Marie:
>
> Understood. Would you mind if we forwarded your e-mail to the LCIA, so that the LCIA can see that you have received the notice?
>
> Best regards,
> Mike

**Michael J. Frevola, Esq.**
Holland & Knight LLP

---

**From:** Jeanne-Marie Van Hemmen [mailto:jvanhemmen@bvgklaw.com]
**Sent:** Monday, October 29, 2007 4:19 PM
**To:** Frevola, Michael (NYC - X73516)
**Cc:** Lasse Brautaset
**Subject:** Fw: 20071636 B - Arbitration no 7962

Dear Michael,

We received the email below from Ms. Ruth Byrne, who is apparently affiliated with the LCIA. As you are aware, it is UBS' position that the LCIA has no jurisdiction over the Wilhelmsen/UBS dispute ("Dispute"). Accordingly, we decline to provide the LCIA confirmation of a settlement or any other information relevant to the Dispute. Please be guided accordingly,

Best Regards,

Jeanne-Marie Van Hemmen
----- Original Message -----
**From:** Counsel
**To:** Lasse Brautaset ; jvanhemmen@bvgklaw.com ; billrae@ussubsint.com ; billrae@raecorpint.com ;
michael.frevola@hklaw.com ; Knut.Bjornebye@wilhelmsen.com ; Hans.M.Borge@wilhelmsen.com
**Cc:** Casework
**Sent:** Friday, October 26, 2007 7:20 AM
**Subject:** RE: 20071636 B - Arbitration no 7962

Dear Sirs,

I acknowledge receipt, yesterday, of Nordisk Legal Services' letter confirming that, subject to certain conditions, the above matter has reached a settlement. I should be grateful if, for the sake of good order, the Respondent's counsel would confirm their agreement with this position. We also look forward to hearing further from the parties once the conditions to settlement have been met.

With kind regards

Ruth Byrne

Counsel

LCIA
70 Fleet Street
London EC4Y 1EU
Tel: +44 (0) 20 7936 7007
Fax: +44 (0) 20 7936 7008
www.lcia.org

---

**From:** Anne Mette Mevik [mailto:ammevik@nordisk.no] **On Behalf Of** Lasse Brautaset
**Sent:** 25 October 2007 15:24
**To:** Casework
**Cc:** jvanhemmen@bvgklaw.com; billrae@raecorpint.com; billrae@ussubsint.com; michael.frevola@hklaw.com;
Knut.Bjornebye@wilhelmsen.com; Hans.M.Borge@wilhelmsen.com
**Subject:** 20071636 B - Arbitration no 7962


<<Document.pdf>>

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

**EXHIBIT 13**

**Frevola, Michael (NYC - X73516)**

**From:**     Jean Marie Van Hemmen [jvanhemmen@bvgklaw.com]
**Sent:**     Monday, January 07, 2008 3:47 PM
**To:**     Frevola, Michael (NYC - X73516)
**Subject:** Wilhelmsen

Dear Michael,

I hope you had fun holidays, and I wish you a happy New Year.

It appears UBS timely furnished the Second Payment to Wilhelmsen, pursuant to the Settlement Agreement. However, I have not seen any evidence of Wilhelmsen's compliance with its obligation to submit an order to the SDNY discontinuing its lawsuit with prejudice and and vacating the attachment. Nor does it appear Wilhelmsen's arbitration demand was vacated. Please confirm my understanding that these steps have not been taken yet by Wilhelmsen. Let me know if there is any reason for Wilhelmsen's noncompliance, other than the fact I did not demand action sooner.

regards,

Jeanne-Marie Van Hemmen

# EXHIBIT 14

## Frevola, Michael (NYC - X73516)

| From: | Frevola, Michael (NYC - X73516) |
|---|---|
| Sent: | Friday, January 11, 2008 8:43 AM |
| To: | X-Betancourt, Van Hemmen, Greco & Kenyon - Van Hemmen, J M |
| Subject: | Wilhelmsen/UBS |

Dear Jeanne-Marie:

Let me take the opportunity to wish you a Happy New Year. I regret the delay in responding but I hadn't looked at the file much in the last several weeks and I needed to confirm where things stood before replying to your inquiry.

As you will have seen by the e-mail copied to you from the LCIA, Wilhelmsen has notified the LCIA that it has withdrawn its London arbitration demand. I confirm that we have not filed for dismissal of the New York Rule B proceeding.

I must disagree with your position that Wilhelmsen is in breach of the Settlement Agreement by not yet dismissing the New York Rule B proceeding. UBS offered various forms of consideration to Wilhelmsen in exchange for the discontinuance of the New York Rule B proceeding and the compromising of its claims against UBS. Certain material portions of that consideration have not yet been provided to Wilhelmsen, although promised by UBS.

First, UBS has provided nothing whatsoever to Wilhelmsen regarding the Government Claims, despite UBS' obligation in the Settlement Agreement to "provide to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the U.S. government concerning the Government Claims." On at least one occasion, on November 13, 2007, I reminded you of this and you told me that UBS was assembling the documentation. We never have received those documents.

Second, UBS likewise warranted to use its "best endeavors to recover from the U.S. government on the Government Claims." We have seen no evidence of this and, in view of the lack of production of the promised documents discussed in the preceding paragraph, we suspect that UBS is not complying with this obligation as well.

Third, Wilhelmsen still has not received $68,885.12 that it was supposed to receive from HSBC that was part of the Initial Payment of the Settlement Agreement. After a lengthy inquiry, it appears that HSBC let these funds go even though they properly were under attachment at the time of the release. As a result, UBS remains $68,885.12 short of its obligation to pay Wilhelmsen under the Initial Payment.

Accordingly, we demand that UBS provide these promised elements of consideration within the next 14 days, that is, by 5 p.m. EST on Friday, January 25, 2008.

I look forward to hearing from you.

Regards,

Mike Frevola

# Holland + Knight

**Michael J. Frevola, Esq.**
Partner
Holland & Knight LLP
195 Broadway

1

New York, New York 10007

Main   212 513 3200
Direct 212 513 3516
Fax   212 385 9010
Email   michael.frevola@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence.  If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

2

# EXHIBIT 15

## Frevola, Michael (NYC - X73516)

**From:**    Jean Marie Van Hemmen [jvanhemmen@bvgklaw.com]

**Sent:**    Friday, January 11, 2008 1:31 PM

**To:**    Frevola, Michael (NYC - X73516)

**Subject:** RE: Wilhelmsen/UBS

Dear Michael,

I just returned to the office and received your response to my emails and telephone calls. As you are probably aware already, I submitted the order dismissing the case to the Court myself when you did not return my emails and phone calls as promised yesterday.

Dismissal of the case is required by the terms of the settlement agreement. UBS' obligations precedent to Wilhelmsen's dismissal of the case have been satisfied. UBS submitted the consent order directing the attached funds to be paid to Wilhelmsen and made the Second Payment. Wilhelmsen is obligated by the settlement agreement to now dismiss its case with prejudice. The bank error, of which you only informed me today, was Wilhelmsen's risk. UBS has no obligation to pay Wilhelmsen additional funds beyond the Second Payment (and, of course, funds recovered from the government, should that occur).

Regarding your request for documentation regarding the Government Claim, I will follow up with UBS and provide whatever they have. I deny that you requested this documentation on November 13, 2007. My recollection is that you asked if UBS had received any information from the Governement regarding the claim. My understanding is that UBS had not. In any event, provision of that documentation is not a condition precedent to the dismissal with prejudice of Wilhelmsen's lawsuit.

Wilhelmsen's failure to dismiss its claims against UBS with prejudice at this juncture would be a material breach of the terms of the settlement agreement, relieving UBS of its remaining obligations under the agreement, including paying out on any recovery on its Government Claim. Please confirm Wilhelmsen's intention to permit entry of the order dismissing its claims with prejudice.

Regards,

Jeanne-Marie

---

**From:** michael.frevola@hklaw.com [mailto:michael.frevola@hklaw.com]
**Sent:** Friday, January 11, 2008 8:45 AM
**To:** Jean Marie Van Hemmen
**Subject:** Wilhelmsen/UBS

Dear Jeanne-Marie:

Let me take the opportunity to wish you a Happy New Year. I regret the delay in responding but I hadn't looked at the file much in the last several weeks and I needed to confirm where things stood before replying to your inquiry.

As you will have seen by the e-mail copied to you from the LCIA, Wilhelmsen has notified the LCIA that it has withdrawn its London arbitration demand. I confirm that we have not filed for dismissal of the New York Rule B proceeding.

I must disagree with your position that Wilhelmsen is in breach of the Settlement Agreement by not yet dismissing the New York Rule B proceeding. UBS offered various forms of consideration to Wilhelmsen in exchange for the discontinuance of the New York Rule B proceeding and the compromising of its claims against UBS. Certain material portions of that consideration have not yet been provided to Wilhelmsen, although promised by UBS.

First, UBS has provided nothing whatsoever to Wilhelmsen regarding the Government Claims, despite UBS' obligation in the Settlement Agreement to "provide to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the U.S. government concerning the Government Claims." On at least one occasion, on

November 13, 2007, I reminded you of this and you told me that UBS was assembling the documentation. We never have received those documents.

Second, UBS likewise warranted to use its "best endeavors to recover from the U.S. government on the Government Claims." We have seen no evidence of this and, in view of the lack of production of the promised documents discussed in the preceding paragraph, we suspect that UBS is not complying with this obligation as well.

Third, Wilhelmsen still has not received $68.885.12 that it was supposed to receive from HSBC that was part of the Initial Payment of the Settlement Agreement. After a lengthy inquiry, it appears that HSBC let these funds go even though they properly were under attachment at the time of the release. As a result, UBS remains $68,885.12 short of its obligation to pay Wilhelmsen under the Initial Payment.

*Accordingly, we demand that UBS provide these promised elements of consideration within the next 14 days, that is, by 5 p.m. EST on Friday, January 25, 2008.*

I look forward to hearing from you.
Regards,
Mike Frevola

# Holland + Knight

**Michael J. Frevola, Esq.**
Partner
Holland & Knight LLP
195 Broadway
New York, New York 10007

Main   212 513 3200
Direct 212 513 3516
Fax    212 385 9010
Email  michael.frevola@hklaw.com

*www.hklaw.com*

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.