William J. Honan (WJH 1922)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILHELMSEN PREMIER MARINE FUELS AS,<br><br>            Plaintiff,<br><br>        -against-<br><br>UBS PROVEDORES PTY LTD. a/k/a<br>USS-UBS INTERNATIONAL and<br>RAECORP INTERNATIONAL PTY LTD.,<br><br>            Defendants. | 07 Civ. 5798 (CM)<br><br>**AFFIDAVIT OF<br>RONALD H. USCHER IN<br>SUPPORT OF PLAINTIFF'S<br>AMENDED MOTION TO<br>VACATE DISMISSAL ORDER** |

District of Columbia        )
                            ) ss:
City of Washington          )

Ronald H. Uscher, being duly sworn, deposes and says:

    1.    I am a member of the firm of Peckar & Abramson, P.C.  I have been retained by

plaintiff Wilhelmsen Premier Marine Fuels AS ("Wilhelmsen") to provide counseling on federal

government procurement issues pertaining to the referenced matter.

2.    I am familiar with the facts and circumstances underlying this dispute and my statements are based upon my own personal knowledge.

3.    I provide this affidavit in support of Wilhelmsen's amended application to vacate the Order of Dismissal with prejudice dated January 14, 2008 granted in favor of Defendants UBS Provedores Pty Ltd. a/k/a USS-UBS International ("UBS") and RaeCorp International Pty Ltd.

4.    I was retained by Wilhelmsen in January 2008 after the parties had executed their Settlement Agreement dated October 22, 2007 (the "Settlement Agreement"), for the purpose of making inquiries with the U.S. Government, and specifically the Defense Energy Support Center ("DESC"), as to the status of UBS' claims pending before the DESC for UBS' fueling services provided to U.S. Government vessels in Sasebo and Naha, Japan.    The parties' Settlement Agreement, annexed as Exhibit #1 to the van Hemmen Certification dated February 1, 2008 filed with this Court (Document #35), provides in relevant part that:

> WHEREAS, UBS has submitted a claim to the U.S. government under its contract with the Defense Energy Support Center in the amount of THREE MILLION ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTY THREE DOLLARS AND FIFTY-EIGHT CENTS ($3,180,853.58), *relating to amounts invoiced pursuant to invoice number 10039* and concerning the bunkerings [claimed in Wilhelmsen's Verified Amended Complaint], which claim presently is under review by the U.S. government (the "Government Claims")
>
> *    *    *
>
> 6. In addition to the Initial Payment and the Second Payment, UBS will pay to Wilhelmsen TWO MILLION EIGHTY-SEVEN THOUSAND EIGHT HUNDRED NINETY-ONE DOLLARS AND SEVENTY-FIVE CENTS ($2,087,891.75), *which payment will become due when the U.S. Government pays the Government Claims to UBS*. UBS warrants that it will use its best endeavors to recover from the U.S. government on the Government Claims and will provide to Wilhelmsen copies of its application for the Government Claims as well as a full record of its correspondence with the

2

U.S. government concerning the Government Claims. The Parties agree that this amount *will be paid in full from the Government Claims payment before UBS is entitled to keep any of the Government Claims payment for itself*. . . .

Van Hemmen Certification dated Feb. 1, 2008 (Document #35), Ex. 1, at pp. 1, 4 (emphasis added).

5.      On January 30, 2008, I served DESC with a request for documents pursuant to the Freedom of Information Act ("FOIA") relating to the contract between DESC and UBS designated as Contract 06-D-0391 (the DESC/UBS Contract"). A true copy of my FOIA request is annexed as Exhibit 1.

6.      On February 1, 2008 and February 8, 2008 I received copies of UBS' documents produced to Wilhelmsen's New York counsel, Holland & Knight LLP, as part of the parties' Settlement Agreement. On February 1, 2008, I received a total of 8 pages of documents. On February 8, 2008, I received a total of 72 pages of documents. These documents appeared incomplete and redacted important financial information.

7.      I use the term "incomplete" with regard to the word "claims" because, while DESC and UBS apparently treated these documents as "claims" in the sense that UBS is seeking extra compensation, these documents are not "claims" as that term is used in government contracting. The main difference is that documents produced by UBS' counsel did not contain a written claim certification by UBS as required by the Contract Disputes Act (CDA), 41 U.S.C. §605(c), and the Federal Acquisition Regulations ("FAR"), 48 C.F.R. §33.207. In addition, the documents do not appear to reference any bunkerings claimed in Wilhelmsen's Verified Amended Complaint (part of the "Government Claims"). Because the documents produced by

UBS did not appear to qualify as a "claim" under CDA rules, and because the redactions and apparent omissions made it difficult to confirm that the documents produced by UBS pertained to the "Government Claims" referenced in the parties' Settlement Agreement, I requested that Wilhelmsen's New York counsel write to UBS' counsel to question the completeness of UBS' document production, which letter I was copied on and was dated April 2, 2008.

8.      Returning to the FOIA requests, on February 21, 2008 I served an amended FOIA request on DESC.  A true copy of the February 21, 2008 FOIA request is annexed as Exhibit 2.

9.      On March 14, 2008, I received an interim reply to my FOIA request to DESC. DESC's interim reply provided the status of DESC's efforts in producing the various records we had requested.  As is often the case with FOIA requests, some records were capable of being released, while others were deemed not to be releasable.  In that reply, DESC provided previously unseen documents which suggested that UBS has been paid for its Government Claims but has failed to advise Wilhelmsen.

10.      One of the documents produced by DESC on March 14, 2008 was Modification P00004 of September 24, 2007 ("Mod. 4"), which is a modification to the DESC/UBS Contract and which summarizes the history of UBS' March 8, 2007 claim in the amount of $3,550,783.66 related to UBS' performance under the DESC/UBS Contract at Sasebo.  A true copy of Mod. 4 is annexed as Exhibit 3.  Mod. 4 provides, in pertinent part, that:

> 2. Pursuant to subsequent review of the claim and responses from all concerned parties, the Contracting Officer has determined that the subject claim is valid and the *Contractor [i.e., UBS] will be paid the amount of $3,550,783.66.*
>
> **TOTAL SUM to be paid: $3,550,783.66**

*See* Exhibit 3, p. 2 (first emphasis added).

11.    Another document produced by DESC on March 14, 2008 was Modification P00005 of November 7, 2007 ("Mod. 5"), which is a modification to the DESC/UBS Contract and which summarizes the locations for fueling services initially awarded to UBS and those locations in which UBS defaulted on its obligations under the DESC/UBS Contract.  A true copy of Mod. 5 is annexed as Exhibit 4.  The modification provides, in select parts, that:

> 5. WHEREAS, the Contractor [i.e., UBS] has repeatedly demonstrated that it does not understand the terms and conditions of the contract, particularly by filing claims for ancillary charges to which, in accordance with the contract, it is not entitled . . . .
>
> *    *    *
>
> 7. NOW THEREFORE, as a result of the above-mentioned defaults . . . the contract is hereby terminated for cause . . . .
>
> 8. The Government acknowledges that the contractor has no obligation to make further deliveries under the contract. The Government reserves all rights and remedies under the contract and those provided by law, including, without limitation, the right to claim damages for any previous delivery of fuel.

*See* Exhibit 4, pp. 3-4.

12.    After receiving these documents, on March 19, 2008 I called Kay Bushman, Esq., an attorney in DESC's Office of General Counsel who is assigned to the DESC/UBS Contract claims.  During our conversation, Ms. Bushman confirmed that UBS was paid the claim amount of $3,550,783.66, which she believed had occurred sometime in late December 2007.  Based on the foregoing documents and my follow-up telephone conference with Ms. Bushman, the following conclusions can be reached.

a.  Mod. 4 documents DESC's agreement that UBS' Sasebo claim was valid and that DESC paid UBS $3,550,783.66 for that claim;

b.  UBS must have submitted a formal claim to DESC that complied with the procurement rules for claims (FAR 33.206). In my experience, had a claim of this magnitude not been certified as required under the law, DESC would not, and perhaps even could not, agree to pay the claim; and

c.  The claims on which UBS was paid most likely were the "Government Claims" referenced in the Settlement Agreement, thus obligating UBS to pay Wilhelmsen the $2,087,891.75 owed to Wilhelmsen under numbered paragraph 6 of the Settlement Agreement. My conclusions as to why UBS was paid on the Government Claims follow.

13.    The Government Claims referenced in numbered paragraph 6 of the Settlement Agreement are defined in the second "Whereas" clause of the Settlement Agreement as follows:

> UBS has submitted a claim to the U.S. Government under its contract with the Defense Energy Support Center in the amount of THREE MILLION ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTY-THREE DOLLARS AND FIFTY-EIGHT CENTS ($3,180,853.58), relating to amounts invoiced pursuant to invoice number 10039 and concerning the bunkerings reflected in Exhibit 1, which claim is presently under review by the U.S. Government (the "Government Claims").

14.    Documents produced to us by UBS include a cover sheet entitled "Sasebo Claim" dated "07 March, 2007" followed by a claim letter of the same date and a document designated "Tax Invoice 10039" which purports to invoice the Government for "1 Each Claim Dated 7th March, 2007." True copies of these documents are annexed as Exhibit 5.

15.    While the claim amounts on these documents enclosed as Exhibit 5 are redacted, the "Sasebo Claim" dated 07 March, 2007 clearly is the "Claim Dated 7th March, 2007" referred to in Tax Invoice 10039.  In turn, Tax Invoice 10039 clearly is the "invoice number 10039" referred to in the second "Whereas" clause of the Settlement Agreement.  Therefore, it follows that the "Sasebo Claim" dated 07 March, 2007 is the "Government Claims" referred to in the Settlement Agreement, and that Wilhelmsen is entitled to be paid $2,087,891.75 from the Government's payment of the Sasebo Claim.

16.    This conclusion is supported by the response of UBS' counsel to Wilhelmsen's New York counsel's April 2, 2008 letter questioning the completeness of UBS' document production.  It is my understanding that UBS' counsel replied: "My client confirms that UBS has produced all claims related documents."  This confirms that the Sasebo Claim pertaining to Tax Invoice 10039, contained in the documents produced by UBS, must be the "Government Claims" referred to in the parties' Settlement Agreement.  (The documents produced by UBS contain no other Sasebo claim).  Because the Government has paid $3,550,783.66 on the Sasebo claim, I believe that UBS most likely has been paid on the "Government Claims."

17.    It is my understanding that UBS' counsel provided to Wilhelmsen's New York counsel a UBS document titled "Tax Invoice 10454," which UBS' counsel contended established that the payment to UBS was not related to the "Government Claims."  I have annexed a true copy of this document as Exhibit 6.  Tax Invoice 10454 is not proof that DESC paid the $3,550,783.66 on a claim other than the Sasebo Claim originally submitted under Tax Invoice 10039.  Tax Invoice 10454 merely invoices for the already agreed-upon Mod. 4 amount, as can be seen by the reference in the Invoice to Mod. 4 and by the date of the Invoice (9/24/07), which is the same as DESC's execution of Mod. 4.

18.    Because UBS has redacted all financial information from Tax Invoice 10039 and apparently has not produced any claim documents pertaining to the bunkerings claimed in Wilhelmsen's Verified Amended Complaint, it is possible that the $3,550,783.66 agreed to in Mod. 4, and then billed by Tax Invoice 10454, represents payment of those "Government Claims" referenced in the Settlement Agreement.  Even if an unredacted Tax Invoice 10039 were to reveal that it was for an amount other than $3,550,783.66, the difference could still be (a) amounts attributable to the bunkerings claimed in Wilhelmsen's Verified Amended Complaint (the other portion of the "Government Claims") or (b) additional UBS submissions and negotiations that occurred after the initial submission of Tax Invoice 10039.

19.    Therefore, Tax Invoice 10454 does not change my conclusion that the claims on which UBS was paid most likely were the "Government Claims" referenced in the Settlement Agreement, thus obligating UBS to pay Wilhelmsen the $2,087,891.75 owed to Wilhelmsen under numbered paragraph 6 of the Settlement Agreement.

_____
Ronald H. Uscher

Sworn to before me this 20th day of May, 2008.

_____
Notary Public

Paul Rossick
Notary Public, District of Columbia
My Commission Expires 03-14-2009

8



# Peckar & Abramson

A Professional Corporation • Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Orlando

Chicago

London

www.pecklaw.com

January 30, 2008

**By E-Mail: pernie.forehand@dla.mil**

Ms. Pernie C. Forehand
Freedom of Information Act Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Ft. Belvoir, Virginia 22060-6222

**RE:    Freedom of Information Act Request**

Dear Pernie:

In accordance with the Freedom of Information Act, 5 U.S.C. §§552 *et seq.*, I hereby request copies of the following records or any reasonably segregable portion thereof:

1.    All documents relating to the following bunker deliveries by USS-UBS International under DESC Contract No. SP0600-06-D-0391, including without limitation any performance on behalf of USS-UBS International by or on behalf of Wilhelmsen Premier Marine Fuels:

| Date: | Vessel: | CLIN / Location |
|-------|---------|-----------------|
| 1/19/07 | SS Maj Stephen Pless | 765-61 / Sasebo MSC |
| 1/31/07 | USNS Sumner | 774-61 / Naha, Okinawa |
| 3/5/07 | USNS Mary Sears | 765-61 / Sasebo MSC |
| 3/20/07 | HSV Westpac Express | 774-61 / Naha, Okinawa |
| 3/21/07 | USNS Bowditch | 765-61 / Sasebo MSC |
| 3/26/07 | SS Maj Stephen Pless | 765-61 / Sasebo MSC |
| 4/9/07 | USNS Mary Sears | 774-61 / Naha, Okinawa |
| 4/20/07 | HSV Westpac Express | 774-61 / Naha, Okinawa |
| 4/23/07 | USNS Bowditch | 774-61 / Naha, Okinawa |
| 5/1/07 | SS Cape Jacob | 765-61 / Sasebo MSC |

2.    All documents relating to any invoices or requests for payment by USS-UBS International pertaining to the bunker deliveries listed in No. 1, above.

3.    All documents relating to any claims for additional compensation or requests for equitable adjustment submitted by USS-UBS International pertaining to the bunker deliveries listed in No. 1, above.

a member of the

International Construction Law Alliance

**EXHIBIT**

**1**

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Ms. Pernie C. Forehand
January 30, 2008
Page 2

4.    All documents pertaining to DESC's review of, evaluation of, or decision on, any claims for additional compensation or requests for equitable adjustment submitted by USS-UBS International pertaining to the bunker deliveries listed in No. 1, above.

5.    All documents relating to any payments made to USS-UBS International pertaining to the bunker fuel deliveries listed in No. 1, above, including any payments of any claims or requests for equitable adjustment.

6.    All documents relating to any invoices or requests for payment by USS-UBS International under Contract No. SP0600-06-D-0391 which DESC has received by not yet paid or authorized payment of as of the date of DESC's response to this request.

7.    All documents relating to any invoices or requests for payment by USS-UBS International under Contract No. SP0600-06-D-0351 which DESC has received but not yet paid or authorized payment of as of the date of DESC's response to this request.

8.    Any modifications of Contract SP0600-06-D-0391 issued after P00003.

9.    All documents relating to any pre-award survey (FAR 9.106) of USS-UBS International pertaining to the award of either Contract SP0600-06-D-0391 or Contract SP0600-06-D-0351.

10.    All documents pertaining to any information received or developed prior to award of Contract SP0600-06-D-0391 pertaining to the cost realism of, or ability to perform at, the prices bid by USS-UBS International on Line Item Nos. 765-61 (Sasebo MSC) and 774-61 (Naha, Okinawa).

11.    The abstract of bids of Bid Evaluation Model pertaining to bids for Line Item Nos. 765-61 (Sasebo MSC) and 774-61 (Naha, Okinawa) prior to award of Contract SP0600-06-D-0391.

We will pay all applicable search and duplication costs which may be incurred in responding to this request. Please notify me before these costs exceed $300. Should you require any additional information or clarification, please call me at (202) 293-8815 (ext. 7110) or e-mail me at ruscher@pecklaw.com.

# Peckar & Abramson

A Professional Corporation • Attorneys & Counselors at Law

Ms. Pernie C. Forehand
January 30, 2008
Page 3

Thank you.

Very truly yours,

Ronald H. Uscher
Attorney for
Wilhelmsen Premier Marine Fuels

Enclosure

cc:    Kay Bushman, Esq.  kay.bushman@dla.mil
       Assistant Counsel
       Defense Energy Support Center



# Peckar & Abramson

A Professional Corporation ▪ Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Orlando

Chicago

London

www.pecklaw.com

February 21, 2008

**By E-mail:  pernie.forehand@dla.mil**

Ms. Pernie C. Forehand
Freedom of Information Act Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Ft. Belvoir, Virginia  22060-6222

RE:    Revisions to FOIA 08-031
        Freedom of Information Act Request

Dear Ms. Forehand:

Pursuant to your conversation today with Nick Hoogstraten of my office, we are revising our January 30, 2008 FOIA request to withdraw certain items and revise certain items.  We will restrict our request to the following items (the numbers below correspond to the numbers in our original request):

3.    All documents relating to any claims for additional compensation or requests for equitable adjustment submitted by USS-UBS International under Contract SP0600-06-D-0391.  **(Note:  This is a revision to the original No. 3, which was limited to claims or REAs pertaining to certain deliveries only).**

4.    All documents pertaining to DESC's review of, evaluation of, or decision on, any claims for equitable adjustment submitted by USS-UBS International under Contract SP0600-06-D-0391.  **(Note:  This is a revision to the original No. 3, which was limited to claims or REAs pertaining to certain deliveries only).**

5.    All documents relating to any payments by DESC of claims or requests for equitable adjustment by USS-UBS International under Contract SP0600-06-D-0391.  **[Note:  This is more limited than the original No. 5, which included documents pertaining to specific deliveries also).**

6.    All documents relating to any invoices or requests for payment by USS-UBS International under Contract SP0600-06-D-0391 which DESC has received but not yet authorized payment of as of the date of DESC's response to this request.

8.    Any modifications of Contract SP0600-06-D-0391 issued after P00003.


a member of the
ICLA International Construction Law Alliance

EXHIBIT

2

# Peckar & Abramson

A Professional Corporation • Attorneys & Counselors at Law

Ms. Pernie C. Forehand
February 21, 2008
Page 2

9.   All documents relating to any pre-award survey (FAR 0.106) of USS-UBS
     International pertaining to the award of either Contract SP0600-06-D-0391
     or Contract SP0600-06-D-0351.

10.  All documents pertaining to any information received or developed prior
     to award of Contract SP0600-06-D-0391 pertaining to the cost realism of,
     or ability to perform at, the prices bid by USS-UBS International on Line
     Item Nos. 765-61 (Sasebo MSC) or 774-61 (Naha, Okinawa).

11.  The abstract of bids or Bid Evaluation Model pertaining to bids for Line
     Item Nos. 765-61 (Sasebo MSC) or 774-61 (Naha, Okinawa) prior to
     award of Contract SP0600-06-D-0391.

        We will pay all applicable search and duplication costs which may be
incurred in responding to this request.  Please notify us before these costs exceed
$300.  Should you require any additional information or clarification, please call
me at (202) 293-8815 or e-mail me at ruscher@pecklaw.com.  Thank you.

                                        Very truly yours,

                                        Ronald H. Uscher

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE K | PAGE 1 | OF PAGES 2 |
|---|---|---|---|---|
| 2. AMENDMENT/MODIFICATION NO. P00004 | 3. EFFECTIVE DATE See Block 16C | 4. REQUISITION/PURCHASE REQ. NO. N/A | 5. PROJECT NO. (If applicable) | |

**6. ISSUED BY**  CODE SP0600
ATTN: Francis Murphy/DESC-FHB
Defense Energy Support Center
8725 John J. Kingman Rd., Suite 4950
Ft. Belvoir, VA  22060-6222
PH: (703) 767-8462/FAX: (703) 767-8506
Purchase Program: 3.7 A

**7. ADMINISTERED BY (If other than Item 6)**  CODE

**8. NAME AND ADDRESS OF CONTRACTOR (No., street, city, county, State, and ZIP Code)**
UBB PROVEDORES PTY LTD
dba USS-UBS INTERNATIONAL

PO BOX 579 QUEENSLAND
AUS 4172

Bidder Code: U101     CAGE Code: ZBB12

CODE                    FACILITY CODE

| | |
|---|---|
| 9A. AMENDMENT OF SOLICITATION NO. | |
| 9B. DATED (SEE ITEM 11) | |
| 10A. MODIFICATION OF CONTRACT/ORDER NO. X  SP0600-06-D-0391 | |
| 10B. DATED (SEE ITEM 13) 21 SEP 2005 | |

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended [ ] is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ___ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

**12. ACCOUNTING AND APPROPRIATION DATA (If required)** SEE PAGE 2

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

( ) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

( ) B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

( ) C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X  D. OTHER (Specify type of modification and authority)
BILATERAL – PURSUANT TO TERMS & CONDITIONS OF CLAUSE I1.03-5 CONTRACT TERMS AND CONDITIONS - COMMERCIAL ITEMS (BUNKERS) (DESC JAN 2006), (d) DISPUTES

E. IMPORTANT: Contractor [ ] is not. X [ ] is required to sign this document and return ___ copies to the issuing office.

**14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)**
OVERSEAS BUNKERS                                                    P.P. 1.3B
SP0600-06-0013


SEE PAGE 2


| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) DEBORA D. WOOD Contracting Officer | |
|---|---|---|
| *Bill Rae (director)* | | |
| 15B. CONTRACTOR/OFFEROR (Signature of person authorized to sign) | 15C. DATE SIGNED 20-9-07 | 16B. UNITED STATES OF AMERICA (Signature of Contracting Officer) | 16C. DATE SIGNED 24 Sep 07 |

EXHIBIT
3
tabbies

SP0600-06-D-0291
P00004
Page 2 of 2

1. On March 8, 2007, USS-UBS submitted a claim under Item 765-61 (Sasebo, Japan) in accordance with FAR 33.206 for $3,550,783.66 for costs incurred in response to the Government's request for surge capabilities to meet requirements that did not materialize. USS-UBS claimed that it purchased fuel to meet the anticipated surge during the period December 2006 through March 2007, which it subsequently sold at a loss. This claim was processed under contract clause I1.03-5(d) DISPUTES and FAR 52.233-1 DISPUTES.

2. Pursuant to subsequent review of the claim and responses from all concerned parties, the Contracting Officer has determined that the subject claim is valid and the Contractor will be paid the amount of $3,550,783.66.

### TOTAL SUM to be paid: $3,550,783.66

3. The Contractor agrees that this modification settles all claims by the Contractor under the contract relative to Line Item 765-61 arising out of or in any way related to Military Sealift Command's request for surge capacity during the period November 1, 2006 through March 30, 2007, and hereby fully, finally and unconditionally releases and discharges the Government from any and all liability, claims, impact costs, demands, causes of action, and legal expenses, accrued, known or unknown, which the Contractor has or might have relating thereto, including, without limitation, all obligations of the Government to make further payments or to carry out any further undertakings. The Government reserves all rights under the contract, including but not limited to, the right to claim damages for any previous delivery of fuel.

4. All other terms and conditions of the contract remain unchanged.

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | | | CONTRACT ID CODE | | PAGE OF PAGES | |
|---|---|---|---|---|---|---|---|
| | | | | | | 1 | 4 |
| 2. AMENDMENT/MODIFICATION NO. P00005 | | 3. EFFECTIVE DATE SEE BLOCK 16C | 4. REQUISITION/PURCHASE REQ. NO. N / A | | | 5. PROJECT NO. (if applicable) | |
| 6. ISSUED BY                CODE    SP0600 | | | 7. ADMINISTERED BY (if other than item 6) | | CODE | | |
| DEFENSE ENERGY SUPPORT CENTER 8725 JOHN J. KINGMAN ROAD, SUITE 4950 FORT BELVOIR, VA 22060-6222 BUYER/SYMBOL: FRANCIS MURPHY/ PHONE: (703)767-8334 FAX:(703)767-8506 EMAIL: francis.c.murphy@dla.mil Purchase Program 1.3B | | | | | | | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., street, city, county, State, and ZIP Code) | | | 9a. AMENDMENT OF SOLICITATION NO. | |
|---|---|---|---|---|
| USS-UBS INTERNATIONAL PO BOX 579 QUEENSLAND AUS,    4170 | | | 9b. DATED (SEE ITEM 11) | |
| | | | 10a. MODIFICATION OF CONTRACT/ORDER NO. SP0600-06-D-0391 | |
| | | X | 10b. DATED (SEE ITEM 13) | |
| BIDDER CODE: U101          CAGE CODE: ZBB12 | | | 21 SEP 06 | |

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended, [ ] is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. **FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER.** If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and it is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (if required)

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACT/ORDERS,
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b) |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED PURSUANT TO AUTHORITY OF: |
| X | D. OTHER (Specify type of modification and authority) UNILATERAL - Pursuant to Clause I1.03-5, CONTRACT TERMS & CONDITIONS - COMMERCIAL ITEMS (Bunkers) (DESC JAN 2006) - Paragraph (m), TERMINATION FOR CAUSE |

E. IMPORTANT: Contractor [x] is not, [ ] is required to sign this document and return _____ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

SEE CONTINUATION PAGES

**EXHIBIT**

tabbies

4

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | | 16A. NAME OF CONTRACTING OFFICER DEBORA D. WOOD | |
|---|---|---|---|---|
| 15B. NAME OF CONTRACTOR/OFFEROR | | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| BY _____ (Signature of person authorized to sign) | | | BY _Debora D. Wood_ (Signature of Contracting Officer) | 7 NOV 07 |

NSN: 7540-01-152-8070  30-105
PREVIOUS EDITION UNUSABLE

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA

SP0600-06-D-0391    Page  4    
P00005

1. WHEREAS, the Contractor, USS-UBS Privedores PTY (USS-UBS) and the Government have entered into Contract SP0600-06-D-0391 under date of 21 September 2006, together with any and all modifications, changes, and supplements thereto (hereinafter referred to as the "Contract");

2. WHEREAS, the Contract contains the following items:

| LINE ITEM | DELIVERY LOCATION |
|-----------|-------------------|
| 202-61 | FREEMANTLE, AUSTRALIA |
| 203-61 | MELBOURNE, AUSTRALIA |
| 204-61 | SYDNEY, AUSTRALIA |
| 516-61 | TOWNSVILLE, AUSTRALIA |
| 516-61A | TOWNSVILLE, AUSTRALIA |
| 516-61B | TOWNSVILLE, AUSTRALIA |
| 521-61 | DARWIN, AUSTRALIA |
| 521-61A | DARWIN, AUSTRALIA |
| 521-61B | DARWIN, AUSTRALIA |
| 525-61 | CAIRNS, AUSTRALIA |
| 525-61A | CAIRNS, AUSTRALIA |
| 525-61B | CAIRNS, AUSTRALIA |
| 530-61 | BRISBANE, AUSTRALIA |
| 530-61A | BRISBANE, AUSTRALIA |
| 530-61B | BRISBANE, AUSTRALIA |
| 533-61 | PHUKET, THAILAND |
| 555-61B | SHANGHAI, CHINA |
| 557-61B | QINDAO, CHINA |
| 563-61 | MUARA, BRUNEI |
| 603-61 | ORANJESTAD, ARUBA |
| 628-61 | PUERTO LA CRUZ, VENEZUELA |
| 641-61 | DA NANG, VIETNAM |
| 642-61 | HAIPHONG, VIETNAM |
| 643-61 | HO CHI MINH, VIETNAM |
| 660-61 | COLUMBO, SRI LANKA |
| 661-61 | KOTA KINABALU, MALAYSIA |
| 663-61 | KUANTAN, MALAYSIA |
| 664-61 | LUMUT, MALAYSIA |
| 672-61 | SATTAHIP, THAILAND |
| 673-61 | NOUMEA, NEW CALEDONIA |
| 673-611 | NOUMEA, NEW CALEDONIA |
| 765-61 | SASEBO, JAPAN |
| 774-61 | NAHA, JAPAN |
| 948-62 | SASEBO, JAPAN |
| 951-61 | YOKOHAMA, JAPAN |
| 960-61 | MOKPO, SOUTH KOREA |
| 960-62 | MOKPO, SOUTH KOREA |
| 983-61 | MOMBASSA, KENYA |



SP0600-06-D-0391    Page 3 of 4
P00005

3. WHEREAS, the Contractor has defaulted repeatedly on orders, including the following:

| ORDER NUMBER | ITEM NUMBER | DELIVERY LOCATION | SHIP NAME | ORDER DATE |
|---|---|---|---|---|
| 1236 | 951-61 | Yokohama, Japan | USNS Victorious | 02 OCT 2007 |
| 1208 | 774-61 | Naha, Japan | MV Cory Chouest | 26 SEP 2007 |
| 1117 | 706-61 | Dakar, Senegal | USS Doyle | 01 SEP 2007 |
| 1057 | 540-61 | Koror, Palau | USS Fitzgerald | 16 AUG 2007 |
| 1028 | 774-61 | Naha, Japan | Westpac Express | 10 AUG 2007 |
| 1026 | 774-61 | Naha, Japan | USNS Victorious | 09 AUG 2007 |
| 1025 | 774-61 | Naha, Japan | Westpac Express | 09 AUG 2007 |
| 1021 | 951-61 | Yokohama, Japan | MV Sea Venture | 08 AUG 2007 |
| 1016 | 948-62 | Sasebo, Japan | MV Cape Jacob | 07 AUG 2007 |
| 814 | 948-62 | Sasebo, Japan | MV Transpacific | 08 JUN 2007 |
| 746 | 672-61 | Sattahip, Thailand | Westpac Express | 17 MAY 2007 |

4. WHEREAS, a Pre-Award Survey requested by DESC-PHB has recommended "No Award" to the Contractor on the following item:

| ITEM NUMBER | LOCATION | PRODUCT |
|---|---|---|
| 603-61 | Oranjestad, Aruba | MGO |

5. WHEREAS, the Contractor has repeatedly demonstrated that it does not understand the terms and conditions of the contract, particularly by filing claims for ancillary charges to which, in accordance with the contract, it is not entitled;

6. WHEREAS, Clause I1.03-5, CONTRACT TERMS & CONDITIONS - COMMERCIAL ITEMS (Bunkers) (DESC JAN 2006) – Paragraph (ml), Termination for Cause, allows the Government to terminate for cause contract items under such circumstances;

7. NOW THEREFORE, as a result of the above-mentioned defaults and indications that the Contractor cannot satisfactorily perform under the Contract, the Contract is hereby terminated for cause in its entirety in accordance with Paragraph (m) of Clause I1.03-5, CONTRACT TERMS AND CONDITIONS - COMMERCIAL ITEMS (Bunkers) (DESC JAN 2006), and USS-UBS' right to proceed further with performance of these items is terminated.




SP0600-06-D-0391     Page 4 of 4
P00005

8. The Government acknowledges that the contractor has no obligation to make further deliveries under the contract. The Government reserves all rights and remedies under the contract and those provided by law, including, without limitation, the right to claim damages for any previous delivery of fuel.



**USS – UBS**
**International**

**Head Office**
2/50 Borthwick Avenue
Murarrie QLD 4172

**Postal**
PO Box 579
Morningside QLD 4170
Australia

**Phone** 61 7 3902 0800
**Fax**    61 7 3902 0600
**Email** info@ussubsint.com
**Web**   www.ussubsint.com

ACN 084 475 098
ABN 82 084 475 098

Wednesday 07 March 2007

# Sasebo Claim



EXHIBIT
5

**USS-UBS**
**International**

**Head Office**
2/50 Borthwick Avenue
Murarrie Qld 4172

**Postal**
PO Box 579
Morningside Qld 4170
Australia

**Phone** 61 7 3902 0800
**Fax**   61 7 3902 0600
**Email** info@ubsprov.com.au
**Web**   www.ubsprov.com.au
ACN 084 475 098
ABN 82 084 475 098

**INTERNATIONAL**

**Servicing the World**
**from Australia**

Wednesday, March 07, 2007

Debora Wood
Contracting Officer
Defense Energy Support Center
8725 John J Kingman Rd
Ft. Belvoir VA 22060

RE:    SP0600-06-D-0391 – JAPAN – Price Increase

Dear Debora,

Good afternoon, please find below a claim for a price increase in Japan Sasebo – This happened late last year, and USS-UBS Int. did not approach DESC for a claim even though massive losses were been incurred by this closure USS-UBS Int had to buy and service US vessels with domestic product. USS-UBS Int. delivered every ship the amount requested and never let a delivery not happen even though a huge loss due to a closure of a Japanese facility. This equates to: $445.40MT in extra costs with no rebate available as this the Japanese Government rules ad regs.

- The Japanese Government will not pay claims for rebates on domestic prices.

Total Loss for Sasebo during this closure:

All invoices are attached for your information

Taxes incurred as follows:
1. MGO TAX (USD350/MT)
2. VAT 5%
3. OIL IMPORT TAX (USD1.85/MT)

QUALITY ASSURED COMPANY



JAS-ANZ

AS/NZS ISO 9001:2000
REGN. NO. 581

Australia   ◆   Asia   ◆   Oceania

Total MT cost –        !          on average we incurred for a period of 2 months till we could buy bonded MGO creating a huge loss in one month.

Other costs: – incurred by USS-UBS Int.
We made and bought Flange because they are using a special shape flange....USD 2,000.00 each
We bought hoses USD 1,500 each
We hire the bunker crew, USD3, 000 (Coastal MGO barge is not for bunkers)

We want to move forward and find a resolution on the above problem which has now started but at the end of the day unforeseen circumstances have occurred in Japan that is no fault of USS-UBS Int. We request a price increase to cover major cost increases in the Japan region on bonded stock. USS-UBS Int. has had to wear a rather large loss due to circumstances beyond our control.

This is the information regarding the MGO production stoppage at the bonded stores:

In Sasebo, we have had a facility close on us due to their refinery in Osaka, about **450miles** away from Sasebo. Cosmo Oil has decreased their refining ratio sharply because they had a compliance problem in August. Moreover they have stopped MGO sales (bonded). This also affects price in Sasebo due to huge Barge costs and supply being limited to one other supplier of domestic product only.

Please find all my contact numbers 24hrs a day:

Thank you, for your valuable time.

Best regards,

Bill Rae
General Manager
USS-UBS Int.



**USS - UBS INTERNATIONAL**   ABN 82 084 475 098
PO Box 579
MORNINGSIDE QLD 4170
Ph: 07 3902 0800
Fx: 07 3902 0600

# Tax Invoice 10039

**Date**   07.03.2007
**Account #**   1383

| Customer | Port / Ship To : |
|---|---|
| DEFENSE FINANCE & ACCOUNTING SERVICE<br>Fuels Accting & Payments Div<br>Attn: DFAS CO-CVDBBA<br>Po Box 182317 COLUMBUS OH  432186251 | DEFENSE FINANCE & ACCOUNTING SERVICE<br>SHIP NAME:<br>PORT:<br>JAPAN  CONTRACT NO: SP0600-06-D-0391 |

| P.O. No. | TERMS | REP | SHIP DATE | VIA | PROJECT |
|---|---|---|---|---|---|
|  | 10 Days |  |  |  |  |

| QTY | U.O.M. | DESCRIPTION | PRICE | AMOUNT | GST |
|---|---|---|---|---|---|
| 1 | EACH | CLAIM DATED 7TH MARCH, 2007 |  |  | 0.00 |
| 1 | EACH | USNS BRUCE HEEZEN |  |  | 0.00 |
| 1 | EACH | USNS DAHL |  |  | 0.00 |
| 1 | EACH | USNS WATSON |  |  | 0.00 |
| 1 | EACH | USNS WATKINS |  |  | 0.00 |



| BANKING ACCOUNT DETAILS:<br>ACCOUNT NAME: USS - UBS INTERNATIONAL<br>BANK NAME:<br>B.S.B:<br>ACCOUNT:<br>Please note Invoice In: UNITED STATES DOLLARS | SALE AMOUNT | |
|---|---|---|
| | GST | $0.00 |
| | TOTAL DUE (USD) | |
| | AMOUNT PAID | |
| | AMOUNT DUE | |



USS - UBS INTERNATIONAL   ABN 92 084 475 099
PO Box 579
MORNINGSIDE QLD 4170
Ph: 07 3902 0800
Fx: 07 3902 0600

# Tax Invoice 10454

Date        24/09/2007
Account #        1383

| Customer | Port / Ship To : |
|---|---|
| DEFENSE FINANCE & ACCOUNTING SERVICE<br>Fuels Accting & Payments Div<br>Attn: DFAS CO-CVDBBA<br>Po Box 182317 COLUMBUS OH<br><br>432188251 | CONTRACT NO: SP0600-06-D-0391 |

| P.O. No. | TERMS | REP | SHIP DATE | VIA | DUE DATE |
|---|---|---|---|---|---|
| | 10 Days | | | | |

| ITEM CODE | QTY | U.O.M. | DESCRIPTION | PRICE | AMOUNT | GST |
|---|---|---|---|---|---|---|
| 0820-ONETIM | 1 | | ORAL ORDER AS PER ATTACHED AMENDMENT NO<br>P00004 | 50,783.66 | 3,550,783.66<br>0.00 | 0.00<br>0.00 |



BANKING ACCOUNT DETAILS:
ACCOUNT NAME: USS - UBS INTERNATIONAL
BANK NAME:      NATIONAL AUSTRALIA BANK
B.S.B:          084-391
ACCOUNT:        46507-3683
Please note invoice in: UNITED STATES DOLLARS

| | |
|---|---|
| SALE AMOUNT | $3,550,783.66 |
| GST | $0.00 |
| TOTAL DUE (USD) | $3,550,783.66 |
| AMOUNT PAID | $0.00 |
| AMOUNT DUE | $3,550,783.66 |

CodeInvoice.clf                26/09/2007 3:26:46 PM                Page



EXHIBIT

6

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE K | PAGE 1 | OF PAGES 2 |
|---|---|---|---|---|

| 2. AMENDMENT/MODIFICATION NO. P00004 | 3. EFFECTIVE DATE See Block 16C | 4. REQUISITION/PURCHASE REQ. NO. N/A. | 5. PROJECT NO. (if applicable) |
|---|---|---|---|

**6. ISSUED BY** CODE SP0600

AFTN: Francis Murphy/DESC-PHB
Defense Energy Support Center
8725 John J. Kingman Rd., Suite 4950
Ft. Belvoir, VA 22060-6222
PH: (703)-767-8462/FAX: (703) 767-8506
Purchase Program 3.7 A

**7. ADMINISTERED BY (If other than Item 6)** CODE

**8. NAME AND ADDRESS OF CONTRACTOR** (No., street,city,county,State,and ZIP Code)

UBS PROVEDORES PTY LTD
dba USS-UBS INTERNATIONAL

PO BOX 579 QUEENSLAND
AUS 4172

Bidder Code: U101    CAGE Code: ZBB12

**9A. AMENDMENT OF SOLICITATION NO.**

**9B. DATED (SEE ITEM 11)**

**10A. MODIFICATION OF CONTRACT/ORDER NO.**
X    SP0600-06-D-0391

**10B. DATED (SEE ITEM 13)**
21 SEP 2006

CODE          FACILITY CODE

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended [ ] is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ___ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) by separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

**12. ACCOUNTING AND APPROPRIATION DATA (If required)** SEE PAGE 2

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| X | D. OTHER (Specify type of modification and authority) BILATERAL – PURSUANT TO TERMS & CONDITIONS OF CLAUSE 11.03-5 CONTRACT TERMS AND CONDITIONS - COMMERCIAL ITEMS (BUNKERS) (DESC JAN 2006), (d) DISPUTES |

E. IMPORTANT: Contractor [ ] is not, [ X ] is required to sign this document and return _1_ copies to the issuing office.

**14. DESCRIPTION OF AMENDMENT/MODIFICATION** (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
OVERSEAS BUNKERS                                                    P.P. 1.3B
SP0600-06-0013

SEE PAGE 2

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) DEBORA D. WOOD Contracting Officer |
|---|---|
| 15B. CONTRACTOR/OFFEROR Bill Rae (Director) (Signature of person authorized to sign) | 16B. UNITED STATES OF AMERICA Debora D. Wood (Signature of Contracting Officer) |
| 15C. DATE SIGNED 20-9-07 | 16C. DATE SIGNED 24 Sep 07 |

SP0600-06-D-0391
P00004
Page 2 of 2

1. On March 8, 2007, USS-UBS submitted a claim under Item 765-61 (Sasebo, Japan) in accordance with FAR 33.206 for $3,550,783.66 for costs incurred in response to the Government's request for surge capabilities to meet requirements that did not materialize. USS-UBS claimed that it purchased fuel to meet the anticipated surge during the period December 2006 through March 2007, which it subsequently sold at a loss. This claim was processed under contract clause I1.03-5(d) DISPUTES and FAR 52.233-1 DISPUTES.

2. Pursuant to subsequent review of the claim and responses from all concerned parties, the Contracting Officer has determined that the subject claim is valid and the Contractor will be paid the amount of $3,550,783.66.

**TOTAL SUM to be paid: $3,550,783.66**

3. The Contractor agrees that this modification settles all claims by the Contractor under the contract relative to Line Item 765-61 arising out of or in any way related to Military Sealift Command's request for surge capacity during the period November 1, 2006 through March 30, 2007, and hereby fully, finally and unconditionally releases and discharges the Government from any and all liability, claims, impact costs, demands, causes of action, and legal expenses, accrued, known or unknown, which the Contractor has or might have relating thereto, including, without limitation, all obligations of the Government to make further payments or to carry out any further undertakings. The Government reserves all rights under the contract, including but not limited to, the right to claim damages for any previous delivery of fuel.

4. All other terms and conditions of the contract remain unchanged.