UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILHELMSEN PREMIER MARINE FUELS AS

        Plaintiff,

   against

UBS PROVEDORES PTY LTD. AND
RAECORP INTERNATIONAL PTY LTD.,

        Defendants
_____X

07 Civ. 5798 (CM)

**ATTORNEY CERTIFICATION OF JEANNE-MARIE VAN HEMMEN IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO VACATE THE DISMISSAL ORDER**

Jeanne-Marie Van Hemmen, hereby certifies, under penalty of perjury, that:

1. I am a partner at the law firm Betancourt, Van Hemmen, Greco & Kenyon, which represents Defendants UBS Provedores Pty. Ltd. and Raecorp. International Pty. Ltd. ( collectively, "UBS") in the captioned matter. I am responsible for the handling of this file and am, therefore, fully familiar with the facts and circumstances before this Court. I submit this certification in support of UBS' opposition to Plaintiff's Amended Motion to Vacate this Court's January 14, 2008 Dismissal Order.

2. Attached as Exhibit A is a true and correct copy of correspondence between UBS and the U.S. Government concerning the "Government Claims," as defined in the Settlement Agreement. I produced these documents to Wilhelmsen's counsel by email on February 8, 2008, in furtherance of UBS' obligation under the Settlement Agreement ("UBS Claims Correspondence") . Prior to that production, UBS redacted minor excerpts. Those redactions either contained confidential pricing information or related to issues other than the Government Claims.

3. Today, by overnight Federal Express, I am forwarding the unredacted version of the UBS Claims Correspondence to the Court for its <u>in camera</u> review. That review will establish that UBS

fully complied with its obligation under the Settlement Agreement to produce the UBS Claims Correspondence to Wilhelmsen.

4. Attorney Usher opines that the Government's payment of UBS Invoice 10454 pursuant to modification 0004 was, in fact, a payment of the Government Claims submitted in connection with UBS Invoice 10039. He bases his opinion on the fact that UBS Claims Correspondence had a cover sheet called "Sasebo Claims," and that "the documents produced by UBS contained no other Sasebo Claim," and Modification 0004 referenced Sasebo, Japan. Usher Decl. Para. 16. Attorney Usher is incorrect.

5. The redacted version of the UBS Claims Correspondence, in fact, refer to two Sasebo claims. They support UBS' position herein that the Surge Claim and the Government Claims are two distinct claims, and that the U.S. Government's payment of the Surge Claim has no relevance to UBS' obligation under the Settlement Agreement to pay additional money to Wilhelmsen if the U.S. Government pays the Government Claims.

5. An August 3, 2007 email from Bill Rae to Debora Wood, of DESC, identifies two UBS Sasebo claims as 1) the "Sasebo Oral Claim" and 2) the "Sasebo Claim-price increase." The Sasebo Oral Claim is a reference to the Surge Claim. The Sasebo Claim-price increase is a reference to the Government Claims as defined in the Settlement Agreement. The August 3, 2006 email, contained in Exhibit A, is also attached hereto as Exhibit B for ease of reference.

Pursuant to 28 United States Code §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Red Bank, NJ on June 17, 2008, 2008.

_____/s/_____
Jeanne-Marie Van Hemmen (JV 6414)