# BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC

46 TRINITY PLACE
NEW YORK, NEW YORK 10006

Telephone: 212-297-0050
www.bvgklaw.com

**MEMO ENDORSED**

Ronald Betancourt
Jeanne-Marie D. Van Hemmen
John Greco
Todd P. Kenyon

*Of Counsel*
Virginia A. Harper

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

June 23, 2008

*[handwritten: Memo Endorsement]*

**BY FEDERAL EXPRESS**
The Honorable Colleen McMahon
United States District Judge
United States District Court Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007

*[handwritten: 6/25/08 I will read the motion papers – if I need additional papers I will ask for them. Ordinarily no reply is necessary on a Rule 60(b) motion. I am not prepared to extend the time – if  want to put in a timely reply I will take it.]*

Re: Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., et al
SDNY Docket No. 07 Civ 5798 (CM)

Your Honor,

We are attorneys for Defendants herein, UBS Provedores Pty Ltd. and Raecorp International Pty Ltd.( "UBS"). We write in response to Attorney Frevola's June 20, 2008 letter requesting an extension of Wilhelmsen's time to reply to UBS' opposition to Wilhelmsen's Rule 60(b)(6) motion to vacate this Court's January 14, 2008 Dismissal Order. UBS opposes Wilhelmsen's request for the reasons set forth below.

Wilhelmsen seeks a vacation of this Court's dismissal order pursuant to Rule 60(b)(6) on the basis that it believes UBS may have violated the settlement agreement between the parties that resulted in entry of the Court's dismissal order ("Settlement Agreement"). UBS' opposition establishes UBS did not violate the Settlement Agreement. Wilhelmsen wants an extended adjournment of its time to reply so that it can search for new evidence that UBS did violate the Settlement Agreement. Implicit in Wilhelmsen's need for new evidence is its admission that it has not born its heavy burden of proving not only UBS' breach, but the fact that the alleged breach gives rise to extraordinary circumstances, resulting in an egregious and unexpected hardship for Wilhelmsen.

Rule 60(b)(6) relief is an extraordinary remedy that must always be weighed against the strong policy consideration in favor of final judgments. See Nemaizer, et al., v. Jack Baker, 793 F.2d 58, 61(2d Cir. 1986); See, e.g. Collins v. Ford Motor Company, et al., 2007 U.S. Dist. LEXIS 26210, *10 (D.CT. 2007); Shor Int'l v. Eisinger Enterprises, Inc., 1993 U.S. Dist. LEXIS 15488,*3 (S.D.N.Y. 1993). Permitting Wilhelmsen's motion, and, therefore, a question about the finality of

NEW JERSEY OFFICE • 114 MAPLE AVENUE, RED BANK, NEW JERSEY 07701 • TEL: 732-530-4646 • FAX: 732-530-9536

the Court's January 14, 2008 Order, to languish while Wilhelmsen searches for new evidence is contrary to the policy considerations that make Rule 60(b)(6) relief so extraordinary.

The cases cited by Wilhelmsen relating to the procedure for asserting privilege have no bearing on the facts before the Court. UBS' production of documents to Wilhelmsen was not done in furtherance of court discovery rules, but rather pursuant to UBS' contractual obligation to produce certain information. It is UBS' position that it has complied with its contractual obligation, and it has produced proof of that fact in its opposition to the motion. UBS has no obligation to provide Wilhelmsen with additional information about the Surge Claim. To the extent it has done so voluntarily, it was to rebut Wilhelmsen's allegation that the Surge Claim was the same claim as the Government Claims. UBS has rebutted that implication. It has no further duty to disclose additional proprietary information.

Finally, last week Wilhelmsen's counsel refused UBS' request for an extension of time to oppose the motion. The purposes cited therein for refusing UBS' request should apply equally at this juncture and apparently dictate against any delay in having this motion decided. Attorney Frevola's letter refusing UBS' request is attached.

            Respectfully Submitted

            Betancourt, Van Hemmen, Greco & Kenyon LLC

            Jeanne-Marie Van Hemmen

CC: by facsimile w/o attachments
   Michael Frevola
   Holland & Knight, LLP
   Counsel for Plaintiff

# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

June 12, 2008

Michael J. Frevola
212 513 3516
michael.frevola@hklaw.com

**VIA E-MAIL**

Jeanne-Marie van Hemmen, Esq.
Betancourt, van Hemmen, Greco & Kenyon
46 Trinity Place
New York, NY 10006

Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd. et al.
SDNY Docket #: 07 Civ. 5798 (CM)
Our File: 500177-03213

Dear Ms. Van Hemmen,

I refer to your e-mailed request of earlier today for a second extension of UBS' opposition brief deadline to Wilhelmsen's amended motion to vacate Judge McMahon's order dismissing this proceeding.

I am scheduled to take vacation for a family reunion in Williamsburg, Virginia that was arranged in November planned for the time period between June 27 and July 6. Agreeing to your proposal for a second extension would result in your papers arriving just before a long-planned holiday, which would require an even further delay in the decision of a motion that originally was made in January. We did not oppose the first extension request, but this request places me in the position of having to choose between two equally unappetizing alternatives.

In addition, if Wilhelmsen correctly has identified that the funds received by UBS should have been paid in part to Wilhelmsen, it gives UBS yet more time to hide its assets.

I regret that Wilhelmsen cannot agree to UBS' extension request. If you apply to Judge McMahon for an extension, I expect you to include this response with your application so that Judge McMahon understands our position.

Very truly yours,

HOLLAND & KNIGHT LLP

By: /s/ Michael J. Frevola

Michael J. Frevola

MJF/mf