Michael J. Frevola
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
WILHELMSEN PREMIER MARINE FUELS AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILHELMSEN PREMIER MARINE FUELS AS,

Plaintiff,

-against-

UBS PROVEDORES PTY LTD. a/k/a
USS-UBS INTERNATIONAL and
RAECORP INTERNATIONAL PTY LTD.,

Defendants.

07 Civ. 5798 (CM)

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S AMENDED
MOTION TO VACATE THE COURT'S ORDER OF DISMISSAL**

## PRELIMINARY STATEMENT

In their opposition to Wilhelmsen's Amended Motion to Vacate the Court's Order of Dismissal, Defendants continue to maintain that they have not acted improperly. Yet they refuse to reveal full versions of documents that they contractually agreed to provide in the parties' Settlement Agreement regarding a central issue in this dispute; namely, for what reason was UBS paid $3.5 million in December 2007? Defendants steadfast refusal to provide these documents or to reveal any information about UBS's purported "surge claim" strongly suggests that Defendants have something to hide. And Defendants' recently-filed opposition papers help to fill in the picture.

## REPLY TO DEFENDANTS' STATEMENT OF FACTS

A page 4 of their brief, Defendants quote the "Government Claims" portion of the Settlement Agreement for the Court and state that "[t]o date, the U.S. Government has not paid UBS any amounts in relation to the Government Claims."

What Defendants do not tell the Court, and what only became apparent in Defendants' most recent submission, is that Defendants misrepresented the nature of their claims under Invoice 10039 in negotiating the Settlement Agreement. In the portion of the Settlement Agreement quoted by Defendants, it states that the $3,180,853.58 invoiced for the "Government Claims" were "amounts invoiced pursuant to invoice number 10039 *and concerning bunkerings reflected in Exhibit 1* [of the Settlement Agreement], which claim presently is under review by the U.S. government." (emphasis added).

Comparing Exhibit 1 of the Settlement Agreement (which contains twelve separate bunkerings of various vessels) with Invoice 10039 – an unredacted copy of which was produced for the first time as Exhibit A to the Hennessy Supplemental Declaration dated June 17, 2008 – shows that *not a single vessel listed in Exhibit 1 is claimed by UBS on Invoice 10039*. Simply

put, under the Settlement Agreement UBS told Wilhelmsen that it was claiming for the Wilhelmsen bunkerings under Invoice 10039, and now Wilhelmsen has discovered 9 months later that Invoice 10039 had ***nothing to do with the Wilhelmsen bunkering claims***.

The question that this begs is – if the Wilhelmsen bunkerings were not claimed under Invoice 10039, under what invoice *were* they claimed?  Based on Defendants' refusal to reveal documents that they contractual undertook to produce (those relating to the Government Claims), and their refusal to release any documents regarding the purported "surge claim," the strong suggestion is that Wilhelmsen's bunkering claims were paid by the government in December 2007 when it paid the purported "surge claim."

Furthermore, numbered paragraph 6 of the Settlement Agreement requires UBS to use its "best endeavors" to recover from the government on the Government Claims, which UBS represented were the Wilhelmsen bunkering claims.  If Invoice 10039 does not refer to the Wilhelmsen bunkerings, and if the "surge claim" does not relate to the Wilhelmsen bunkerings, then where is UBS's claim for those bunkerings that it promised to use its "best endeavors" to pursue?

Despite the fact that Defendants have been removed from the government contract, and despite the fact it would be quite easy to produce the proof necessary to dispel Wilhelmsen's claims if they were not valid, Defendants answer none of these questions.  Rather, they choose to use procedural defenses and a self-serving UBS declaration to oppose Wilhelmsen's motion. And they submit documents to the Court for *in camera* review despite the law being well-settled that such behavior is not permitted.  Wilhelmsen respectfully submits that the Court should not countenance Defendants' behavior, but rather should vacate its order of dismissal.

## POINT I

## VACATING THE DISMISSAL ORDER IS WARRANTED

Defendants argue at page 6 of their brief that Wilhelmsen has a heavy burden in seeking to vacate the dismissal order because the "agreed upon settlement" of the dispute. But how could there be a legitimate "agreed upon settlement" where Defendants misrepresented a major element of consideration – that they had a claim pending before the U.S. government for the 12 Wilhelmsen bunkerings, on which Wilhelmsen would first be paid $2.1 million if such claim prevailed? From what Defendants have produced, unless the "surge claim" was the claim for Wilhelmsen's bunkers, there does not appear to have been any claim filed with the government by UBS for the purpose of recovering payments required to be made to Wilhelmsen. This is a grave misrepresentation of consideration in the Settlement Agreement. If Wilhelmsen's position turns out to be correct, Wilhelmsen should have the right to rescind the Settlement Agreement or sue for breach of an executory accord on grounds that Defendants misrepresented material facts in the Settlement Agreement and provided illusory consideration.

While Wilhelmsen referred to Rule 60(b)(6) in its initial brief, it was unaware at that time that Defendants had misrepresented the nature of Invoice 10039 in the Settlement Agreement. This misrepresentation only came to light on a little more than a week ago, when UBS – for the first time – provided an unredacted copy of Invoice 10039 as Exhibit A to the Hennessy Supplemental Declaration. That invoice makes clear that UBS misrepresented in the Settlement Agreement the nature of its claims to the government made under Invoice 10039. This evidence either should be treated as newly discovered evidence under Rule 60(b)(2) or fraud, misrepresentation, or other misconduct of an adverse party under Rule 60(b)(3).

3

### A.    Newly Discovered Evidence

Under Rule 60(b)(2), newly admitted evidence may be admitted in the following circumstances:

> Specifically, in [seeking vacatur on Rule 60(b)(2) grounds], the movant must demonstrate: (1) that the newly discovered evidence was of facts that existed at the time of the prior dispositive proceeding, (2) that the movant was justifiably ignorant of the facts despite due diligence, (3) that the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) that the evidence is not merely cumulative or impeaching.

*Commer v. McEntee*, No. 00 Civ. 7913 (RWS), 2005 WL 1250214, at *2 (S.D.N.Y. May 27, 2005). In *Commer*, the plaintiff was provided an affidavit from one of the defendants admitting the claimed wrongful acts after the court had granted summary judgment in defendants' favor. The plaintiff introduced the affidavit in connection with a Rule 60(b)(2) motion, and the court, finding all the elements were met, granted the motion to vacate the summary judgment.

Here, at the time that Defendants moved for dismissal in January 2008 on grounds that they were entitled to such relief, they claimed that they had provided Wilehelmsen with its bargained for consideration and that this case should be dismissed. As it so happens, on June 17, 2008, a representative of defendant UBS has presented a document which shows that UBS had misrepresented the consideration offered, which entitles Wilhelmsen to rescind the Settlement Agreement or claim for breach of an executory accord. This satisfies element (1).

Next, Wilhelmsen unquestionably was ignorant of the facts because Defendants delayed in producing them and them produced them in redacted form. No amount of due diligence could overcome UBS's obstinate refusal to comply with its obligation to produce the documents, and when Wilhelmsen argued against dismissal on this grounds, it was rejected. Hence, element (2) is satisfied.

The fact that Defendants convinced Wilhelmsen to settle a $2.1 million claim based on a misrepresentation as to what consideration it was receiving in return is extremely important. As discussed above, it appears that Defendants may never have filed claims based on Wilhelmsen's bunkering claims, but convinced Wilhelmsen to compromise a $2.1 million claim based on its misrepresentations, then tried to cover its tracks by seeking to dismiss this case summarily and producing redacted documents to hide any wrongdoing. The misrepresentation of this element of consideration, even if innocent, constitutes a ground to rescind the contract based on a failure of consideration. This certainly would change whether Defendants could dismiss this lawsuit because they had satisfied all of their obligations. Thus, element (3) is satisfied.

It is clear that the evidence regarding the Settlement Agreement is not cumulative or impeaching. No previous indication of this misrepresentation was disclosed, and Defendants attempted to hide their tracks through producing redacted documents. The evidence serves to support a rescission or breach of executory accord defense and/or claim. Accordingly, element (4) is satisfied.

Because all of the elements of the "newly discovered evidence" prong of Rule 60(b) are satisfied, Wilhelmsen is entitled to an order vacating the dismissal entered by this Court against Wilhelmsen in this proceeding.

### B.    Fraud, Misrepresentation or Other Misconduct By the Other Party

Under Rule 60(b)(3), reopening of the underlying matter is most often granted where the fraud, misrepresentation, or other misconduct by the opposing party is not capable of being discovered by the due diligence of a party seeking to vacate the judgment until after the judgment. *See, e.g., In re Lawrence*, 293 F.3d 615, 625-26 (2d Cir. 2002) (vacating judgment

and remanding for Rule 60(b)(3) consideration where sale of stock in bankruptcy court to corporate insiders raised suggestion of fraud or misconduct where stock subsequently quadrupled in value several weeks later after company's release of new invention); *see also Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 324 (2d Cir. 1973) (affirming district court's vacatur of judgment against incorrect defendant and sanctioning proper defendant for frivolous appeal where defendant had obligation of advising court of factual error rather than allowing it to proceed under mistaken assumption).

Here, Defendants approached this Court to dismiss this case in January after they already had been advised by Wilhelmsen that the Initial Payment had not been completed. Nevertheless, even after Defendants' counsel acknowledged having received Wilhelmsen's position – albeit claiming to have received it several hours after it was sent – Defendants never corrected their application to this Court for dismissal. The very next business day, this Court dismissed this case based on Defendants' misrepresentations and/or failure to correct their application. Under *Fluoro Electric Corp.*, this in and of itself is grounds to vacate the dismissal order.

Even more serious is UBS's redaction of its documents and refusal to provide the information that it was contractually obliged to provide, which prevented Wilhelmsen from discovering UBS's fraud, misrepresentation or misconduct until after this Court had issued its dismissal order. The first notice that Wilhelmsen had of the defect in consideration promised under the Settlement Agreement was several days ago. As in *Lawrence*, this affirmative concealment of the facts behind redacted documents – which documents were redacted by *Defendants* – justifies the vacatur of the dismissal order based on Defendants' fraud, misrepresentation or misconduct pursuant to Rule 60(b)(3).

Because the "fraud, misrepresentation, or other misconduct by the opposition" prong of Rule 60(b) is satisfied, Wilhelmsen is entitled to an order vacating the dismissal entered by this Court against Wilhelmsen in this proceeding.

## CONCLUSION

Wilhelmsen, for the reasons set forth above, respectfully renews its request that the Court vacate its order of dismissal so that Wilhelmsen can proceed against Defendants.

Dated: New York, New York
June 26, 2008

HOLLAND & KNIGHT LLP

By:_____
Michael J. Frevola
195 Broadway
New York, New York  10007-3189
Tel:    (212) 513-3200
Fax:    (212) 385-9010

*Attorneys for Plaintiff*
*Wilhelmsen Premier Marine Fuels AS*

# 5434845_v1

7