# BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC

46 TRINITY PLACE
NEW YORK, NEW YORK 10006

Telephone: 212-297-0050
www.bvgklaw.com

Ronald Betancourt
Jeanne-Marie D. Van Hemmen
John Greco
Todd P. Kenyon

*Of Counsel*
Virginia A. Harper

July 7, 2008

**By ECF**
The Honorable Colleen McMahon
United States District Judge
United States District Court Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re: Wilhlemsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., et al
          SDNY Docket No. 07 Civ 5786 (CM)

Your Honor,

    We are attorneys for Defendants herein, UBS Provedores Pty Ltd. and Raecorp International Pty Ltd. We submit this brief sur-reply to Defendants' Reply Memorandum in Further Support of Defendant's Amended Motion to Vacate the Order of Dismissal. We believe a sur-reply is warranted because of Defendant's attempt to change the legal basis for its motion from Rule 60(b)(6) to (b)(3), fraud or misrepresentation, in its Reply Memorandum.

    Wilhelmsen contends they recently learned of an alleged "fraud" by UBS in connection with the Settlement Agreement when UBS submitted an unredacted version of Invoice 10039 in their opposition papers. Wilhelmsen contends they now know Invoice 10039 relates to bunkerings different from those listed in Exhibit 1 to the Settlement Agreement, presumably because they now can see the Item Code and Description, which sets forth the name of four vessels different from the name of vessels on Exhibit 1 to the Settlement Agreement.

The version of Invoice 10039 that UBS gave Wilhelmsen in January 2008, however, included the Item Code and Description. See Exhibit 5 to the Usher Affidavit, p. 23, submitted in Support of Wilhelmsen's Amended Motion. WIlhelmsen had access to this allegedly "new" information all along. The only redaction to Invoice 10039 was its amount. Accordingly, there was no "new" information relevant to Wilhelmsen's newly alleged legal basis for vacating the January 14, 2008 Dismissal Order contained in UBS' opposition papers to Wilhelmsen's motion. The Court should deny Wilhelmsen's motion for failure to raise this newly alleged legal basis in their initial moving papers.

Respectfully Submitted

Betancourt, Van Hemmen, Greco & Kenyon LLP

Jeanne-Marie Van Hemmen