USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-16-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------

**MEMO ENDORSED**

WILHELMSEN PREMIER MARINE
FUELS AS,                                    07 Civ. 5798 (CM)(HBP)

            Plaintiff,          REPORT AND
                    RECOMMENDATION

    -against-

UBS PROVEDORES PTY LTD. and
RAECORP INTERNATIONAL PTY LTD.,

           Defendants.
-----------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/09

PITMAN, United States Magistrate Judge:

      TO THE HONORABLE COLLEEN MCMAHON, United States
District Judge,

I.   Introduction

      Plaintiff moves for an Order pursuant to Rule 60(b) of
the Federal Rules of Civil Procedure vacating that portion of
Your Honor's January 14, 2008 Order that dismissed this action
with prejudice.  For the reasons set forth below, I respectfully
recommend that plaintiff's motion be denied.

II.   Facts

      Plaintiff Wilhelmsen Premier Marine Fuels AS
("Wilhelmsen") is a Norwegian business entity (Undated Settlement
Agreement & Release ("Settlement"), annexed as Ex. 1 to the

Certification of Jeanne-Marie Van Hemmen, Esq., in Opposition to Plaintiff's Motion to Vacate the Dismissal Order, dated Feb. 1, 2008 ("Van Hemmen Feb. '08 Cert."), at 1).  Wilhelmsen acts as both a broker and a supplier of fuel oil to seagoing vessels on a worldwide basis.  Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 519 F. Supp.2d 399, 402 (S.D.N.Y. 2007).  Defendants UBS Provedores Pty Ltd. ("UBS") and RaeCorp International Pty Ltd. ("RaeCorp") are Australian business entities, both with a principal place of business in Australia (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 1).  UBS is in the business of providing supplies to military services (Declaration of William Rae, dated Sept. 13, 2007 ("Rae Decl."), annexed as Ex. 1 to the Certification of Jeanne-Marie Van Hemmen, Esq., in Support of Motion to Amend Pursuant to Rule 52(b), dated Oct. 8, 2007 ("Van Hemmen Oct. '07 Cert."), ¶ 2).

On ten occasions between January and May 2007, the United States government asked UBS to supply fuel oil to United States-owned vessels docked in Japanese ports (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 1 & Ex. 1).  Since UBS had no pre-existing arrangements with fuel oil suppliers in those ports, UBS entered into sub-contracts under which Wilhelmsen was responsible for ensuring that a local supplier delivered fuel oil to the vessels (the "Bunkering Agreements") (Declaration of Hans M. Borge, dated Sept. 20, 2007 (Docket Item

20) ¶¶ 3, 7); Transcript of Hearing Before Your Honor on Sept. 24, 2007 ("Tr."), annexed as Ex. 3 to Van Hemmen Oct. '07 Cert., at 3). Wilhelmsen alleges that UBS failed to pay Wilhelmsen for some of the fuel oil delivered under the Bunkering Agreements (Complaint ("Compl.") ¶ 6).

On June 19, 2007, Wilhelmsen filed a complaint in this Court, seeking a writ of maritime attachment directed at several bank accounts that UBS maintained within this district (Compl. ¶¶ 10-11 & page 4). Wilhelmsen later amended the complaint to add RaeCorp as a defendant, alleging that Raecorp was an alter ego or successor of UBS, and seeking a writ of attachment directed at bank accounts in RaeCorp's name (Amended Verified Complaint at 1 & ¶¶ 11-17).

On June 28, 2007, Your Honor ordered the Clerk to issue a writ of attachment directed at UBS's accounts (Docket Item 8). On August 27, 2007, Your Honor amended the Order to include bank accounts in RaeCorp's name (Docket Item 14). On September 17, 2007, UBS and RaeCorp filed a motion to vacate both the attachment orders, which Your Honor denied on October 1, 2007 (Docket Items 17, 25). On or about October 4, 2007, Wilhelmsen served a demand on UBS and RaeCorp to arbitrate its claims for payments before the London Court of International Arbitration (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 2).

3

On or about October 22, 2007, Wilhelmsen, UBS and RaeCorp settled their dispute (Van Hemmen Feb. '08 Cert. ¶ 3). The settlement agreement (the "Settlement") provided that UBS would pay Wilhelmsen an initial amount equal to the funds attached pursuant to the attachment orders, followed by a second payment of a specified amount by a specified date (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 3-4). In addition, the Settlement provided that UBS would make a third payment of a specified amount, which was contingent on the United States paying UBS for an identified claim (the "Government Claim") (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 4). The Settlement also provided that UBS would "use its best endeavors to recover from the U.S. government on the Government Claim[] and will provide to Wilhelmsen . . . a full record of its correspondence with the U.S. government concerning the Government Claim[]" (Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 4).

The Settlement further provided that, "[u]pon receipt of both the Initial Payment and the Second Payment by Wilhelmsen," Wilhelmsen and UBS (together with RaeCorp) would each "release and forever discharge" the other from "all claims, causes of action, suits, debts, liens, contracts, [etc.] . . . . Provided, however, that the foregoing release does not apply to any breach of, or claim arising out of, this Agreement" (Settle-

4

ment, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 5-6).
The Settlement also provided for this action to be dismissed with
prejudice as follows:  "Within three (3) business days of
Wilhelmsen's receipt of the Second Payment, Wilhelmsen will
submit an order in [this action] to withdraw and dismiss, with
prejudice [this action] (and to vacate the orders of attachment
and writs of attachment issued in [this action]) as well as its
London Arbitration demand . . ." (Settlement, annexed as Ex. 1 to
Van Hemmen Feb. '08 Cert., at 4).

On the same day that the parties entered into the
Settlement, Your Honor signed the parties' Consent Order direct-
ing that the attached funds comprising the initial payment be
transferred to a designated account belonging to Wilhelmsen
(Consent Order, dated Oct. 22, 2008 (Docket Item 29)).  All of
the funds were transferred as ordered, save for one bank account,
the proceeds of which never reached Wilhelmsen's account because
the garnishee bank allegedly erroneously and prematurely released
the funds (Affidavit of Michael J. Frevola, Esq., in Support of
Plaintiff's Motion to Vacate Dismissal Order, sworn to Jan. 25,
2008 ("Frevola Aff."), annexed as Ex. 16 to Affidavit of Michael
J. Frevola, Esq., in Support of Plaintiff's Amended Motion to
Vacate Dismissal Order, sworn to May 20, 2008 ("Amended Frevola
Aff."), ¶¶ 19, 28, 30).  On December 7, 2007, UBS wired the
second payment to Wilhelmsen (Declaration of Rose Hennessy, dated

Feb. 1, 2008, ¶ 6 & Ex. A). On January 14, 2008, Your Honor entered an Order vacating the attachment orders, dismissing the case with prejudice (the "Dismissal Order"), and stating, in pertinent part:

> WHEREAS, the Plaintiff and Defendants entered into a settlement agreement which fully and finally resolves Plaintiff's claims against the Defendants ("Settlement Agreement"); and
>
> WHEREAS, pursuant to the Settlement Agreement, Plaintiff is obligated to have the Attachment Orders vacated and this lawsuit dismissed with prejudice and without costs to any party;
>
> NOW THEREFORE, IT IS
>
> ORDERED, that the Attachment Orders are hereby vacated; and
>
> ORDERED, that any funds attached pursuant to the Attachment Orders are to be released by garnishees immediately and wired in accordance with their original wire transfer instructions; and
>
> It is further
>
> ORDERED, that this action is hereby dismissed with prejudice and without costs to any party

(Order, dated Jan. 14, 2008 (Docket Item 31)). The Dismissal Order did not provide that this Court would retain jurisdiction over disputes relating to the Dismissal Order or the Settlement (Order, dated Jan. 14, 2008 (Docket Item 31)).

On January 25, 2008, Wilhelmsen moved to vacate the Dismissal Order, claiming it had not received the full amount of the initial payment from UBS (Memorandum in Support of Plaintiff's Motion to Vacate the Court's Order of Dismissal, dated

6

Jan. 25, 2008 (Docket Item 34)). Wilhelmsen later withdrew this
motion (Endorsed Letter from Michael J. Frevola, Esq., counsel
for Wilhelmsen, to Your Honor, dated Sept. 8, 2008 (Docket Item
51)). On May 20, 2008, Wilhelmsen filed the present amended
motion, requesting that "the Court vacate its order of dismissal
so that Wilhelmsen can enforce its remedies for UBS' failure to
pay the full amount due under the Settlement Agreement" (Memoran-
dum in Support of Plaintiff's Amended Motion to Vacate the
Court's Order of Dismissal, dated May 20, 2008 ("Pl.'s Mem.")
14).

III.  Analysis

Although neither party has addressed the issue of this
Court's subject matter jurisdiction over Wilhelmsen's motion, I
examine that issue sua sponte. It is a federal district court's
duty to examine whether a dispute falls within its statuorily
authorized subject matter jurisdiction. Louisville & Nashville
R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("Neither party has
questioned [the circuit court's] jurisdiction, but it is the duty
of this court to see to it that the jurisdiction of the circuit
court, which is defined and limited by statute, is not
exceeded."); Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379,
382 (1884) ("The rule . . . requires this court, of its own
motion, to deny its own jurisdiction, and . . . that of all other

courts of the United States, in all cases where such jurisdiction
does not affirmatively appear in the record . . . ."); <u>United
Republic Ins. Co. v. Chase Manhattan United Republic Ins. Co.</u>,
315 F.3d 168, 170-71 (2d Cir. 2003) ("We have . . . urged counsel
and district courts to treat subject matter jurisdiction as a
threshold issue for resolution . . . .").

     "A plaintiff has the burden of showing by a preponder-
ance of the evidence that subject matter jurisdiction exists."
<u>Lunney v. United States</u>, 319 F.3d 550, 554 (2d Cir. 2003); <u>see
also</u> Fed.R.Civ.P. 8(a)(1).  A defect in the court's subject
matter jurisdiction is not waivable, and "'[i]f subject matter
jurisdiction is lacking, the action must be dismissed.'"  <u>Oscar
Gruss & Son, Inc. v. Hollander</u>, 337 F.3d 186, 193 (2d Cir. 2003),
quoting <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d
697, 700-01 (2d Cir. 2000).

     Although Wilhelmsen describes UBS's actions as "mate-
rial breaches . . . by which UBS has repudiated the Settlement
Agreement" (Pl.'s Mem. 13), it does not appear that Wilhelmsen is
seeking to rescind the Settlement and reopen the underlying
action.  Rescission of the Settlement would require Wilhelmsen to
return the funds it received as a result of the Settlement, <u>see</u>
<u>Raymond Weil, S.A. v. Theron</u>, 07 Civ. 1786 (CM), 2008 WL 4450267
at *13 (S.D.N.Y. Sept. 30, 2008), but Wilhelmsen does not discuss
that eventuality, and I cannot believe this is what Wilhelmsen

desires.   In addition, Wilhelmsen did not seek to enforce the

Bunkering Agreements in the underlying action; Wilhelmsen ac-

tively sought to have that dispute arbitrated before the London

Court of International Arbitration (Settlement, annexed as Ex. 1

to Van Hemmen Feb. '08 Cert., at 2; Compl. ¶ 7; Tr., annexed as

Ex. 3 to Van Hemmen Oct. '07 Cert., at 36).   Since the primary

purpose of the underlying action was to obtain the orders of

attachment, it would serve no logical purpose for Wilhelmsen to

ask the Court to reopen that action without also asking the Court

to reinstate the orders of attachment or grant Wilhelmsen leave

to amend its complaint to state a new claim.

        Rather than repudiating the Settlement, what Wilhelmsen

appears to be seeking is to enforce the Settlement's terms.[1]

Wilhelmsen argues that UBS breached the Settlement because (1)

the United States paid UBS in connection with the Government

Claim, but UBS nevertheless failed to make the third contingent

---

[1]Wilhelmsen also resurrects the argument, which it made in
its initial motion to vacate the Dismissal Order, that UBS failed
to satisfy a condition precedent to dismissal of this action
because some of the attached funds that were part of the initial
payment did not reach Wilhelmsen (Pl.'s Mem. 1, 11; Amended
Frevola Aff. ¶ 3; Frevola Aff., annexed as Ex. 16 to Amended
Frevola Aff., ¶¶ 28, 30).   That argument does not alter my
conclusion that Wilhelmsen is seeking to enforce the terms of the
Settlement.   Although Wilhelmsen might have a colorable argument
that Your Honor would have ancillary jurisdiction on the issue
whether the garnishee banks complied with Your Honor's attachment
orders and Consent Order, Wilhelmsen does not seek relief limited
to that issue.   Instead, Wilhelmsen seeks to vacate Your Honor's
order of dismissal, and makes no mention of enforcing Your
Honor's attachment orders and Consent Order.

9

payment, and (2) UBS failed to "provide to Wilhelmsen all corre-
spondence with the U.S. [g]overnment concerning the Government
Claim[]" (Pl.'s Mem. 8-11).  UBS responds that (1) the United
States has not paid UBS in connection with the Government Claim,
and (2) UBS has provided to Wilhelmsen all correspondence with
the United States concerning the Government Claim (Defs.' Mem. 8-
9; Supplemental Declaration of Rose Hennessy in Further Opposi-
tion to Plaintiff's Motion to Vacate Dismissal Order, dated June
17, 2008, ¶ 5).  Wilhelmsen now requests that the Court vacate
the Dismissal Order so that Wilhelmsen may "enforce its remedies
for UBS' failure to pay the full amount due under the Settlement
Agreement" (Pl.'s Mem. 14).  This statment clearly demonstrates
that Wilhelmsen is really seeking to enforce the Settlement, not
reopen the underlying action.

It is well-established that "[e]nforcement of a settle-
ment agreement, . . . whether through award of damages or decree
of specific performance, is more than just a continuation or
renewal of the dismissed suit, and hence requires its own basis
for jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375, 378 (1994); Roberson v. Giuliani, 346 F.3d 75, 80
(2d Cir. 2003); accord Scelsa v. City Univ. of New York, 76 F.3d
37, 40 (2d Cir. 1996).  As explained in Murphy v. First Reliance
Standard Life Insurance Co., 00-CV-6647 (DRH)(WDW), 2008 WL
1787672 at *1-*2 (E.D.N.Y. Apr. 17, 2008):

10

In <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994), the Supreme Court held that a district court that entered a stipulation and order of dismissal after the parties settled a breach of contract action did not have the authority to enforce the terms of the settlement agreement under [the] doctrine of ancillary jurisdiction where the court's order "did not so much as refer to the settlement agreement." <u>Id</u>. at 377; <u>see also id</u>. at 381-82. Finding that a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order," <u>id</u>. at 381, the Court held that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." <u>Id</u>. at 382.

Here, the parties' settlement agreement was not incorporated into the Court's Order dismissing the case. In fact, it was never submitted to the Court. Accordingly, under <u>Kokkonen</u>, the Court lacks ancillary jurisdiction to hear the settlement dispute. <u>See</u> <u>Buckhannon Bd. and Care Home Inc. v. West Va. Dep't of Health and Human Resources</u>, 532 U.S. 598, 604 n.7 (2001) ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.").

<u>Accord</u> <u>Diaz v. Loews New York Hotel</u>, 97 Civ. 2731 (SAS), 1998 WL 326736 at *1 (S.D.N.Y. June 18, 1998).

The Dismissal Order did not state that the Court would retain jurisdiction over the action in the event that the Settlement was breached, nor does it order defendants to comply with the terms of the Settlement. Pursuant to the Dismissal Order, the action was "dismissed with prejudice," without qualification (Order, dated Jan. 14, 2008 (Docket Item 31). The Dismissal Order was an entirely separate document from the Settlement. The

11

Dismissal Order's only mention of the Settlement was the follow-
ing recitation:   "WHEREAS, pursuant to the Settlement Agreement,
Plaintiff is obligated to have the Attachment Orders vacated and
this lawsuit dismissed with prejudice and without costs to any
party" (Order, dated Jan. 14, 2008).   Thus, the Dismissal Order
did not incorporate the terms of the Settlement by reference or
otherwise make further compliance with the Settlement a condition
precedent to the Court's complete dismissal of the action.

        Moreover, Wilhelmsen has not borne its burden of
proving that there is an independent basis for the Court's
jurisdiction.   In particular, Wilhelmsen's motion does not fall
within the Court's admiralty jurisdiction under 28 U.S.C. § 1333,
its alienage jurisdiction under 28 U.S.C. § 1332, or its federal
question jurisdiction under 28 U.S.C. § 1331.[2]

A.   Admiralty Jurisdiction

        First, Wilhelmsen's motion does not fall within the
Court's admiralty jurisdiction because the Settlement that
Wilhelmsen seeks to enforce was a contract that did not "have
reference to maritime service or maritime transactions."

_____

    [2]Even if this Court had jurisdiction to consider plaintiff's
Rule 60(b)(6) motion on the merits, the Circuits are split on the
issue whether breach of a settlement agreement provides a basis
for vacating an order of dismissal.   See Ford Motor Co. v.
Mustangs Unlimited, Inc., 487 F.3d 465, 469 & n.1 (6th Cir. 2007)
(diuscussing the conflicting views).

12

> Defining whether a contract is subject to admiralty
> jurisdiction requires a conceptual approach rather than
> a spatial approach. <u>Norfolk S. Ry. Co. v. Kirby</u>, 543
> U.S. 14, 24 (2004) (citation omitted); <u>accord</u>
> <u>Folksamerica Reins. Co. v. Clean Water of N.Y., Inc.</u>,
> 413 F.3d 307, 311 (2d Cir. 2005). As facts vary case
> by case, great importance is placed in resolving this
> jurisdictional question on how such contracts have been
> treated in the past. <u>Folksamerica</u>, 413 F.3d at 311
> (noting the Supreme Court's "instruct[ion] that
> '[p]recedent and usage are helpful insofar as they
> exclude or include certain common types of contract'"
> (quoting <u>Kossick v. United Fruit Co.</u>, 365 U.S. 731, 735
> (1961)).

<u>Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.</u>,

<u>supra</u>, 519 F. Supp.2d at 404. In analyzing whether a contract is

within the courts' admiralty jurisdiction under 28 U.S.C. § 1333

and under the Constitution, courts are required to inquire

whether the contract is maritime in "nature and character," i.e.,

whether it "ha[s] reference to maritime service or maritime

transactions." <u>Norfolk S. Ry. Co. v. Kirby</u>, 543 U.S. 14, 24

(2004).

Here, the Settlement is a contract that reflects

Wilhelmsen's promise to release all claims against UBS and

RaeCorp other than claims arising out of the Settlement in

exchange for UBS's promises to pay Wilhelmsen money, to use its

best endeavors to secure payment of the Government Claim, and to

report various information concerning that Claim to Wilhelmsen

(Settlement, annexed as Ex. 1 to Van Hemmen Feb. '08 Cert., at 3-

6). Since the nature and character of the parties' exchange of

promises does not have reference to any maritime activity or

13

services, the Settlement is not a maritime contract subject to admiralty jurisdiction, notwithstanding that the underlying dispute related to maritime commerce.  <u>Westvaco Worldwide Corp. v. M/V Niger Basin</u>, 88 Civ. 621, 1989 WL 51714 at *4 (E.D.Pa. May 11, 1989) (action for breach of settlement agreement was not within admiralty jurisdiction despite fact that underlying claim was within federal admiralty jurisdiction); <u>see</u> <u>also</u> <u>Mulvaney v. Dalzell Towing Co.</u>, 90 F. Supp. 259, 260 (S.D.N.Y. 1950) ("[A]n action for breach of contract to compromise and settle . . . is not within the admiralty jurisdiction.").

## B.  Alienage Jurisdiction

Second, Wilhelmsen's action does not fall within the Court's alienage jurisdiction because all of the parties are citizens of foreign states.  Alienage jurisdiction under 28 U.S.C. § 1332(a)(2) does not extend to disputes exclusively between citizens of foreign states.  <u>Joseph Muller Corp. v. Societe Anonyme de Gerance et d'Armement</u>, 451 F.2d 727, 729 (2d Cir. 1971).  Indeed, the Supreme Court has held that it would be unconstitutional for Congress to extend the federal courts' jurisdiction to such disputes.  <u>Jackson v. Twentyman</u>, 27 U.S. (2 Pet.) 136, 136 (1829).  Here, the Settlement signed by all of the parties recites that Wilhelmsen is a Norwegian entity and that UBS and RaeCorp are Australian entities.  Wilhelmsen does not

14

even argue that any of the parties is a citizen of a State. Thus, Wilhelmsen has not borne its burden to prove the existence of alienage jurisdiction. Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 106-07 (S.D.N.Y. 1976) (alienage jurisdiction did not exist where there was foreign corporation on each side of dispute, despite fact that one foreign corporation was also citizen of Delaware for purposes of jurisdiction pursuant to 28 U.S.C. § 1332(c)(1)).

## C.   Federal Question Jurisdiction

Third, Wilhelmsen's motion does not fall within federal question jurisdiction because Wilhelmsen requests that the Court enforce the terms of the Settlement, a claim that does not "arise[] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Settlement agreements are contracts and must therefore be construed according to general principles of contract law." Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004), quoting Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999); see also Downes v. O'Connell, 103 F. Supp.2d 579, 582 (E.D.N.Y. 2000); Willgerodt v. Hohri, 953 F.Supp. 557, 561 (S.D.N.Y. 1997). The issue of whether defendants have performed their obligations under the settlement is simpy not a federal claim. See Verizon New York Inc. v. Choice One Commc'ns of New York, Inc., 499 F. Supp.2d 326, 338 (S.D.N.Y.

15

2007) ("[R]un-of-the-mill contract claims -- say, a dispute over performance or price" -- are not "subject to section 1331 jurisdiction.").

D.  Summary

Wilhelmsen does not seek to rescind the Settlement and return to the position it occupied prior to entering the Settlement and to litigate its claims for breach of the Bunkering Agreements.  Rather, Wilhelmsen seeks to keep the money that UBS has already paid under the Settlement, and recover damages for UBS's alleged breaches of the Settlement.  This Court lacks jurisdiction over Wilhelmsen's claims under Kokkonen because the Dismissal Order did not state that the Court would retain jurisdiction over the action in the event that the Settlement was breached, nor did it order defendants to comply with the terms of the Settlement.  Moreover, Wilhelmsen has failed to bear its burden to prove that there is an independent basis for the Court's jurisdiction.  Thus, this Court lacks subject matter jurisdiction to grant Wilhelmsen any relief.

IV.  Conclusion

Accordingly, for all of the foregoing reasons, I respectfully recommend that that plaintiff's motion to vacate the

16

portion of Your Honor's January 14, 2008 Order that dismissed
this action with prejudice be denied.

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have ten
(10) days from the date of this Report to file written objec-
tions.  See also Fed.R.Civ.P. 6(a) and 6(e).  Such objections
(and responses thereto) shall be filed with the Clerk of the
Court, with courtesy copies delivered to the chambers of the
Honorable Colleen McMahon, United States District Judge, 500
Pearl Street, Room 640, New York, New York 10007, and to the
chambers of the undersigned, 500 Pearl Street, Room 750, New
York, New York 10007.  Any requests for an extension of time for
filing objections must be directed to Judge McMahon.  FAILURE TO
OBJECT WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS
AND WILL PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140
(1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.
1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054
(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        December 16, 2008

                                    Respectfully submitted,


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge


Copies transmitted to:

William J. Honan, Esq.
Miachael J. Frevola, Esq.
Holland & Knight LLP
195 Broadway
New York, New York  10007

Jeanne-Marie Van Hemmen, Esq.
Betancourt, Van Hemmen, Greco & Kenyon
46 Trinity Place
New York, New York  10006